# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ROUGE STEEL INDUSTRIES, INC., et al., | : | Case No. 03-13272 |
| | : | |
| | : | |
| ROUGE STEEL COMPANY, | : | |
| | : | |
|     Appellant (Plaintiff-Below), | : | |
| | : | Civ. Act. No. 1:06-cv-250 (MPT) |
| v. | : | |
| | : | |
| OMNISOURCE CORPORATION – FORT WAYNE BROK, | : | |
| | : | |
|     Appellee (Defendant-Below). | : | |
| | : | |

## APPENDIX
## TO OPENING BRIEF IN SUPPORT OF ROUGE STEEL COMPANY'S APPEAL

**LANDIS RATH & COBB LLP**
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Special Counsel to the Debtor
Rouge Steel Company

Dated: March 9, 2007

528.001-15793

**APPENDIX**

**TAB**

September 21, 2004 Letter Regarding $3 Million in Transfers ......................................................A

September 21, 2004 Letter Regarding $70,000 in Transfers ........................................................B

October 13, 2004 Letter from OmniSource .................................................................................C

November 19, 2004 Letter from Rouge to Brok..........................................................................D

November 19, 2004 Letter from Rouge to FT Wayne..................................................................E

Complaint......................................................................................................................................F

Docket Listing $3 Million Demand ...........................................................................................G

Answer to Complaint ..................................................................................................................H

Motion to Amend...........................................................................................................................I

Proposed Amended Complaint .....................................................................................................J

Response Brief to Motion to Amend ..........................................................................................K

Reply Brief to Motion to Amend ................................................................................................L

Memorandum and Order Denying Motion to Amend ...............................................................M

# EXHIBIT A



**ROUGE STEEL COMPANY**

3001 Miller Road
P.O. Box 1699
Dearborn, Michigan 48121-1699

September 21, 2004

## CONFIDENTIAL SETTLEMENT COMMUNICATION
## SUBJECT TO F.R.E 408

**BY FIRST CLASS MAIL**

OMNISOURCE CORPORATION - FORT WAYNE BROK
1610 N. CALHOUN
FORT WAYNE, IN  46808

Re:    *In re Rouge Industries, Inc., et al.*, Del. Bankr., Case No. 03-13272

Dear Sir/Madam:

As you may be aware, on October 23, 2003 (the "Petition Date"), Rouge Industries, Inc. and certain of its affiliated debtors (collectively the "Debtors") each filed for bankruptcy protection under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order of the Bankruptcy Court dated April 12, 2004, I was appointed Chief Restructuring Officer for the Debtors responsible for, among other things, the orderly wind-down of the Debtors' estates.

Sections 547 and 550 of the Bankruptcy Code empower the Debtors to avoid and recover certain transfers of money and other property made during the ninety (90) days immediately preceding the Debtors' bankruptcy filings. Here, the Debtors' records reflect that they made payments to OMNISOURCE CORPORATION - FORT WAYNE BROK totaling $2,903,343.83 during the ninety days preceding the Petition Date (the "Preference Period"), that we believe are subject to avoidance and recovery by the Debtors' estates. After reviewing those transfers and giving full credit for the apparent new value provided to the Debtors by OMNISOURCE CORPORATION - FORT WAYNE BROK during the Preference Period, we believe that the Debtors are entitled to avoid and recover at least $2,599,785.13 under sections 547 and 550 of the Bankruptcy Code.

A-1

September 21, 2004
Page 2

      Notwithstanding these facts, in the interest of resolving this matter quickly and at a minimum of expense, the Debtors are prepared to settle this matter for a payment by OMNISOURCE CORPORATION - FORT WAYNE BROK of $2,079,828.10, subject to the approval of the Bankruptcy Court. In order to take advantage of this offer, please sign and return the enclosed settlement agreement to the address listed below on or before October 11, 2004. Any and all other responses should also be forwarded to the following address:

      FTI Consulting
      c/o Aaron Marbury
      333 West Wacker Drive, Suite 600
      Chicago, IL 60606
      312-252-9355

      If we do not receive a response within the designated period, we will have no choice but to refer this matter to our counsel for possible legal action. In the event that litigation is necessary to recover the voidable transfers made to you, the Debtors will also seek to recover interest and costs as permitted by law.

      We hope that you choose to take advantage of the settlement offer being made herein to avoid the potentially costly and adverse consequences of litigation and encourage you to give this matter your early attention. To the extent that this matter is being handled by counsel or someone else within your organization, I would ask that you promptly forward it to the appropriate party for response.

      This letter is submitted for the purpose of settlement pursuant to Rule 408 of the Federal Rules of Evidence and other applicable law, without admission of any fact or liability, and without waiver of any right or claim to assert a different or modified position than embodied herein. All settlements may be subject to approval by the Bankruptcy Court.

      I look forward to hearing from you.

                  Sincerely yours,

                  Steven L. Victor

cc:    Donna L. Culver, Esquire

A-2

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter, the "Settlement Agreement"), effective upon execution by all parties hereto, is made and entered into by and between Rouge Industries, Inc. ("Rouge"), and OMNISOURCE CORPORATION - FORT WAYNE BROK ("Settling Creditor").

WHEREAS, on October 23, 2003 (the "Petition Date"), Rouge Industries, Inc. and its affiliated debtors (collectively the "Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby becoming debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

WHEREAS, the Debtors have alleged that within ninety days of the Petition Date, one or more of the Debtors made certain transfers to OMNISOURCE CORPORATION - FORT WAYNE BROK in the amount of $2,903,343.83 which are avoidable and recoverable under 11 U.S.C. §§ 547 and 550 (the "Preference Claim"); and

WHEREAS, in order to avoid the cost and risk associated with litigating the Preference Claim, Rouge and the Settling Creditor have agreed to compromise and settle fully and finally the Preference Claim for the mutual promises and undertakings set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged;

NOW, THEREFORE, Rouge and the Settling Creditor agree as follows:

1.    Within ten (10) business days following the entry by the Court of an order approving this Agreement, the Settling Creditor shall pay to the Debtors the sum of $2,079,828.10 (the "Settlement Amount") by check made payable to Rouge Steel Company and delivered to:

> FTI Consulting
> c/o Aaron Marbury
> 333 West Wacker Drive
> Suite 600
> Chicago, IL 60606
> 312-252-9355

2.    Promptly upon receipt by the Debtors of the full Settlement Amount in accordance with the terms hereof, the Preference Claim will be deemed to have been fully and completely satisfied. For purposes of this paragraph and paragraph 4 below, the Settlement Amount shall not be deemed to have been received by the Debtors until such time as it is finally honored by the banking institution on which it is drawn.

3.    Upon execution of this Settlement Agreement by the Debtors and the Settling Creditor, the Settling Creditor by and on behalf of itself, its agents employees, attorneys, officers and directors hereby releases and discharges the Debtors and their respective agents, employees, attorneys, officers and directors (in their capacities as representatives of the Debtors) from any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable (hereinafter "claims"), which the Settling Creditor now has or hereafter may have against the Debtors arising from or related to the Preference Claim.

- 2 -

A-4

4.      Upon receipt of the full Settlement Amount, the Debtors, by and on behalf of themselves and their agents, employees, attorneys, officers and directors hereby releases and discharges Settling Creditor and its respective agents, employees, attorneys, officers and directors (in their capacities as representatives of the Settling Creditor) from any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable (hereinafter "claims"), which the Debtors now have or hereafter may have against Settling Creditor arising from or related to the Preference Claim.

5.      This Settlement Agreement shall be binding upon and inure to the benefit of the Debtors and their estates, the Settling Creditor, and each of their respective agents, employees, representatives, officers, attorneys, shareholders, directors, parent and/or subsidiary corporations, affiliates, assigns, successors and predecessors in interest.

6.      Should any action, suit or proceeding be commenced by either party to this Settlement Agreement to enforce any provision hereof, the prevailing party shall be entitled to recover from the other party, in addition to obtaining other relief, reasonable attorneys' fees and costs and expenses incurred in said action, suit or proceeding, including any appeal.

7.      Each party represents and warrants that no promise, inducement, or agreement not expressed herein has been made to such party in connection with this Settlement Agreement, and that this Settlement Agreement constitutes the entire agreement between the parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof.

- 3 -

A-5

8.      It is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by authorized representatives of each of the parties hereto.

9.      Each party acknowledges that the consideration referred to and the other terms of this Settlement Agreement do not constitute an admission or concession of liability or of any fact.

10.     This Settlement Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each party warrants that such party has been represented and advised by counsel or has had full opportunity to be represented and advised by counsel with respect to this Settlement Agreement and all matters covered by it.

11.     Each party agrees to be responsible for and to bear its own costs, expenses and attorneys' fees incurred in connection with the Preference Claim and not to seek from each other reimbursement of any such costs, expenses or attorneys' fees.

12.     This Settlement Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws jurisprudence of the State of Delaware. Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the United States Bankruptcy Court for the District of Delaware.

13.     This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same document.

- 4 -

A-6

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have

caused the Settlement Agreement to be duly executed as set forth below:

Rouge Industries, Inc.

By: _____
          Steven Victor

Date: _____     Title: Chief Restructuring Officer

OMNISOURCE CORPORATION - FORT
WAYNE BROK

By: _____

Date: _____     Title: _____

- 5 -

A-7

# EXHIBIT B


**ROUGE STEEL COMPANY**

3001 Miller Road
P.O. Box 1699
Dearborn, Michigan 48121-1699

September 21, 2004

**CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO F.R.E 408**

<u>BY FIRST CLASS MAIL</u>

OMNISOURCE CORPORATION - FORT WAYNE BROK - Attn John Marynowski
1610 N. CALHOUN
FORT WAYNE, IN 46808

      Re:    *In re Rouge Industries, Inc., et al.*, Del. Bankr., Case No. 03-13272

Dear Sir/Madam:

      As you may be aware, on October 23, 2003 (the "Petition Date"), Rouge Industries, Inc. and certain of its affiliated debtors (collectively the "Debtors") each filed for bankruptcy protection under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). By order of the Bankruptcy Court dated April 12, 2004, I was appointed Chief Restructuring Officer for the Debtors responsible for, among other things, the orderly wind-down of the Debtors' estates.

      Sections 547 and 550 of the Bankruptcy Code empower the Debtors to avoid and recover certain transfers of money and other property made during the ninety (90) days immediately preceding the Debtors' bankruptcy filings. Here, the Debtors' records reflect that they made payments to OMNISOURCE CORPORATION - FORT WAYNE BROK - Attn John Marynowski totaling $70,240.94 during the ninety days preceding the Petition Date (the "Preference Period"), that we believe are subject to avoidance and recovery by the Debtors' estates. After reviewing those transfers and giving full credit for the apparent new value provided to the Debtors by OMNISOURCE CORPORATION - FORT WAYNE BROK - Attn John Marynowski during the Preference Period, we believe that the Debtors are entitled to avoid and recover at least $37,642.36 under sections 547 and 550 of the Bankruptcy Code.

A-8

September 21, 2004
Page 2


Notwithstanding these facts, in the interest of resolving this matter quickly and at a minimum of expense, the Debtors are prepared to settle this matter for a payment by OMNISOURCE CORPORATION - FORT WAYNE BROK - Attn John Marynowski of $30,113.89, subject to the approval of the Bankruptcy Court. In order to take advantage of this offer, please sign and return the enclosed settlement agreement to the address listed below on or before October 11, 2004. Any and all other responses should also be forwarded to the following address:

> FTI Consulting
> c/o Aaron Marbury
> 333 West Wacker Drive, Suite 600
> Chicago, IL 60606
> 312-252-9355

If we do not receive a response within the designated period, we will have no choice but to refer this matter to our counsel for possible legal action. In the event that litigation is necessary to recover the voidable transfers made to you, the Debtors will also seek to recover interest and costs as permitted by law.

We hope that you choose to take advantage of the settlement offer being made herein to avoid the potentially costly and adverse consequences of litigation and encourage you to give this matter your early attention. To the extent that this matter is being handled by counsel or someone else within your organization, I would ask that you promptly forward it to the appropriate party for response.

This letter is submitted for the purpose of settlement pursuant to Rule 408 of the Federal Rules of Evidence and other applicable law, without admission of any fact or liability, and without waiver of any right or claim to assert a different or modified position than embodied herein. All settlements may be subject to approval by the Bankruptcy Court.

I look forward to hearing from you.

Sincerely yours,

Steven L. Victor

cc:    Donna L. Culver, Esquire

A-9

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter, the "Settlement Agreement"), effective upon execution by all parties hereto, is made and entered into by and between Rouge Industries, Inc. ("Rouge"), and OMNISOURCE CORPORATION - FORT WAYNE BROK - Attn John Marynowski ("Settling Creditor").

WHEREAS, on October 23, 2003 (the "Petition Date"), Rouge Industries, Inc. and its affiliated debtors (collectively the "Debtors") commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby becoming debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

WHEREAS, the Debtors have alleged that within ninety days of the Petition Date, one or more of the Debtors made certain transfers to OMNISOURCE CORPORATION - FORT WAYNE BROK - Attn John Marynowski in the amount of $70,240.94 which are avoidable and recoverable under 11 U.S.C. §§ 547 and 550 (the "Preference Claim"); and

WHEREAS, in order to avoid the cost and risk associated with litigating the Preference Claim, Rouge and the Settling Creditor have agreed to compromise and settle fully and finally the Preference Claim for the mutual promises and undertakings set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged;

NOW, THEREFORE, Rouge and the Settling Creditor agree as follows:

1.    Within ten (10) business days following the entry by the Court of an order approving this Agreement, the Settling Creditor shall pay to the Debtors the sum of $30,113.89 (the "Settlement Amount") by check made payable to Rouge Steel Company and delivered to:

> FTI Consulting
> c/o Aaron Marbury
> 333 West Wacker Drive
> Suite 600
> Chicago, IL 60606
> 312-252-9355

2.    Promptly upon receipt by the Debtors of the full Settlement Amount in accordance with the terms hereof, the Preference Claim will be deemed to have been fully and completely satisfied.  For purposes of this paragraph and paragraph 4 below, the Settlement Amount shall not be deemed to have been received by the Debtors until such time as it is finally honored by the banking institution on which it is drawn.

3.    Upon execution of this Settlement Agreement by the Debtors and the Settling Creditor, the Settling Creditor by and on behalf of itself, its agents employees, attorneys, officers and directors hereby releases and discharges the Debtors and their respective agents, employees, attorneys, officers and directors (in their capacities as representatives of the Debtors) from any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable (hereinafter "claims"), which the Settling Creditor now has or hereafter may have against the Debtors arising from or related to the Preference Claim.

- 2 -

A-11

4.    Upon receipt of the full Settlement Amount, the Debtors, by and on behalf of themselves and their agents, employees, attorneys, officers and directors hereby releases and discharges Settling Creditor and its respective agents, employees, attorneys, officers and directors (in their capacities as representatives of the Settling Creditor) from any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable (hereinafter "claims"), which the Debtors now have or hereafter may have against Settling Creditor arising from or related to the Preference Claim.

5.    This Settlement Agreement shall be binding upon and inure to the benefit of the Debtors and their estates, the Settling Creditor, and each of their respective agents, employees, representatives, officers, attorneys, shareholders, directors, parent and/or subsidiary corporations, affiliates, assigns, successors and predecessors in interest.

6.    Should any action, suit or proceeding be commenced by either party to this Settlement Agreement to enforce any provision hereof, the prevailing party shall be entitled to recover from the other party, in addition to obtaining other relief, reasonable attorneys' fees and costs and expenses incurred in said action, suit or proceeding, including any appeal.

7.    Each party represents and warrants that no promise, inducement, or agreement not expressed herein has been made to such party in connection with this Settlement Agreement, and that this Settlement Agreement constitutes the entire agreement between the parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof.

- 3 -

A-12

8.    It is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by authorized representatives of each of the parties hereto.

9.    Each party acknowledges that the consideration referred to and the other terms of this Settlement Agreement do not constitute an admission or concession of liability or of any fact.

10.    This Settlement Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing the document to be drafted. Each party warrants that such party has been represented and advised by counsel or has had full opportunity to be represented and advised by counsel with respect to this Settlement Agreement and all matters covered by it.

11.    Each party agrees to be responsible for and to bear its own costs, expenses and attorneys' fees incurred in connection with the Preference Claim and not to seek from each other reimbursement of any such costs, expenses or attorneys' fees.

12.    This Settlement Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws jurisprudence of the State of Delaware. Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the United States Bankruptcy Court for the District of Delaware.

13.    This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which shall constitute one and the same document.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused the Settlement Agreement to be duly executed as set forth below:

Rouge Industries, Inc.

By: _____
        Steven Victor

Date: _____

Title: Chief Restructuring Officer

OMNISOURCE CORPORATION - FORT WAYNE BROK - Attn John Marynowski

By: _____

Date: _____

Title: _____

- 5 -

A-14

# EXHIBIT C

OCT 14 2004 09:16 FR BARRETT MCNAGNY      2004238507 TO 713122851180      P.02/02



Anne E. Simerman
Direct 260-423-8952
Fax 260-423-8920
aes@barrettlaw.com

October 13, 2004

Mr. Steven L. Victor
Chief Restructuring Officer
Rouge Steel Company
3001 Miller Road
P.O. Box 1699
Dearborn, Michigan 48121-1699

**Re:     OmniSource Corporation; Confidential Settlement Communications**

Dear Mr. Victor:

Our client, OmniSource Corporation, has forwarded to us two (2) letters under your signature, each dated September 21, 2004, and alleging OmniSource's receipt of alleged preferential payments in the ninety (90) days prior to Rouge Steel Company's bankruptcy petition. Please be advised that, prior to our consideration of any offer of settlement, we would expect you to provide, at the very least, documentation establishing the amounts and dates of such alleged transfers.

I would appreciate your forwarding that information to my attention by fax or e-mail at your earliest convenience.  We will thereafter discuss the potential for settlement with our client.

Should you have any questions regarding my request, please feel free to call.

Very truly yours,

BARRETT & McNAGNY LLP

Anne E. Simerman

AES:tms:360372
cc:     Marlene Sloat
        Thomas P. Yoder, Esq.

SERVING THE BUSINESS COMMUNITY SINCE 1876

215 East Berry Street  ·  P.O. Box 2263  ·  Fort Wayne, Indiana 46801-2263  ·  Phone: 260-423-9551  ·  Fax: 260-423-8920  ·  www.barrettlaw.com

** TOTAL PAGE.02 **

A-15

# EXHIBIT D


**ROUGE STEEL COMPANY**

3001 Miller Road
P.O. Box 1699
Dearborn, Michigan 48121-1699

November 19, 2004

BARRET & MCNAGNY
c/o OMNISOURCE CORPORATION - FORT WAYNE BROK
Mr. Anne Simerman
215 East Berry Street
Fort Wayne, IN 48801

Re    Rouge Industries, Inc. Bankruptcy Case No. 0313272
      Preference Follow-up

Dear Ms. Simerman:

In response to your written request that the Estate provide additional information and back up for the preference amounts and settlement offer that was forwarded to you earlier, I have enclosed the following information.

1. A copy of the preference analysis with the new value calculation included;
2. A copy of the preferential payments as evidenced by a copy of the front and back of the check(s) that were paid to you/your client;
3. An analysis of the preference payment, including preference due date, invoice numbers and preference amount per invoice.

I believe that this information should provide you with ample evidence and back up to validate the preference exposure referred to in the Debtor's earlier communication. All correspondence, payments and executed settlement documents should be forwarded to the following address by December 15, 2004.

> Mr. Aaron Marbury
> FTI Consulting Group
> 333 West Wacker Drive
> Suite 600
> Chicago, Illinois 60606

Thank you for your cooperation.

Very truly yours,


Steven L. Victor
Chief Restructuring Officer
Rouge Industries, Inc.

A-16

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432
*Preference Analysis - New Value Defense*

For Settlement Purposes Only -- Subject to FRE 408

| Date | Payments | New Value | Rolling Preference |
|------|----------|-----------|--------------------|
| 07/25/03 | | | |
| 07/26/03 | | | |
| 07/27/03 | | | |
| 07/28/03 | | | |
| 07/29/03 | | | |
| 07/30/03 | | | |
| 07/31/03 | | | |
| 08/01/03 | | | |
| 08/02/03 | | | |
| 08/03/03 | | | |
| 08/04/03 | 437,317.34 | - | 437,317.34 |
| 08/05/03 | - | - | 437,317.34 |
| 08/06/03 | - | - | 437,317.34 |
| 08/07/03 | - | - | 437,317.34 |
| 08/08/03 | - | - | 437,317.34 |
| 08/09/03 | - | - | 437,317.34 |
| 08/10/03 | - | - | 437,317.34 |
| 08/11/03 | - | - | 437,317.34 |
| 08/12/03 | - | - | 437,317.34 |
| 08/13/03 | - | - | 437,317.34 |
| 08/14/03 | - | - | 437,317.34 |
| 08/15/03 | - | - | 437,317.34 |
| 08/16/03 | - | - | 437,317.34 |
| 08/17/03 | - | - | 437,317.34 |
| 08/18/03 | - | - | 437,317.34 |
| 08/19/03 | - | - | 437,317.34 |
| 08/20/03 | - | - | 437,317.34 |
| 08/21/03 | - | - | 437,317.34 |
| 08/22/03 | - | - | 437,317.34 |
| 08/23/03 | - | - | 437,317.34 |
| 08/24/03 | - | - | 437,317.34 |
| 08/25/03 | - | - | 437,317.34 |
| 08/26/03 | - | - | 437,317.34 |
| 08/27/03 | - | - | 437,317.34 |
| 08/28/03 | - | - | 437,317.34 |
| 08/29/03 | - | - | 437,317.34 |
| 08/30/03 | - | - | 437,317.34 |
| 08/31/03 | - | - | 437,317.34 |
| 09/01/03 | - | - | 437,317.34 |
| 09/02/03 | - | - | 437,317.34 |
| 09/03/03 | - | - | 437,317.34 |
| 09/04/03 | - | - | 437,317.34 |
| 09/05/03 | - | - | 437,317.34 |
| 09/06/03 | - | - | 437,317.34 |
| 09/07/03 | - | - | 437,317.34 |
| 09/08/03 | 300,000.00 | - | 737,317.34 |
| 09/09/03 | - | - | 737,317.34 |
| 09/10/03 | - | - | 737,317.34 |
| 09/11/03 | - | - | 737,317.34 |
| 09/12/03 | - | 20,744.02 | 716,573.32 |
| 09/13/03 | - | 17,935.82 | 698,637.50 |
| 09/14/03 | - | - | 698,637.50 |
| 09/15/03 | - | 17,799.06 | 680,838.44 |
| 09/16/03 | 538,102.64 | 12,358.11 | 1,206,582.97 |
| 09/17/03 | - | 11,759.01 | 1,194,823.96 |
| 09/18/03 | - | - | 1,194,823.96 |
| 09/19/03 | - | - | 1,194,823.96 |
| 09/20/03 | - | - | 1,194,823.96 |
| 09/21/03 | - | - | 1,194,823.96 |
| 09/22/03 | 275,516.15 | - | 1,470,340.11 |
| 09/23/03 | - | - | 1,470,340.11 |

Attorney Work Product
Privileged and Confidential

11/12/2004,
11:14 AM

A-17

**Rouge Industries, Inc.**
**OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432**
*Preference Analysis - New Value Defense*

For Settlement Purposes Only -- Subject to FRE 408

| Date | Payments | New Value | Rolling Preference |
|---|---|---|---|
| 09/24/03 | - | 13,357.10 | 1,456,983.01 |
| 09/25/03 | - | 11,790.23 | 1,445,192.78 |
| 09/26/03 | - | 18,378.84 | 1,426,813.94 |
| 09/27/03 | - | - | 1,426,813.94 |
| 09/28/03 | - | - | 1,426,813.94 |
| 09/29/03 | 441,303.76 | 13,759.97 | 1,854,357.73 |
| 09/30/03 | - | - | 1,854,357.73 |
| 10/01/03 | - | - | 1,854,357.73 |
| 10/02/03 | - | - | 1,854,357.73 |
| 10/03/03 | - | - | 1,854,357.73 |
| 10/04/03 | - | - | 1,854,357.73 |
| 10/05/03 | - | - | 1,854,357.73 |
| 10/06/03 | 467,333.94 | - | 2,321,691.67 |
| 10/07/03 | - | - | 2,321,691.67 |
| 10/08/03 | - | 52,171.70 | 2,269,519.97 |
| 10/09/03 | - | 18,597.15 | 2,250,922.82 |
| 10/10/03 | - | 8,869.22 | 2,242,053.60 |
| 10/11/03 | - | 31,346.27 | 2,210,707.33 |
| 10/12/03 | - | - | 2,210,707.33 |
| 10/13/03 | - | 37,061.13 | 2,173,646.20 |
| 10/14/03 | 443,770.00 | 17,631.07 | 2,599,785.13 |
| 10/15/03 | - | - | 2,599,785.13 |
| 10/16/03 | - | - | 2,599,785.13 |
| 10/17/03 | - | - | 2,599,785.13 |
| 10/18/03 | - | - | 2,599,785.13 |
| 10/19/03 | - | - | 2,599,785.13 |
| 10/20/03 | - | - | 2,599,785.13 |
| 10/21/03 | - | - | 2,599,785.13 |
| 10/22/03 | - | - | 2,599,785.13 |
| 10/23/03 | - | - | 2,599,785.13 |
| | $ 2,903,343.83 | $ 303,558.70 | $2,599,785.13 |

Attorney Work Product
Privileged and Confidential

11/12/2004,
11:14 AM

A-18





```
Posted   : 10/14/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 109915
Amount   : 443770.00
DIN      : 41022203
```





```
Posted   : 10/06/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 109709
Amount   : 467333.94
DIN      : 61046548
```





```
Posted   : 09/29/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 109064
Amount   : 441303.76
DIN      : 41035894
```



```
Posted   : 09/22/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 108841
Amount   : 275516.15
DIN      : 61070496
```



```
Posted   : 09/16/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 108428
Amount   : 538102.64
DIN      : 62073301
```

A-23





```
Posted  : 09/08/2003
Bank    : 0002
R/T     : 007240478
Account : 2176977854
Check   : 108063
Amount  : 300000.00
DIN     : 61022020
```





```
Posted   : 08/04/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 106432
Amount   : 437317.34
DIN      : 71029156
```

A-25





```
Posted   : 07/18/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 105446
Amount   : 1603950.57
DIN      : 25030228
```





```
Posted   : 07/02/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 104704
Amount   : 815092.59
DIN      : 13099174
```





```
Posted   : 06/18/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 103893
Amount   : 515527.85
DIN      : 73042146
```

A-28





```
Posted   : 06/02/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 103132
Amount   : 608655.10
DIN      : 31001889
```





Po...                    '3
Ba...
R/...
Ac...                         4
Ch...
Am...
DI...





```
Posted   : 05/05/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 101337
Amount   : 648922.89
DIN      : 71032087
```





```
Posted   : 04/18/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 100494
Amount   : 765074.13
DIN      : 75043591
```





```
Posted   : 04/03/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 99602
Amount   : 600969.36
DIN      : 74029045
```

A-33





```
Posted   : 03/19/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 98795
Amount   : 248320.92
DIN      : 73037838
```





```
Posted   : 03/03/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 98019
Amount   : 591690.53
DIN      : 71030286
```





```
Posted   : 02/03/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 96394
Amount   : 331586.99
DIN      : 61032716
```





```
Posted    : 01/17/2003
Bank      : 0002
R/T       : 007240478
Account   : 2176977854
Check     : 95368
Amount    : 41721.96
DIN       : 35016762
```



```
Posted    : 01/06/2003
Bank      : 0002
R/T       : 007240478
Account   : 2176977854
Check     : 94541
Amount    : 233590.33
DIN       : 91022083
```





```
Posted  : 12/18/2002
Bank    : 0002
R/T     : 007240478
Account : 2176977854
Check   : 93893
Amount  : 166023.68
DIN     : 93051517
```



```
Posted   : 12/04/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 93059
Amount   : 194971.33
DIN      : 93035978
```





```
Posted   : 11/18/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 92208
Amount   : 177266.13
DIN      : 71020144
```





```
Posted   : 11/05/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 91394
Amount   : 362410.19
DIN      : 92089006
```





```
Posted   : 10/18/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 90354
Amount   : 25350.93
DIN      : 495524329
```



```
Posted   : 10/03/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 89553
Amount   : 122760.21
DIN      : 494517652
```





```
Posted   : 09/18/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 88724
Amount   : 21805.00
DIN      : 493520718
```





```
Posted  : 09/03/2002
Bank    : 0002
R/T     : 007240478
Account : 2176977854
Check   : 87951
Amount  : 272408.58
DIN     : 440519361
```





```
Posted   : 08/19/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 87130
Amount   : 278020.60
DIN      : 490520458
```

A-47





```
Posted   : 08/05/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 86153
Amount   : 331577.97
DIN      : 470507584
```

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432
*Preference Analysis - Payments 90 Days Prior to Filing*

For Settlement Purposes Only - Subject to FRE

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| Invoice | | | | | Payment | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 4278 | 2003-06-19 | 6,193.90 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 4291 | 2003-06-20 | 6,233.51 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16685 | 2003-06-17 | 6,274.50 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16718 | 2003-06-19 | 6,299.09 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16709 | 2003-06-19 | 6,330.51 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16727 | 2003-06-20 | 6,338.70 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16672 | 2003-06-16 | 6,342.80 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16669 | 2003-06-16 | 6,422.04 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16735 | 2003-06-20 | 6,450.72 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16721 | 2003-06-19 | 6,494.44 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16719 | 2003-06-19 | 6,513.56 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11074 | 2003-06-17 | 6,585.97 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11066 | 2003-06-16 | 6,594.16 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11106 | 2003-06-20 | 6,599.63 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16720 | 2003-06-19 | 6,729.41 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16681 | 2003-06-17 | 6,751.27 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11076 | 2003-06-17 | 6,774.49 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11096 | 2003-06-19 | 6,778.59 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11110 | 2003-06-20 | 6,831.87 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11071 | 2003-06-17 | 6,845.53 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11111 | 2003-06-20 | 6,874.22 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 39351 | 2003-06-18 | 6,898.81 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11069 | 2003-06-16 | 6,915.20 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11090 | 2003-06-19 | 6,926.13 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11072 | 2003-06-17 | 6,938.42 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11113 | 2003-06-21 | 6,939.79 | 15 | 2003-07-06 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11094 | 2003-06-19 | 6,942.52 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11107 | 2003-06-20 | 6,942.52 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11103 | 2003-06-20 | 6,961.65 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11075 | 2003-06-17 | 6,972.57 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11114 | 2003-06-21 | 6,983.50 | 15 | 2003-07-06 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11095 | 2003-06-19 | 6,984.87 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11061 | 2003-06-16 | 7,003.99 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11085 | 2003-06-18 | 7,027.22 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11105 | 2003-06-20 | 7,044.98 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11067 | 2003-06-16 | 7,050.44 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11083 | 2003-06-18 | 7,064.10 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11088 | 2003-06-18 | 7,069.57 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11100 | 2003-06-20 | 7,081.86 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11065 | 2003-06-16 | 7,094.16 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11101 | 2003-06-20 | 7,094.16 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11078 | 2003-06-17 | 7,095.52 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16738 | 2003-06-20 | 7,105.09 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11082 | 2003-06-18 | 7,135.14 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11087 | 2003-06-18 | 7,146.07 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11081 | 2003-06-18 | 7,166.56 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11064 | 2003-06-16 | 7,181.59 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11098 | 2003-06-20 | 7,206.18 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11102 | 2003-06-20 | 7,215.74 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11079 | 2003-06-17 | 7,219.84 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11089 | 2003-06-18 | 7,233.50 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11068 | 2003-06-16 | 7,297.71 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11070 | 2003-06-17 | 7,322.30 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11080 | 2003-06-17 | 7,331.86 | 15 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |

Attorney Work Product
Privileged and Confidential

11/12/2004
11:15 AM

A-49

**Rouge Industries, Inc.**

OMNISOURCE CORPORATION - FORT WAYNE BROK - **Vendor ID: 00005432**

*Preference Analysis - Payments 90 Days Prior to Filing*

For Settlement Purposes Only - Subject to FRE

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| | Invoice | | | | | Payment | | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 11092 | 2003-06-19 | 7,340.06 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11108 | 2003-06-20 | 7,341.42 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16673 | 2003-06-16 | 7,344.15 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11062 | 2003-06-16 | 7,352.35 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11084 | 2003-06-18 | 7,379.67 | 15 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11063 | 2003-06-16 | 7,385.14 | 15 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11091 | 2003-06-19 | 7,390.60 | 15 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11115 | 2003-06-21 | 7,447.98 | 15 | 2003-07-06 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11099 | 2003-06-20 | 7,483.50 | 15 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 200910 | 2003-09-03 | 300,000.00 | 00 | 2003-09-03 | 0108063 | 2003-09-03 | 9/8/2003 | 300,000.00 | Check |
| 250907 | 2003-08-12 | 4,449.39 | 30 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250870 | 2003-08-11 | 4,774.96 | 30 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250901 | 2003-08-12 | 4,785.37 | 30 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250905 | 2003-08-12 | 4,925.11 | 30 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250606 | 2003-08-05 | 5,035.11 | 30 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250917 | 2003-08-13 | 5,044.03 | 30 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250645 | 2003-08-05 | 5,073.77 | 30 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250717 | 2003-08-06 | 5,116.88 | 30 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 256728 | 2003-08-07 | 5,165.94 | 30 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250604 | 2003-08-05 | 5,222.43 | 30 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250727 | 2003-08-07 | 5,241.75 | 30 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250816 | 2003-08-08 | 5,277.43 | 30 | 2003-09-07 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250651 | 2003-08-07 | 5,390.41 | 30 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250906 | 2003-08-12 | 5,436.50 | 30 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250603 | 2003-08-05 | 5,473.66 | 30 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252006 | 2003-09-08 | 5,526.16 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250916 | 2003-08-13 | 5,559.88 | 30 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250291 | 2003-08-05 | 5,583.67 | 30 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250190 | 2003-08-01 | 5,594.08 | 30 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250909 | 2003-08-12 | 5,617.86 | 30 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250648 | 2003-08-06 | 5,628.27 | 30 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251876 | 2003-09-05 | 5,650.44 | 00 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250188 | 2003-08-01 | 5,662.46 | 30 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250807 | 2003-08-08 | 5,663.95 | 30 | 2003-09-07 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252228 | 2003-09-11 | 5,670.64 | 00 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252114 | 2003-09-11 | 5,701.71 | 00 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250649 | 2003-08-06 | 5,834.91 | 30 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250650 | 2003-08-06 | 5,834.91 | 30 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251880A | 2003-09-05 | 5,850.86 | 00 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250920 | 2003-08-13 | 5,857.20 | 30 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250196 | 2003-08-04 | 5,869.10 | 30 | 2003-09-03 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250198 | 2003-08-04 | 5,895.86 | 30 | 2003-09-03 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252109 | 2003-09-10 | 5,895.91 | 00 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252043 | 2003-09-09 | 5,903.68 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251942 | 2003-09-08 | 5,955.32 | 30 | 2003-10-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251935 | 2003-09-05 | 6,032.63 | 00 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250128 | 2003-08-01 | 6,056.41 | 30 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250197 | 2003-08-01 | 6,090.60 | 30 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250918 | 2003-08-13 | 6,129.25 | 30 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252005 | 2003-09-08 | 6,130.51 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250919 | 2003-08-13 | 6,176.82 | 30 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250195 | 2003-08-04 | 6,196.15 | 30 | 2003-09-03 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250908 | 2003-08-12 | 6,196.15 | 30 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250129 | 2003-08-01 | 6,200.61 | 30 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |

Attorney Work Product
Privileged and Confidential

2 of 8

11/12/2004
11:15 AM

A-50

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432
*Preference Analysis - Payments 90 Days Prior to Filing*

For Settlement Purposes Only - Subject to FRE

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| Invoice | | | | | Payment | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 252108 | 2003-09-10 | 6.206.63 | 00 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250186 | 2003-08-01 | 6.251.15 | 30 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251948 | 2003-09-06 | 6.276.54 | 00 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252112 | 2003-09-10 | 6.278.10 | 00 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252029 | 2003-09-08 | 6.288.97 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252230 | 2003-09-11 | 6.304.51 | 00 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251877 | 2003-09-05 | 6.307.62 | 00 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252113 | 2003-09-11 | 6.341.80 | 00 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252107 | 2003-09-10 | 6.346.46 | 00 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252064 | 2003-09-09 | 6.355.78 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252059 | 2003-09-09 | 6.371.31 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250730 | 2003-08-07 | 6.376.03 | 30 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251943 | 2003-09-10 | 6.383.46 | 30 | 2003-10-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252026 | 2003-09-08 | 6.396.17 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250921 | 2003-08-13 | 6.402.79 | 30 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252055 | 2003-09-09 | 6.408.60 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251961 | 2003-09-06 | 6.414.81 | 00 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252012 | 2003-09-08 | 6.419.48 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252103 | 2003-09-09 | 6.442.78 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 351882 | 2003-09-05 | 6.458.32 | 00 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252105 | 2003-09-10 | 6.462.98 | 00 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251949 | 2003-09-06 | 6.503.37 | 00 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252022 | 2003-09-08 | 6.522.01 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252032 | 2003-09-09 | 6.542.53 | 30 | 2003-10-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250194 | 2003-08-01 | 6.555.91 | 30 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252104 | 2003-09-10 | 6.559.30 | 00 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250871 | 2003-08-09 | 6.597.53 | 30 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252077 | 2003-09-09 | 6.728.64 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251964 | 2003-09-06 | 6.737.96 | 00 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250729 | 2003-08-07 | 6.795.25 | 30 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252007 | 2003-09-08 | 6.801.66 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252224 | 2003-09-11 | 6.838.95 | 00 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 10329 | 2003-07-24 | 6.926.13 | 30 | 2003-08-23 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252015 | 2003-09-08 | 6.955.47 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250646 | 2003-08-06 | 6.957.29 | 30 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252080 | 2003-09-11 | 6.974.11 | 00 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252008 | 2003-09-08 | 7.009.84 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252102 | 2003-09-09 | 7.037.81 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252106 | 2003-09-09 | 7.090.63 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250158 | 2003-08-01 | 7.131.22 | 30 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252023 | 2003-09-08 | 7.132.58 | 00 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252101 | 2003-09-09 | 7.171.42 | 00 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252110 | 2003-09-10 | 7.326.78 | 00 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 11112 | 2003-09-03 | 7.333.22 | 15 | 2003-09-18 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| CM33037( | 2003-09-17 | (5.800.97) Credit | | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251062 | 2003-08-18 | 4.508.86 | 30 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252375 | 2003-09-15 | 4.705.85 | 00 | 2003-09-15 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251183 | 2003-08-19 | 4.722.93 | 30 | 2003-09-18 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251064 | 2003-08-18 | 5.183.77 | 30 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251063 | 2003-08-18 | 5.203.10 | 30 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251061 | 2003-08-18 | 5.292.30 | 30 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252471 | 2003-09-16 | 5.428.28 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 250923 | 2003-08-14 | 5.504.88 | 30 | 2003-09-13 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251184 | 2003-08-20 | 5.561.37 | 30 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |

Attorney Work Product
Privileged and Confidential

3 of 8

11/12/2004
11:15 AM

A-51

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432

*Preference Analysis - Payments 90 Days Prior to Filing*

For Settlement Purposes Only - Subject to FRE

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| | | Invoice | | | | | Payment | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 251286 | 2003-08-20 | 5,677.33 | 30 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251040 | 2003-08-14 | 5,720.44 | 30 | 2003-09-13 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251067 | 2003-08-18 | 5,806.66 | 30 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251187 | 2003-08-20 | 5,852.74 | 30 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252385 | 2003-09-16 | 6,031.08 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 250925 | 2003-08-14 | 6,037.08 | 30 | 2003-09-13 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251254 | 2003-08-20 | 6,083.17 | 30 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251185 | 2003-08-20 | 6,142.63 | 30 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252376 | 2003-09-15 | 6,160.02 | 00 | 2003-09-15 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252487 | 2003-09-16 | 6,209.74 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252398 | 2003-09-16 | 6,225.28 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251060 | 2003-08-14 | 6,225.88 | 30 | 2003-09-13 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252490 | 2003-09-16 | 6,236.15 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252485 | 2003-09-16 | 6,245.47 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252489 | 2003-09-16 | 6,245.47 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251066 | 2003-08-18 | 6,248.18 | 30 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252381 | 2003-09-16 | 6,262.56 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 250922 | 2003-08-14 | 6,273.45 | 30 | 2003-09-13 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252493 | 2003-09-17 | 6,282.76 | 00 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252386 | 2003-09-16 | 6,290.53 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252488 | 2003-09-16 | 6,327.81 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252388 | 2003-09-15 | 6,332.47 | 00 | 2003-09-15 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252482 | 2003-09-16 | 6,337.13 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251186 | 2003-08-20 | 6,343.32 | 30 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252496 | 2003-09-17 | 6,352.67 | 00 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252387 | 2003-09-16 | 6,357.33 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251252 | 2003-08-20 | 6,493.47 | 30 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252478 | 2003-09-16 | 6,494.05 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252494 | 2003-09-17 | 6,500.26 | 00 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251065 | 2003-08-18 | 6,646.59 | 30 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252258 | 2003-09-12 | 6,657.18 | 00 | 2003-09-12 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252495 | 2003-09-17 | 6,692.91 | 00 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252479 | 2003-09-16 | 6,731.75 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 250924 | 2003-08-14 | 6,764.03 | 30 | 2003-09-13 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252492 | 2003-09-17 | 6,939.93 | 00 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252491 | 2003-09-16 | 7,210.26 | 00 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252486 | 2003-09-17 | 7,768.00 | 00 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| CM330379 | 2003-09-23 | (5,319.71) Credit | | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| CM330378 | 2003-09-23 | (3,180.50) Credit | | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251383 | 2003-08-26 | 5,097.55 | 30 | 2003-09-25 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251379 | 2003-08-23 | 5,371.09 | 30 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252777 | 2003-09-24 | 5,445.37 | 00 | 2003-09-24 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251484 | 2003-08-27 | 5,479.61 | 30 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251188 | 2003-08-21 | 5,546.50 | 30 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251378 | 2003-08-23 | 5,582.18 | 30 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251323 | 2003-08-21 | 5,591.10 | 30 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251189 | 2003-08-21 | 5,597.05 | 30 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251477 | 2003-08-26 | 5,603.00 | 30 | 2003-09-25 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251495 | 2003-08-25 | 5,663.95 | 30 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251485 | 2003-08-27 | 5,782.87 | 30 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251481 | 2003-08-27 | 5,840.85 | 30 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251377 | 2003-08-23 | 5,897.34 | 30 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252536 | 2003-09-19 | 5,930.09 | 00 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252770 | 2003-09-23 | 6,000.00 | 00 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |

Attorney Work Product
Privileged and Confidential

11/12/2004
11:15 AM

A-52

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432
*Preference Analysis - Payments 90 Days Prior to Filing*

For Settlement Purposes Only - Subject to FRE

| Filing Date: | , October 23, 2003 |
|---|---|
| Preference Period: | 7/25/2003   10/23/2003 |

| | | Invoice | | | | | Payment | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 251381 | 2003-08-25 | 6,005.86 | 30 | 2003-09-24 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252693 | 2003-09-22 | 6,007.77 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252630 | 2003-09-19 | 6,052.83 | 00 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252728 | 2003-09-22 | 6,088.56 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252686 | 2003-09-20 | 6,094.77 | 00 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251380 | 2003-08-23 | 6,095.06 | 30 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251376 | 2003-08-25 | 6,101.01 | 30 | 2003-09-24 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252672 | 2003-09-20 | 6,102.54 | 00 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252772 | 2003-09-23 | 6,104.09 | 00 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252471A | 2003-09-16 | 6,110.31 | 00 | 2003-09-16 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252679 | 2003-09-20 | 6,118.08 | 00 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252633 | 2003-09-19 | 6,119.63 | 00 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251475 | 2003-08-26 | 6,136.68 | 30 | 2003-09-25 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252726 | 2003-09-22 | 6,138.27 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252714 | 2003-09-22 | 6,146.04 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252737 | 2003-09-22 | 6,153.81 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251482 | 2003-08-27 | 6,163.44 | 30 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252752 | 2003-09-23 | 6,167.79 | 00 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251345 | 2003-08-22 | 6,170.88 | 30 | 2003-09-21 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252528 | 2003-09-17 | 6,174.01 | 00 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252498 | 2003-09-17 | 6,178.67 | 00 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251193 | 2003-08-22 | 6,185.74 | 30 | 2003-09-21 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252736 | 2003-09-22 | 6,197.31 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252761 | 2003-09-23 | 6,197.31 | 00 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251382 | 2003-08-26 | 6,203.58 | 30 | 2003-09-25 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252681 | 2003-09-20 | 6,205.08 | 00 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252674 | 2003-09-20 | 6,211.29 | 00 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252727 | 2003-09-23 | 6,214.40 | 00 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251190 | 2003-08-21 | 6,215.47 | 30 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252717 | 2003-09-22 | 6,231.49 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252620 | 2003-09-19 | 6,236.15 | 00 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252694 | 2003-09-22 | 6,237.70 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252763 | 2003-09-23 | 6,243.92 | 00 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252632 | 2003-09-19 | 6,245.47 | 00 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252680 | 2003-09-20 | 6,248.58 | 00 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252716 | 2003-09-22 | 6,250.13 | 00 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252682 | 2003-09-20 | 6,254.79 | 00 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252531 | 2003-09-17 | 6,262.56 | 00 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252538 | 2003-09-19 | 6,265.67 | 00 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252751 | 2003-09-23 | 6,292.08 | 00 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252678 | 2003-09-20 | 6,295.19 | 00 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252499 | 2003-09-17 | 6,320.04 | 00 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251372 | 2003-08-22 | 6,331.43 | 30 | 2003-09-21 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251373 | 2003-08-23 | 6,334.40 | 30 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251349 | 2003-08-22 | 6,353.73 | 30 | 2003-09-21 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251191 | 2003-08-21 | 6,362.65 | 30 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252766 | 2003-09-23 | 6,396.17 | 00 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252497 | 2003-09-17 | 6,424.14 | 00 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252602 | 2003-09-19 | 6,445.89 | 00 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251478 | 2003-08-26 | 6,468.20 | 30 | 2003-09-25 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251479 | 2003-08-27 | 6,497.93 | 30 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251483 | 2003-08-27 | 6,564.83 | 30 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251351 | 2003-08-22 | 6,667.40 | 30 | 2003-09-21 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251476 | 2003-08-26 | 6,781.87 | 30 | 2003-09-25 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |

Attorney Work Product
Privileged and Confidential

11/12/2004
11:15 AM

A-53

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432
*Preference Analysis - Payments 90 Days Prior to Filing*

For Settlement Purposes Only - Subject to FRE

| Filing Date: | October 23, 2003 |
|---|---|
| Preference Period: | 7/25/2003    10/23/2003 |

| | Invoice | | | | | Payment | | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 251192 | 2003-08-22 | 6,854.71 | 30 | 2003-09-21 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252530 | 2003-09-17 | 6,981.88 | 00 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251486 | 2003-08-27 | 7,226.36 | 30 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252563 | 2003-09-19 | 7,239.78 | 00 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| CM330387 | 2003-09-30 | (5,100.59) Credit | | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251622 | 2003-08-30 | 5,036.60 | 30 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251619 | 2003-08-30 | 5,157.02 | 30 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252974 | 2003-09-24 | 5,161.06 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251618 | 2003-08-30 | 5,301.22 | 30 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253029 | 2003-09-26 | 5,364.58 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252975 | 2003-09-24 | 5,389.44 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251621 | 2003-08-30 | 5,467.71 | 30 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251487 | 2003-08-28 | 5,482.58 | 30 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251521 | 2003-08-29 | 5,485.55 | 30 | 2003-09-28 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251523 | 2003-08-30 | 5,487.04 | 30 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251524 | 2003-08-30 | 5,487.04 | 30 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251490 | 2003-08-28 | 5,558.40 | 30 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251493 | 2003-08-29 | 5,571.78 | 30 | 2003-09-28 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251489 | 2003-08-28 | 5,781.39 | 30 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251492 | 2003-08-28 | 5,833.42 | 30 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252996 | 2003-09-25 | 5,855.52 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252959 | 2003-09-24 | 5,869.50 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253062 | 2003-09-26 | 5,934.75 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253124 | 2003-09-29 | 5,990.68 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253011 | 2003-09-25 | 5,998.45 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252980 | 2003-09-25 | 6,001.56 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253090 | 2003-09-29 | 6,007.77 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253123 | 2003-09-29 | 6,020.20 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253008 | 2003-09-25 | 6,027.97 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253085 | 2003-09-27 | 6,041.95 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253067 | 2003-09-27 | 6,048.16 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252999 | 2003-09-25 | 6,057.49 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253050 | 2003-09-26 | 6,057.49 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252981 | 2003-09-25 | 6,079.24 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253196 | 2003-09-30 | 6,096.33 | 00 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253197 | 2003-09-30 | 6,096.33 | 00 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253035 | 2003-09-26 | 6,099.43 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251488 | 2003-08-28 | 6,101.01 | 30 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252960 | 2003-09-24 | 6,114.97 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253028 | 2003-09-26 | 6,122.74 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252977 | 2003-09-24 | 6,130.51 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253088 | 2003-09-27 | 6,139.83 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252965 | 2003-09-25 | 6,144.49 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253006 | 2003-09-25 | 6,146.04 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252781 | 2003-09-24 | 6,163.13 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252971 | 2003-09-24 | 6,166.24 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253091 | 2003-09-29 | 6,169.35 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251491 | 2003-08-28 | 6,169.39 | 30 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253142 | 2003-09-30 | 6,170.90 | 00 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253139 | 2003-09-30 | 6,172.45 | 00 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253190 | 2003-09-30 | 6,175.56 | 00 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253201 | 2003-10-01 | 6,180.22 | 00 | 2003-10-01 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253068 | 2003-09-27 | 6,181.77 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253066 | 2003-09-26 | 6,205.08 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |

Attorney Work Product
Privileged and Confidential

11/12/2004
11:15 AM

A-54

Rouge Industries, Inc.

OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432

For Settlement Purposes Only - Subject to FRE

*Preference Analysis - Payments 90 Days Prior to Filing*

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| | | Invoice | | | | | Payment | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 252785 | 2003-09-24 | 6.208.19 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253089 | 2003-09-27 | 6.223.72 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253195 | 2003-09-30 | 6.234.60 | 00 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252940 | 2003-09-24 | 6.239.26 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253080 | 2003-09-27 | 6.256.35 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253144 | 2003-09-29 | 6.261.01 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253058 | 2003-09-26 | 6.281.20 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253126 | 2003-09-29 | 6.321.60 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253018 | 2003-09-26 | 6.323.15 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251522 | 2003-08-29 | 6.332.92 | 30 | 2003-09-28 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253092 | 2003-09-27 | 6.358.88 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251520 | 2003-08-29 | 6.383.46 | 30 | 2003-09-28 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253015 | 2003-09-25 | 6.528.23 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253125 | 2003-09-29 | 6.576.39 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253127 | 2003-09-29 | 6.609.01 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252958 | 2003-09-24 | 6.610.57 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 779169 | 2003-09-24 | 6.635.43 | 00 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253016 | 2003-09-25 | 6.608.05 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251623 | 2003-08-30 | 6.670.37 | 30 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253121 | 2003-09-29 | 6.731.75 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253073 | 2003-09-27 | 6.756.61 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253072 | 2003-09-26 | 6.764.37 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253064 | 2003-09-26 | 6.854.48 | 00 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252997 | 2003-09-25 | 6.916.63 | 00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253200 | 2003-09-30 | 6.960.13 | 00 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253194 | 2003-09-30 | 7.006.74 | 00 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253122 | 2003-09-29 | 7.011.40 | 00 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253074 | 2003-09-27 | 7.208.70 | 00 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| CM330393 | 2003-10-03 | (7.502.55) | Credit | 2003-10-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253472 | 2003-10-04 | 5.583.22 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253213 | 2003-10-02 | 5.934.23 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253418 | 2003-10-03 | 5.978.11 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253422 | 2003-10-05 | 6.009.45 | 00 | 2003-10-05 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253687 | 2003-10-07 | 6.011.01 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253696 | 2003-10-07 | 6.025.12 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253692 | 2003-10-07 | 6.047.05 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253207 | 2003-10-01 | 6.068.99 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253524 | 2003-10-06 | 6.095.63 | 00 | 2003-10-06 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253476 | 2003-10-04 | 6.128.54 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253475 | 2003-10-04 | 6.156.74 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253700 | 2003-10-08 | 6.164.58 | 00 | 2003-10-08 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253522 | 2003-10-04 | 6.166.15 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253689 | 2003-10-07 | 6.169.28 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253212 | 2003-10-02 | 6.170.85 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253215 | 2003-10-01 | 6.172.41 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253526 | 2003-10-06 | 6.175.55 | 00 | 2003-10-06 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253209 | 2003-10-02 | 6.178.68 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253353 | 2003-10-02 | 6.181.82 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253204 | 2003-10-01 | 6.186.52 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253217 | 2003-10-02 | 6.186.52 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253530 | 2003-10-07 | 6.194.35 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253370 | 2003-10-03 | 6.202.19 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253369 | 2003-10-02 | 6.224.12 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253674 | 2003-10-07 | 6.228.83 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |

Attorney Work Product
Privileged and Confidential

11/12/2004
11:15 AM

A-55

**Rouge Industries, Inc.**                                    For Settlement Purposes Only - Subject to FRE
OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432
*Preference Analysis - Payments 90 Days Prior to Filing*

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| | | Invoice | | | | | Payment | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 253214 | 2003-10-01 | 6,235.09 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253521 | 2003-10-05 | 6,252.33 | 30 | 2003-11-04 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253415 | 2003-10-03 | 6,268.00 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253535 | 2003-10-07 | 6,280.54 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253208 | 2003-10-01 | 6,282.10 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253218 | 2003-10-02 | 6,282.10 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253396 | 2003-10-03 | 6,311.88 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253508 | 2003-10-04 | 6,313.44 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253203 | 2003-10-01 | 6,318.14 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253205 | 2003-10-01 | 6,327.55 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253411 | 2003-10-03 | 6,347.92 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253531 | 2003-10-06 | 6,354.19 | 00 | 2003-10-06 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253419 | 2003-10-03 | 6,362.02 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253371 | 2003-10-03 | 6,377.69 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253206 | 2003-10-01 | 6,380.82 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253523 | 2003-10-06 | 6,405.90 | 00 | 2003-10-06 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253355 | 2003-10-02 | 6,446.64 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253375 | 2003-10-03 | 6,462.31 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253520 | 2003-10-04 | 6,463.88 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253202 | 2003-10-01 | 6,474.84 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253507 | 2003-10-04 | 6,492.08 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253393 | 2003-10-03 | 6,531.26 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253529 | 2003-10-07 | 6,581.40 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253219 | 2003-10-02 | 6,625.28 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253420 | 2003-10-03 | 6,662.88 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253397 | 2003-10-02 | 6,681.69 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253345 | 2003-10-01 | 6,683.26 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253216 | 2003-10-02 | 6,703.63 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253220 | 2003-10-02 | 6,769.44 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253417 | 2003-10-03 | 6,771.01 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253533 | 2003-10-07 | 6,799.21 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253416 | 2003-10-03 | 6,814.88 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253211 | 2003-10-02 | 6,835.25 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253532 | 2003-10-07 | 6,863.46 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253691 | 2003-10-07 | 6,882.26 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253527 | 2003-10-06 | 6,941.81 | 00 | 2003-10-06 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253423 | 2003-10-04 | 6,980.99 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253694 | 2003-10-07 | 6,990.39 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253528 | 2003-10-06 | 7,031.13 | 00 | 2003-10-06 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253681 | 2003-10-07 | 7,035.83 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253534 | 2003-10-07 | 7,043.67 | 00 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253210 | 2003-10-01 | 7,065.60 | 30 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253421 | 2003-10-04 | 7,096.94 | 30 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253473 | 2003-10-03 | 7,139.25 | 30 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253344 | 2003-10-02 | 7,662.63 | 30 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| | | ########### | | | | | | | |

Attorney Work Product
Privileged and Confidential

11/12/2004
11:15 AM

A-56

# EXHIBIT E

**ROUGE STEEL COMPANY**

3001 Miller Road
P.O. Box 1699
Dearborn, Michigan 48121-1699

November 19, 2004

BARRET & MCNAGNY
c/o OMNISOURCE CORPORATION - FORT WAYNE
Ms. Anne Sunernab
215 East Berry Street
Fort Wayne, IN 48801

Re     Rouge Industries, Inc. Bankruptcy Case No. 0313272
       <u>Preference Follow-up</u>

Dear Ms. Simerman:

In response to your written request that the Estate provide additional information and back up for the preference amounts and settlement offer that was forwarded to you earlier, I have enclosed the following information.

1. A copy of the preference analysis with the new value calculation included;
2. A copy of the preferential payments as evidenced by a copy of the front and back of the check(s) that were paid to you/your client;
3. An analysis of the preference payment, including preference due date, invoice numbers and preference amount per invoice.

I believe that this information should provide you with ample evidence and back up to validate the preference exposure referred to in the Debtor's earlier communication. All correspondence, payments and executed settlement documents should be forwarded to the following address by December 15, 2004.

Mr. Aaron Marbury
FTI Consulting Group
333 West Wacker Drive
Suite 600
Chicago, Illinois 60606

Thank you for your cooperation.

Very truly yours,

Steven L. Victor
Chief Restructuring Officer
Rouge Industries, Inc.

For Settlement Purposes Only - Subject to FRE 408

**Rouge Industries, Inc.**
**OMNISOURCE CORPORATION - FORT WAYNE - Vendor ID: 00008670**
*Preference Analysis - Payments 90 Days Prior to Filing*

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| | | Invoice | | | | | Payment | | |
|---|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Terms | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 65932 | 2003-06-16 | 4,356.32 | 15 | 2003-07-01 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 65933 | 2003-06-16 | 4,361.14 | 15 | 2003-07-01 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66741 | 2003-06-16 | 4,385.93 | 15 | 2003-07-01 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66795 | 2003-06-18 | 4,648.11 | 15 | 2003-07-03 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66758 | 2003-06-18 | 5,044.60 | 15 | 2003-07-03 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66812 | 2003-06-19 | 4,839.25 | 15 | 2003-07-04 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66540 | 2003-06-19 | 4,963.23 | 15 | 2003-07-04 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 16863 | 2003-08-05 | 6,423.28 | 30 | 2003-09-04 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65927 | 2003-08-07 | 4,755.85 | 30 | 2003-09-06 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 223847 | 2003-08-07 | 4,770.59 | 30 | 2003-09-06 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65924 | 2003-08-07 | 5,259.43 | 30 | 2003-09-06 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65923 | 2003-08-07 | 5,404.08 | 30 | 2003-09-06 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65941 | 2003-08-09 | 5,314.34 | 30 | 2003-09-08 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65942 | 2003-08-12 | 5,714.79 | 30 | 2003-09-11 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| | | $ 70,240.94 | | | | | | | |

Attorney Work Product
Privileged and Confidential

1 of 1

11/12/2004
11:10 AM

A-58

**Rouge Industries, Inc.**
**OMNISOURCE CORPORATION - FORT WAYNE - Vendor ID: 0000867(**
*Preference Analysis - New Value Defense*

For Settlement Purposes - Subject to FRE 408

| Date | Payments | New Value | Rolling Preference |
|------|----------|-----------|--------------------|
| 07/25/03 | | | |
| 07/26/03 | | | |
| 07/27/03 | | | |
| 07/28/03 | | | |
| 07/29/03 | | | |
| 07/30/03 | | | |
| 07/31/03 | | | |
| 08/01/03 | | | |
| 08/02/03 | | | |
| 08/03/03 | | | |
| 08/04/03 | 32,598.58 | - | 32,598.58 |
| 08/05/03 | . | - | 32,598.58 |
| 08/06/03 | - | - | 32,598.58 |
| 08/07/03 | - | - | 32,598.58 |
| 08/08/03 | - | - | 32,598.58 |
| 08/09/03 | - | - | 32,598.58 |
| 08/10/03 | - | - | 32,598.58 |
| 08/11/03 | - | - | 32,598.58 |
| 08/12/03 | - | - | 32,598.58 |
| 08/13/03 | - | - | 32,598.58 |
| 08/14/03 | - | - | 32,598.58 |
| 08/15/03 | - | - | 32,598.58 |
| 08/16/03 | - | - | 32,598.58 |
| 08/17/03 | - | - | 32,598.58 |
| 08/18/03 | - | - | 32,598.58 |
| 08/19/03 | - | 10,350.11 | 22,248.47 |
| 08/20/03 | - | 4,802.73 | 17,445.74 |
| 08/21/03 | - | 5,698.72 | 11,747.02 |
| 08/22/03 | - | 5,400.06 | 6,346.96 |
| 08/23/03 | - | - | 6,346.96 |
| 08/24/03 | - | - | 6,346.96 |
| 08/25/03 | - | - | 6,346.96 |
| 08/26/03 | - | 12,452.81 | - |
| 08/27/03 | - | - | - |
| 08/28/03 | - | - | - |
| 08/29/03 | - | - | - |
| 08/30/03 | - | - | - |
| 08/31/03 | - | - | - |
| 09/01/03 | - | - | - |
| 09/02/03 | - | - | - |
| 09/03/03 | - | - | - |
| 09/04/03 | - | - | - |
| 09/05/03 | - | - | - |
| 09/06/03 | - | - | - |
| 09/07/03 | - | - | - |
| 09/08/03 | - | - | - |
| 09/09/03 | - | - | - |
| 09/10/03 | - | - | - |
| 09/11/03 | - | - | - |
| 09/12/03 | - | - | - |
| 09/13/03 | - | - | - |
| 09/14/03 | - | - | - |
| 09/15/03 | - | - | - |
| 09/16/03 | - | - | - |
| 09/17/03 | - | - | - |
| 09/18/03 | - | - | - |
| 09/19/03 | - | - | - |
| 09/20/03 | - | - | - |
| 09/21/03 | - | - | - |
| 09/22/03 | - | - | - |
| 09/23/03 | - | - | - |
| 09/24/03 | - | - | - |
| 09/25/03 | - | - | - |

Attorney Work Product
Privileged and Confidential

1 of 2

11/12/2004,
11:07 AM

A-59

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE - Vendor ID: 0000867(
*Preference Analysis - New Value Defense*

For Settlement Purposes - Subject to FRE 408

| Date | Payments | New Value | Rolling Preference |
|------|----------|-----------|--------------------|
| 09/26/03 | - | - | - |
| 09/27/03 | - | - | - |
| 09/28/03 | - | - | - |
| 09/29/03 | - | - | - |
| 09/30/03 | - | - | - |
| 10/01/03 | - | - | - |
| 10/02/03 | - | - | - |
| 10/03/03 | 37,642.36 | - | 37,642.36 |
| 10/04/03 | - | - | 37,642.36 |
| 10/05/03 | - | - | 37,642.36 |
| 10/06/03 | - | - | 37,642.36 |
| 10/07/03 | - | - | 37,642.36 |
| 10/08/03 | - | - | 37,642.36 |
| 10/09/03 | - | - | 37,642.36 |
| 10/10/03 | - | - | 37,642.36 |
| 10/11/03 | - | - | 37,642.36 |
| 10/12/03 | - | - | 37,642.36 |
| 10/13/03 | - | - | 37,642.36 |
| 10/14/03 | - | - | 37,642.36 |
| 10/15/03 | - | - | 37,642.36 |
| 10/16/03 | - | - | 37,642.36 |
| 10/17/03 | - | - | 37,642.36 |
| 10/18/03 | - | - | 37,642.36 |
| 10/19/03 | - | - | 37,642.36 |
| 10/20/03 | - | - | 37,642.36 |
| 10/21/03 | - | - | 37,642.36 |
| 10/22/03 | - | - | 37,642.36 |
| 10/23/03 | - | - | 37,642.36 |
| | $ 70,240.94 | $ 32,598.58 | $ 37,642.36 |

Attorney Work Product
Privileged and Confidential

2 of 2

11/12/2004,
11:07 AM

A-60





```
Posted   : 10/03/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 109608
Amount   : 37642.36
DIN      : 75059796
```





Posted   : 08/04/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 106495
Amount   : 32598.58
DIN      : 71029155





```
Posted  : 08/08/2002
Bank    : 0002
R/T     : 007240478
Account : 2176977854
Check   : 86248
Amount  : 9136.90
DIN     : 434519375
```





```
Posted   : 07/18/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 105512
Amount   : 156225.03
DIN      : 25030075
```



```
Posted  : 07/02/2003
Bank    : 0002
R/T     : 007240478
Account : 2176977854
Check   : 104783
Amount  : 61165.83
DIN     : 13099175
```





```
Posted   : 06/19/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 103966
Amount   : 76133.01
DIN      : 74009741
```





```
Posted   : 06/02/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 103204
Amount   : 61606.49
DIN      : 31001888
```







```
Posted   :  05/0   2003
Bank     :  00 2
R/T      :  0072  478
Account  :  2176  7854
Check    :
Amount   :          56
DIN      :          55
```





```
Posted   : 04/18/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 100571
Amount   : 119164.42
DIN      : 75043592
```





```
Posted   : 04/03/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 99672
Amount   : 40616.90
DIN      : 74029046
```





```
Posted   : 03/19/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 98857
Amount   : 32463.44
DIN      : 73037837
```





```
Posted   : 03/03/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 98092
Amount   : 45442.87
DIN      : 71030287
```





```
Posted   : 02/18/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 97315
Amount   : 74271.52
DIN      : 62002545
```





```
Posted   : 02/03/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 96469
Amount   : 19737.14
DIN      : 61032717
```



```
Posted   : 01/17/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 95451
Amount   : 69187.18
DIN      : 35016761
```





```
Posted   : 01/06/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 94625
Amount   : 24658.20
DIN      : 91022084
```





```
Posted   : 12/04/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 93136
Amount   : 18741.55
DIN      : 93035979
```





```
Posted  : 11/18/2002
Bank    : 0002
R/T     : 007240478
Account : 2176977854
Check   : 92290
Amount  : 26718.71
DIN     : 71020143
```





```
Posted   : 11/05/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 91476
Amount   : 36936.23
DIN      : 92089005
```





```
Posted   : 10/18/2002
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 90427
Amount   : 42156.03
DIN      : 495524328
```





```
Posted   : 01/09/2003
Bank     : 0002
R/T      : 007240478
Account  : 2176977854
Check    : 89631
Amount   : 35857.76
DIN      : 94031172
```





```
Posted  : 09/23/2002
Bank    : 0002
R/T     : 007240478
Account : 2176977854
Check   : 88799
Amount  : 37205.93
DIN     : 490024947
```





```
Posted  : 09/09/2002
Bank    : 0002
R/T     : 007240478
Account : 2176977854
Check   : 88045
Amount  : 10335.16
DIN     : 490029381
```





```
Posted    : 08/21/2002
Bank      : 0002
R/T       : 007240478
Account   : 2176977854
Check     : 87207
Amount    : 49059.40
DIN       : 493518799
```

# EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ROUGE INDUSTRIES, INC., *et al.*,<br><br>    Debtors. | Chapter 11<br><br>Case No. 03-13272 (MFW) |
| ROUGE STEEL COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>OMNISOURCE CORPORATION – FORT WAYNE BROK,<br><br>    Defendant. | Adv. Pro. No. _____ |

## COMPLAINT TO AVOID CERTAIN PREFERENTIAL TRANSFERS, TO RECOVER PROPERTY AND FOR RELATED RELIEF

Plaintiff, Rouge Steel Company ("Plaintiff"), files this Complaint to Avoid Certain Transfers, to Recover Property and for Related Relief against Omnisource Corporation – Fort Wayne Brok (the "Defendant") and states as follows:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2.    This is a core proceeding under 28 U.S.C. §157(b)(2)(E) and (F).

3.    Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## PARTIES AND BACKGROUND

4.    On October 23, 2003 (the "Petition Date"), Plaintiff, a Delaware corporation, and related entities (collectively with Plaintiff, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Debtors are continuing in possession of their property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5.    Defendant was, upon information and belief, at all material times a creditor of Plaintiff.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS
### (Pursuant to 11 U.S.C. § 547(b))

6.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 5 in their entirety as if fully set forth herein.

7.    Plaintiff transferred property to or for the benefit of the Defendant on or within 90 days before the Petition Date, in at least the respective amounts and on or about the dates set forth on Exhibit A annexed hereto, which is incorporated herein by reference and made a part hereof (the "Transfers").

8.    Defendant was a creditor of the Plaintiff at the time the Transfers were made.

9.    The Transfers were for or on account of an antecedent debt owed by Plaintiff to the Defendant before the Transfers were made.

10.    At all material times, Plaintiff was insolvent.

2

11.    As a result of the Transfers made by Plaintiff to the Defendant, the Defendant received more than it would have received if (i) the Plaintiff's case was a case under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant had received a distribution on account of its antecedent debt under the provisions of the Bankruptcy Code.

12.    The Plaintiff is entitled to avoid the Transfers under section 547(b) of the Bankruptcy Code

### COUNT II
### TO RECOVER AVOIDABLE TRANSFERS
### (Pursuant to 11 U.S.C. § 550)

13.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12 in their entirety as if fully set forth herein.

14.    Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

15.    The Plaintiff is entitled to recover for the benefit of its estate from the Defendant, under section 550 of the Bankruptcy Code, all Transfers to or for the benefit of the Defendant or the aggregate value thereof.

WHEREFORE the Plaintiff prays for entry of judgment in its favor and against the Defendant:

a.    Avoiding each of the Transfers set forth on Exhibit A;

b.    Awarding the Plaintiff a judgment in an amount against the Defendant equal to the aggregate value of the Transfers to the Defendant and directing the Defendant forthwith to return the amount awarded to the Plaintiff;

3

c.    Providing that any and all claims against the Debtors scheduled or filed in these cases by the Defendant shall be disallowed in full if the Defendant fails or refuses to return to the Plaintiff the amount awarded;

d.    Awarding the Plaintiff interest on each amount for which judgment is entered at the highest legally permissible rate from the initial date the Debtors demanded payment of the amount transferred to the Defendant to the date of entry of judgment;

e.    Awarding the Plaintiff interest after judgment at the highest legal rate on each amount for which judgment is entered until the amount has been fully paid with costs and accrued interest;

f.    Awarding the Plaintiff its costs; and

g.    Granting the Plaintiff such additional relief as is just.

Dated: Wilmington, Delaware
August 4, 2005

MORRIS, NICHOLS, ARSHT & TUNNELL

_____
William H. Sudell, Jr. (#463)
Donna L. Culver (#2983)
Joanna F. Newdeck (#4587)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200

Attorneys for Rouge Steel Company,
Debtor and Plaintiff

475590

4

A-89

## EXHIBIT A

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE - Vendor ID: 00008670

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| Invoice | | | | Payment | | | | |
|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| 65932 | 2003-06-16 | 4,356.32 | 2003-07-01 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 65933 | 2003-06-16 | 4,361.14 | 2003-07-01 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66741 | 2003-06-16 | 4,385.93 | 2003-07-01 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66795 | 2003-06-18 | 4,648.11 | 2003-07-03 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66758 | 2003-06-18 | 5,044.60 | 2003-07-03 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66812 | 2003-06-19 | 4,839.25 | 2003-07-04 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 66540 | 2003-06-19 | 4,963.23 | 2003-07-04 | 0106495 | 2003-07-31 | 8/4/2003 | 32,598.58 | Check |
| 16863 | 2003-08-05 | 6,423.28 | 2003-09-04 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65927 | 2003-08-07 | 4,755.85 | 2003-09-06 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 223847 | 2003-08-07 | 4,770.59 | 2003-09-06 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65924 | 2003-08-07 | 5,259.43 | 2003-09-06 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65923 | 2003-08-07 | 5,404.08 | 2003-09-06 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65941 | 2003-08-09 | 5,314.34 | 2003-09-08 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |
| 65942 | 2003-08-12 | 5,714.79 | 2003-09-11 | 0109608 | 2003-09-30 | 10/3/2003 | 37,642.36 | Check |

# EXHIBIT G

MEDDue, PREF, DISCDue

## U.S. Bankruptcy Court
## District of Delaware (Delaware)
## Adversary Proceeding #: 05-52242-PBL

*Assigned to:* Paul B. Lindsey
*Related BK Case:* 03-13272
*Related BK Title:* Rouge Industries, Inc.
*Demand:* $3000000
*Nature of Suit:* 454

*Date Filed:* 08/04/05

### Plaintiff
--------------------

**Rouge Steel Company**
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

represented by   **Joanna Flynn Newdeck**
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
Wilmington, DE 19801
302-658-9200
Fax : 302-658-3989
Email: jnewdeck@mnat.com

**William H. Sudell, Jr.**
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
302-658-9200
*LEAD ATTORNEY*

V.

### Defendant
--------------------

**Omnisource Corporation - Fort Wayne Brok**

represented by   **James C. Carignan**
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19801
302-777-6500
Fax : 302-421-8390
Email: carignaj@pepperlaw.com

| Filing Date | # | Docket Text |
|-------------|---|-------------|
|             |   |             |

# EXHIBIT H

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | |
| ROUGE INDUSTRIES, INC., *et al.*, | Chapter 11 |
| Debtors. | Case No. 03-13272 (MFW) |
| ROUGE STEEL COMPANY, | |
| Plaintiff, | Adversary Proceeding No. 05-52242 |
| v. | |
| OMNISOURCE CORPORATION – FORT WAYNE BROK, | |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT TO AVOID CERTAIN PREFERENTIAL TRANSFERS, TO RECOVER PROPERTY AND FOR RELATED RELIEF

COMES NOW Defendant, OmniSource Corporation ("OmniSource"), by counsel, and

for its Answer to Plaintiff's Complaint to Avoid Certain Preferential Transfers, to Recover

Property and for Related Relief ("Complaint"), answers and alleges as follows:

       1.     OmniSource admits the allegations contained in paragraph 1 of the Complaint.

       2.     OmniSource admits the allegations contained in paragraph 2 of the Complaint.

       3.     OmniSource admits the allegations contained in paragraph 3 of the Complaint.

### AS TO PARTIES AND BACKGROUND

       4.     OmniSource lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and therefore

denies the same. To the extent that the statements contained in this paragraph are matters of public record, OmniSource does not deny same.

5.  OmniSource admits it was a creditor of Plaintiff at certain times prior to October 23, 2003.

## AS TO COUNT I

6.  OmniSource restates, as if fully restated herein, all of its responses to the allegations set forth in Paragraphs 1 through 5 of the Complaint.

7.  OmniSource admits receiving check number 0106495 in the amount of $32,598.58 and check number 0109608 in the amount of $37,642.36 from Plaintiff during the ninety day period immediately preceding the commencement of the Debtor's bankruptcy case, and denies the remaining allegations contained in paragraph 7 of the Complaint.

8.  OmniSource admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.  OmniSource lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies the same.

10.  OmniSource lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies the same.

11.  OmniSource lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies the same.

12.    OmniSource denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

## AS TO COUNT II

13.    OmniSource restates, as if fully restated herein, all of its responses to the allegations set forth in Paragraphs 1-12 of the Complaint.

14.    OmniSource admits the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.    OmniSource denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

OmniSource, as and for its affirmative defenses to the allegations of the Complaint, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted, for the reason that Plaintiff was not insolvent at the time the alleged transfers were made.

## SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiff's claim under Section 547, such claim is barred in part or in whole for the reason that any alleged transfer was in payment of a debt incurred by Plaintiff in the ordinary course of business or financial affairs of Plaintiff and Defendant, was made in the ordinary course of business or financial affairs between Plaintiff and Defendant, and was made according to ordinary business terms existing within the industry.

## THIRD AFFIRMATIVE DEFENSE

With respect to Plaintiff's claim under Section 547, such claim is barred, in part or in whole, for the reason that after the alleged transfers OmniSource gave new value to or for the benefit of Plaintiff which was not secured by an otherwise unavoidable security interest, and, on account of which, the Debtor did not make an otherwise unavoidable transfer to or for the benefit of OmniSource.

### FOURTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's claim under Section 547, such claim is barred, in part or in whole, for the reason that such transfers were intended by Plaintiff and OmniSource to be contemporaneous exchanges for new value, which new value was given to the Plaintiff and was, in fact, substantially contemporaneous.

### FIFTH AFFIRMATIVE DEFENSE

There is no legal or equitable basis upon which the Plaintiff is entitled to the recovery of interest and costs. Accordingly, the Plaintiff's request for such relief should be denied.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing this action by the doctrine of preclusion.

### RESERVATION OF RIGHTS

OmniSource reserves the right to raise any and all additional affirmative defenses as they become known.

**WHEREFORE**, OmniSource, requests that Plaintiff take nothing by its Complaint, that this Court enter judgment in its favor and against Plaintiff, together with costs of this proceeding, and for all other just and proper relief in the premises.

Dated: September 6, 2005
Wilmington, DE

PEPPER HAMILTON LLP
David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

Thomas P. Yoder, Esq.
Anne E. Simerman, Esq.
Barrett & McNagny LLP
215 E. Berry Street
P.O. Box 2263
Fort Wayne, IN  46801-2263
(260) 423-8952

*Counsel    for    Defendant    Omnisource Corporation – Fort Wayne Brok*

396728
WL: #175279 v1 (3R8V01!.DOC)

# EXHIBIT I

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROUGE INDUSTRIES, INC., *et al.*, | |
| Debtors. | Case No. 03-13272 (MFW) |
| ROUGE STEEL COMPANY, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 05-52242 (PBL) |
| OMNISOURCE CORPORATION – FORT WAYNE BROK, | |
| Defendant. | |

## PLAINTIFF'S MOTION FOR LEAVE
## TO FILE AN AMENDED COMPLAINT

Pursuant to Federal Rule of Bankruptcy Procedure 7015(a) and Federal Rule of Civil Procedure 15(a), plaintiff Rouge Steel Company ("Rouge") hereby moves for leave to file an Amended Complaint To Avoid Preferential Transfers And To Recover Property Pursuant To 11 U.S.C. §§ 547 and 550 (the "Amended Complaint") against defendant Omnisource Corporation- Fort Wayne Brok ("Omnisource"). Pursuant to District of Delaware Local Rule 15.1, attached as Exhibit 1 hereto is a form of the Amended Complaint showing the respects in which it differs from the original Complaint, and attached as Exhibit 2 are two copies of the Amended Complaint. The grounds for this motion are as follows:

1.      On August 4, 2005, Rouge filed this adversary proceeding seeking to recover pursuant to 11 U.S.C. §§ 547 and 550 various transfers made to Omnisource during the ninety days prior to Rouge's bankruptcy filing (the "Complaint"). The demand amount as shown

**A-98**

on the docket, a copy of which is attached as Exhibit 3, was for $3,000,000. On September 6, 2005, Omnisource filed and served its Answer to the Complaint. The pretrial conference, which was scheduled for October 26, 2005, was cancelled at the request of the Court and the scheduling order was entered under certification of counsel. On November 1, 2005, counsel for Omnisource served discovery on Rouge. Today, as counsel for Rouge began to review the discovery requests, it was determined that the wrong exhibit had been mistakenly attached to the Complaint. As the result of discovering this error, Rouge seeks leave to amend its Complaint only by attaching the correct exhibit A to the Complaint.

       2.     Rouge originally had two different files for Omnisource detailing two separate sets of preferential transfers. Rouge had previously been in contact with counsel for Omnisource regarding both sets of transfers. One set of transfers was for approximately $70,000 and the other set of transfers was for approximately $3,000,000. Rouge filed the Complaint seeking to avoid the approximately $3,000,000 of transfers, as evidenced by the "demand amount" recorded on the docket. However, Rouge erroneously attached the wrong Omnisource exhibit to the Complaint, that related to approximately $70,000 of transfers.

       3.     Although the wrong exhibit A was attached to the Complaint, Omnisource was at all times on notice that Rouge believed that at least $3,000,000 of the transfers made to Omnisource were preferential and thus subject to recovery. First, the demand amount listed on the docket shows that Rouge is seeking to avoid approximately $3,000,000 worth of payments. Second, even before filing the Complaint, Rouge corresponded with counsel for Omnisource and stated that at least approximately $3,000,000 of payments were preferential. Specifically, on September 21, 2004, Rouge sent a letter to Omnisource, attached hereto as Exhibit 4, stating that payments in the amount of at least $2,903,343.83 were made during the preference period. In response to Omnisource's counsel's request for documentation, on November 19, 2004, Rouge

sent Omnisource's counsel a letter, attached hereto as Exhibit 5, which included Rouge's preference analysis that identified each transfer of the approximately $3,000,000 Rouge believed to be preferential. Thus Omnisource was on notice of the specific transfers that made up the approximately $3,000,000 of preference payments.

4.    Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." The United States Supreme Court stated in Foman v. Davis, 371 U.S. 178, 181-182 (1962), that "this mandate is to be heeded":

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

The Supreme Court also stated in Foman that leave to amend should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Id. at 182; see also In re Burlington Coat Factory, 114 F.3d 1410, 1434 (3d Cir. 1997) (allowing amendment of complaint because there was no finding of bad faith by plaintiffs or undue prejudice to defendants).

5.    Here, there is no basis to deny the motion to amend. Immediately upon discovering the error, Rouge contacted opposing counsel to resolve the situation. Because a speedy resolution could not be reached, Rouge filed this motion. No undue prejudice exists because: (1) Omnisource has been on notice since September 2004 that Rouge believed that approximately $3,000,000 worth of transfers were preferential, (2) in November 2004 Rouge provided a list of those transfers to Omnisource (and copies of the cancelled checks evidencing them) and (3) the "demand amount" listed on the docket explicitly states that the amount Rouge is seeking to recover is $3,000,000. Further, because both parties are in the very early stages of

-3-

A-100

discovery and have until February 3, 2006 to complete fact discovery there is no undue prejudice.

### Rule 7.1.1 Statement

        4.      In accordance with Rule 7.1.1 of the Local Rules of Civil Practice and Procedure for the United States District Court for the District of Delaware (the "Local Rules"), counsel for Rouge has contacted opposing counsel in an attempt to reach agreement with respect to the subject matter of the motion but no agreement has been reached as of this filing.

### Request for Waiver of Filing a Memorandum of Law

        5.      In light of the nature of the relief requested, and because this motion raises no novel issues of law, Rouge respectfully requests that this Court dispense with the requirement for submission of a memorandum of law contained in Rule 7.1.2 of the Local Rules, except that Plaintiff reserves its right to file a brief in opposition to any objection to this motion.

        WHEREFORE, Rouge respectfully requests that the Court grant its Motion for Leave To File an Amended Complaint and enter an Order in the form attached as Exhibit 6 hereto.

Dated:  Wilmington, Delaware
         November 4, 2005

                        MORRIS, NICHOLS, ARSHT & TUNNELL

                        William H. Sudell, Jr. (#463)
                        Donna L. Culver (#2983)
                        Joanna F. Newdeck (#4587)
                        1201 North Market Street
                        P.O. Box 1347
                        Wilmington, Delaware  19899-1347
                        (302) 658-9200

                        Attorneys for Rouge Steel Company,
                          Debtor and Plaintiff

491343

-4-

# EXHIBIT J

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROUGE INDUSTRIES, INC., *et al.*, | |
| Debtors. | Case No. 03-13272 (MFW) |
| ROUGE STEEL COMPANY, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 05-52242 (PBL) |
| OMNISOURCE CORPORATION – FORT WAYNE BROK, | |
| Defendant. | |

---

## AMENDED COMPLAINT TO AVOID CERTAIN PREFERENTIAL TRANSFERS, TO RECOVER PROPERTY AND FOR RELATED RELIEF

Plaintiff, Rouge Steel Company ("Plaintiff"), files this Complaint to Avoid Certain Transfers, to Recover Property and for Related Relief against Omnisource Corporation – Fort Wayne Brok (the "Defendant") and states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding under 28 U.S.C. §157(b)(2)(E) and (F).

3.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

### PARTIES AND BACKGROUND

4.      On October 23, 2003 (the "Petition Date"), Plaintiff, a Delaware corporation, and related entities (collectively with Plaintiff, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Debtors are continuing in possession of their property as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5.      Defendant was, upon information and belief, at all material times a creditor of Plaintiff.

### COUNT I
### AVOIDANCE OF PREFERENTIAL TRANSFERS
#### (Pursuant to 11 U.S.C. § 547(b))

6.      Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 5 in their entirety as if fully set forth herein.

7.      Plaintiff transferred property to or for the benefit of the Defendant on or within 90 days before the Petition Date, in at least the respective amounts and on or about the dates set forth on Exhibit A annexed hereto, which is incorporated herein by reference and made a part hereof (the "Transfers").

8.      Defendant was a creditor of the Plaintiff at the time the Transfers were made.

9.      The Transfers were for or on account of an antecedent debt owed by Plaintiff to the Defendant before the Transfers were made.

10.     At all material times, Plaintiff was insolvent.

A-103

11.    As a result of the Transfers made by Plaintiff to the Defendant, the Defendant received more than it would have received if (i) the Plaintiff's case was a case under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant had received a distribution on account of its antecedent debt under the provisions of the Bankruptcy Code.

12.    The Plaintiff is entitled to avoid the Transfers under section 547(b) of the Bankruptcy Code

### COUNT II
### TO RECOVER AVOIDABLE TRANSFERS
### (Pursuant to 11 U.S.C. § 550)

13.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12 in their entirety as if fully set forth herein.

14.    Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

15.    The Plaintiff is entitled to recover for the benefit of its estate from the Defendant, under section 550 of the Bankruptcy Code, all Transfers to or for the benefit of the Defendant or the aggregate value thereof.

WHEREFORE the Plaintiff prays for entry of judgment in its favor and against the Defendant:

a.    Avoiding each of the Transfers set forth on Exhibit A;

b.    Awarding the Plaintiff a judgment in an amount against the Defendant equal to the aggregate value of the Transfers to the Defendant and directing the Defendant forthwith to return the amount awarded to the Plaintiff;

3

c.      Providing that any and all claims against the Debtors scheduled or filed in these cases by the Defendant shall be disallowed in full if the Defendant fails or refuses to return to the Plaintiff the amount awarded;

d.      Awarding the Plaintiff interest on each amount for which judgment is entered at the highest legally permissible rate from the initial date the Debtors demanded payment of the amount transferred to the Defendant to the date of entry of judgment;

e.      Awarding the Plaintiff interest after judgment at the highest legal rate on each amount for which judgment is entered until the amount has been fully paid with costs and accrued interest;

f.      Awarding the Plaintiff its costs; and

g.      Granting the Plaintiff such additional relief as is just.

Dated:  Wilmington, Delaware
       November 4, 2005

MORRIS, NICHOLS, ARSHT & TUNNELL

*William H. Sudell*

William H. Sudell, Jr. (#463)
Donna L. Culver (#2983)
Joanna F. Newdeck (#4587)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347
(302) 658-9200

Attorneys for Rouge Steel Company,
    Debtor and Plaintiff

491440

4

**EXHIBIT A**

**Rouge Industries, Inc.**
OMNISOURCE CORPORATION - FORT WAYNE BROK - Vendor ID: 00005432

| Filing Date: | October 23, 2003 | |
|---|---|---|
| Preference Period: | 7/25/2003 | 10/23/2003 |

| | Invoice | | | | Payment | | | |
|---|---|---|---|---|---|---|---|---|
| Number | Date | Amount | Due Date | Number | Check/Wire Date | Clear Date | Amount | Type |
| DM330393 | 2003-10-03 | (7,502.55) | 2003-10-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| DM330376 | 2003-09-17 | (5,800.97) | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| DM330379 | 2003-09-23 | (5,319.71) | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| DM330387 | 2003-09-30 | (5,100.59) | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| DM330378 | 2003-09-23 | (3,180.50) | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 250907 | 2003-08-12 | 4,449.39 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251062 | 2003-08-18 | 4,508.86 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252375 | 2003-09-15 | 4,705.85 | 2003-09-15 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251183 | 2003-08-19 | 4,722.93 | 2003-09-18 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 250870 | 2003-08-11 | 4,774.96 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250901 | 2003-08-12 | 4,785.37 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250905 | 2003-08-12 | 4,925.11 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250606 | 2003-08-05 | 5,035.11 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251622 | 2003-08- | | 2003-09- | 0109709 | 2003-10-03 | 10/6/2003 | | Check |

| Check # | Date | Amount | Date | Account | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 250917 | 2003-08-30 | 5,036.60 | 2003-09-29 | 0108428 | 2003-09-12 | 9/16/2003 | 467,333.94 | Check |
| 250645 | 2003-08-13 | 5,044.03 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251383 | 2003-08-05 | 5,073.77 | 2003-09-04 | 0109064 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 250717 | 2003-08-26 | 5,097.55 | 2003-09-25 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 251619 | 2003-08-06 | 5,116.88 | 2003-09-05 | 0109709 | 2003-10-03 | 10/6/2003 | 538,102.64 | Check |
| 252974 | 2003-09-30 | 5,157.02 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 256728 | 2003-08-24 | 5,161.06 | 2003-09-24 | 0108428 | 2003-09-12 | 9/16/2003 | 467,333.94 | Check |
| 251064 | 2003-08-07 | 5,165.94 | 2003-09-06 | 0108841 | 2003-09-19 | 9/22/2003 | 538,102.64 | Check |
| 251063 | 2003-08-18 | 5,183.77 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 250604 | 2003-08-18 | 5,203.10 | 2003-09-17 | 0108428 | 2003-09-12 | 9/16/2003 | 275,516.15 | Check |
| 250727 | 2003-08-05 | 5,222.43 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250816 | 2003-08-07 | 5,241.75 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251061 | 2003-08-08 | 5,277.43 | 2003-09-07 | 0108841 | 2003-09-19 | 9/22/2003 | 538,102.64 | Check |
| 251618 | 2003-08-18 | 5,292.30 | 2003-09-17 | 0109709 | 2003-10-03 | 10/6/2003 | 275,516.15 | Check |
| 253029 | 2003-09-30 | 5,301.22 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251379 | 2003-08-26 | 5,364.58 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 467,333.94 | Check |
| 252975 | 2003-09-23 | 5,371.09 | 2003-09-22 | 0109709 | 2003-10-03 | 10/6/2003 | 441,303.76 | Check |
| 250651 | 2003-08-24 | 5,389.44 | 2003-09-24 | 0108428 | 2003-09-12 | 9/16/2003 | 467,333.94 | Check |
| 252471 | 2003-09-07 | 5,390.41 | 2003-09-06 | 0108841 | 2003-09-19 | 9/22/2003 | 538,102.64 | Check |
| 250906 | 2003-08-16 | 5,428.28 | 2003-09-16 | 0108428 | 2003-09-12 | 9/16/2003 | 275,516.15 | Check |

2

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 252777 | 2003-09-12 | 5,436.50 | 2003-09-11 | | | | 538,102.64 | Check |
| 251621 | 2003-08-24 | 5,445.37 | 2003-09-24 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 250603 | 2003-08-30 | 5,467.71 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251484 | 2003-08-05 | 5,473.66 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251487 | 2003-08-27 | 5,479.61 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251521 | 2003-08-28 | 5,482.58 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251523 | 2003-08-29 | 5,485.55 | 2003-09-28 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251524 | 2003-08-30 | 5,487.04 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 250923 | 2003-08-30 | 5,487.04 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252006 | 2003-08-14 | 5,504.88 | 2003-09-13 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251188 | 2003-09-08 | 5,526.16 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251490 | 2003-08-21 | 5,546.50 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 250916 | 2003-08-28 | 5,558.40 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251184 | 2003-08-13 | 5,559.88 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251493 | 2003-08-20 | 5,561.37 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251378 | 2003-08-29 | 5,571.78 | 2003-09-28 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253472 | 2003-08-23 | 5,582.18 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 250291 | 2003-10-04 | 5,583.22 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 251323 | 2003-08-05 | 5,583.67 | 2003-09-04 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250190 | 2003-08-21 | 5,591.10 | 2003-08-20 | 0109064 / 0108428 | 2003-09-26 / 2003-09-12 | 9/29/2003 / 9/16/2003 | 441,303.76 | Check Check |

3

| Check # | Date | Amount | Date | Invoice | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 251189 | 2003-08-01 | 5,594.08 | 2003-09-31 | 0109064 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 251477 | 2003-08-21 | 5,597.05 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 250909 | 2003-08-26 | 5,603.00 | 2003-09-25 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 250648 | 2003-08-12 | 5,617.86 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251876 | 2003-09-06 | 5,628.27 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250188 | 2003-08-05 | 5,650.44 | 2003-08-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250807 | 2003-08-01 | 5,662.46 | 2003-09-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251495 | 2003-08-08 | 5,663.95 | 2003-09-07 | 0109064 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 252228 | 2003-09-25 | 5,663.95 | 2003-09-24 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 251286 | 2003-08-11 | 5,670.64 | 2003-09-11 | 0108841 | 2003-09-19 | 9/22/2003 | 538,102.64 | Check |
| 252114 | 2003-09-20 | 5,677.33 | 2003-09-19 | 0108428 | 2003-09-12 | 9/16/2003 | 275,516.15 | Check |
| 251040 | 2003-08-11 | 5,701.71 | 2003-09-11 | 0108841 | 2003-09-19 | 9/22/2003 | 538,102.64 | Check |
| 251489 | 2003-08-14 | 5,720.44 | 2003-09-13 | 0109709 | 2003-10-03 | 10/6/2003 | 275,516.15 | Check |
| 251485 | 2003-08-28 | 5,781.39 | 2003-09-27 | 0109064 | 2003-09-26 | 9/29/2003 | 467,333.94 | Check |
| 251067 | 2003-08-27 | 5,782.87 | 2003-09-26 | 0108841 | 2003-09-19 | 9/22/2003 | 441,303.76 | Check |
| 251492 | 2003-08-18 | 5,806.66 | 2003-09-17 | 0109709 | 2003-10-03 | 10/6/2003 | 275,516.15 | Check |
| 250649 | 2003-08-28 | 5,833.42 | 2003-09-27 | 0108428 | 2003-09-12 | 9/16/2003 | 467,333.94 | Check |
| 250650 | 2003-08-06 | 5,834.91 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251481 | 2003-08-06 | 5,834.91 | 2003-09-05 | 0109064 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 251880A | 2003-09-27 | 5,840.85 | 2003-09-26 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |

4

| | | | | | | | 538,102.64 | |
| 251187 | 2003-08-20 05 | 5,850.86 | 2003-09-19 05 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252996 | 2003-09-25 | 5,852.74 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 250920 | 2003-08-13 | 5,855.52 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 250196 | 2003-08-04 | 5,857.20 | 2003-09-03 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252959 | 2003-09-24 | 5,869.10 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 250198 | 2003-08-04 | 5,869.50 | 2003-09-03 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252109 | 2003-09-10 | 5,895.86 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251377 | 2003-08-23 | 5,895.91 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252043 | 2003-09-09 | 5,897.34 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252536 | 2003-10-19 | 5,903.68 | 2003-09-19 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 253213 | 2003-09-02 | 5,930.09 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253062 | 2003-10-26 | 5,934.23 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251942 | 2003-10-08 | 5,934.75 | 2003-10-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253418 | 2003-10-03 | 5,955.32 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253124 | 2003-09-29 | 5,978.11 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253011 | 2003-09-25 | 5,990.68 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252770 | 2003-09-23 | 5,998.45 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252980 | 2003-09-25 | 6,000.00 | 2003-09-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251381 | 2003-08-25 | 6,001.56 | 2003-09-24 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252693 | 2003-09-24 | 6,005.86 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | | Check |

5

A-111

| Check # | Date | Amount | Ref # | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|
| 253090 | 2003-09-22 | 6,007.77 | 0109709 | 2003-10-03 | 10/6/2003 | 441,303.76 | Check |
| 253422 | 2003-09-29 | 6,007.77 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 253687 | 2003-10-05 | 6,009.45 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253123 | 2003-09-07 | 6,011.01 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 253696 | 2003-10-29 | 6,020.20 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 253008 | 2003-09-07 | 6,025.12 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 252385 | 2003-09-25 | 6,027.97 | 0108841 | 2003-09-19 | 9/22/2003 | 467,333.94 | Check |
| 251935 | 2003-09-16 | 6,031.08 | 0108428 | 2003-09-12 | 9/16/2003 | 275,516.15 | Check |
| 250925 | 2003-09-05 | 6,032.63 | 0108841 | 2003-09-19 | 9/22/2003 | 538,102.64 | Check |
| 253085 | 2003-09-14 | 6,037.08 | 0109709 | 2003-10-03 | 10/6/2003 | 275,516.15 | Check |
| 253692 | 2003-10-27 | 6,041.95 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 253067 | 2003-09-07 | 6,047.05 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 252630 | 2003-09-27 | 6,048.16 | 0109064 | 2003-09-26 | 9/29/2003 | 467,333.94 | Check |
| 250128 | 2003-09-19 | 6,052.83 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 252999 | 2003-08-01 | 6,056.41 | 0109709 | 2003-10-03 | 10/6/2003 | 538,102.64 | Check |
| 253050 | 2003-09-25 | 6,057.49 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253207 | 2003-09-26 | 6,057.49 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 252981 | 2003-10-01 | 6,068.99 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 251254 | 2003-09-25 | 6,079.24 | 0108841 | 2003-09-19 | 9/22/2003 | 467,333.94 | Check |
| 252728 | 2003-09-20 | 6,083.17 | 0109064 | 2003-09-26 | 9/29/2003 | 275,516.15 | Check |

6

| Ref | Date | Invoice Amount | Date | Check No. | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 250197 | 2003-08-22 | 6,088.56 | 2003-08-22 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 252686 | 2003-09-01 | 6,090.60 | 2003-08-31 | 0109064 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 251380 | 2003-08-20 | 6,094.77 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 253524 | 2003-10-23 | 6,095.06 | 2003-09-22 | 0109915 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 253196 | 2003-09-06 | 6,095.63 | 2003-10-06 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 253197 | 2003-09-30 | 6,096.33 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253035 | 2003-09-30 | 6,096.33 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251376 | 2003-08-26 | 6,099.43 | 2003-09-26 | 0109709 | 2003-09-26 | 9/29/2003 | 467,333.94 | Check |
| 251488 | 2003-08-25 | 6,101.01 | 2003-09-24 | 0109064 | 2003-10-03 | 10/6/2003 | 441,303.76 | Check |
| 252672 | 2003-09-28 | 6,101.01 | 2003-09-27 | 0109709 | 2003-09-26 | 9/29/2003 | 467,333.94 | Check |
| 252772 | 2003-09-20 | 6,102.54 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252471A | 2003-09-23 | 6,104.09 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252960 | 2003-09-16 | 6,110.31 | 2003-09-16 | 0109064 | 2003-10-03 | 10/6/2003 | 441,303.76 | Check |
| 252679 | 2003-09-24 | 6,114.97 | 2003-09-24 | 0109709 | 2003-09-26 | 9/29/2003 | 467,333.94 | Check |
| 252633 | 2003-09-20 | 6,118.08 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 253028 | 2003-09-19 | 6,119.63 | 2003-09-19 | 0109064 | 2003-10-03 | 10/6/2003 | 441,303.76 | Check |
| 253476 | 2003-10-26 | 6,122.74 | 2003-09-26 | 0109709 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 250918 | 2003-08-04 | 6,128.54 | 2003-11-03 | 0109915 | 2003-09-12 | 9/16/2003 | 443,770.00 | Check |
| 252005 | 2003-09-13 | 6,129.25 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252977 | 2003-09-08 | 6,130.51 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
|  |  |  |  | 0109709 | 2003-10-03 | 10/6/2003 | 538,102.64 | Check |

| Check No. | Date | Amount | Date | Ref No. | Date | Amount | Type |
|---|---|---|---|---|---|---|---|
| 251475 | 2003-08-24 | 6,130.51 | 2003-09-26 | 0109064 | 9/29/2003 | 467,333.94 | Check |
| 252726 | 2003-09-26 | 6,136.68 | 2003-09-26 | 0109064 | 9/29/2003 | 441,303.76 | Check |
| 253088 | 2003-09-22 | 6,138.27 | 2003-10-03 | 0109709 | 10/6/2003 | 441,303.76 | Check |
| 251185 | 2003-08-27 | 6,139.83 | 2003-09-19 | 0108841 | 9/22/2003 | 467,333.94 | Check |
| 252965 | 2003-09-20 | 6,142.63 | 2003-10-03 | 0109709 | 10/6/2003 | 275,516.15 | Check |
| 252714 | 2003-09-25 | 6,144.49 | 2003-09-26 | 0109064 | 9/29/2003 | 467,333.94 | Check |
| 253006 | 2003-09-22 | 6,146.04 | 2003-10-03 | 0109709 | 10/6/2003 | 441,303.76 | Check |
| 252737 | 2003-09-25 | 6,146.04 | 2003-09-26 | 0109064 | 9/29/2003 | 467,333.94 | Check |
| 253475 | 2003-10-03 | 6,153.81 | 2003-10-10 | 0109915 | 10/14/2003 | 441,303.76 | Check |
| 252376 | 2003-09-15 | 6,156.74 | 2003-09-19 | 0108841 | 9/22/2003 | 443,770.00 | Check |
| 252781 | 2003-08-24 | 6,160.02 | 2003-10-03 | 0109709 | 10/6/2003 | 275,516.15 | Check |
| 251482 | 2003-10-27 | 6,163.13 | 2003-09-26 | 0109064 | 9/29/2003 | 467,333.94 | Check |
| 253700 | 2003-10-08 | 6,163.44 | 2003-10-10 | 0109915 | 10/14/2003 | 441,303.76 | Check |
| 253522 | 2003-09-04 | 6,164.58 | 2003-10-10 | 0109915 | 10/14/2003 | 443,770.00 | Check |
| 252971 | 2003-09-24 | 6,166.15 | 2003-10-03 | 0109709 | 10/6/2003 | 443,770.00 | Check |
| 252752 | 2003-10-23 | 6,166.24 | 2003-09-26 | 0109064 | 9/29/2003 | 467,333.94 | Check |
| 253689 | 2003-09-07 | 6,167.79 | 2003-10-10 | 0109915 | 10/14/2003 | 441,303.76 | Check |
| 253091 | 2003-08-29 | 6,169.28 | 2003-10-03 | 0109709 | 10/6/2003 | 443,770.00 | Check |
| 251491 | 2003-10-28 | 6,169.35 | 2003-10-03 | 0109709 | 10/6/2003 | 467,333.94 | Check |
| 253212 | | 6,169.39 | 2003-10-10 | 0109915 | 10/14/2003 | 467,333.94 | Check |

8

A-114

| Check # | Date | Amount | Date | Ref # | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 251345 | 2003-08-02 | 6,170.85 | 2003-09-01 | 0109064 | 2003-09-26 | 9/29/2003 | 443,770.00 | Check |
| 253142 | 2003-09-22 | 6,170.88 | 2003-09-21 | 0109709 | 2003-10-03 | 10/6/2003 | 441,303.76 | Check |
| 253215 | 2003-10-30 | 6,170.90 | 2003-10-30 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 253139 | 2003-09-01 | 6,172.41 | 2003-09-31 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 252528 | 2003-09-30 | 6,172.45 | 2003-09-30 | 0109064 | 2003-09-26 | 9/29/2003 | 467,333.94 | Check |
| 253526 | 2003-10-17 | 6,174.01 | 2003-10-17 | 0109915 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 253190 | 2003-09-06 | 6,175.55 | 2003-09-06 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 250919 | 2003-08-30 | 6,175.56 | 2003-09-30 | 0108428 | 2003-09-12 | 9/16/2003 | 467,333.94 | Check |
| 252498 | 2003-09-13 | 6,176.82 | 2003-09-12 | 0109064 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 253209 | 2003-10-17 | 6,178.67 | 2003-11-17 | 0109915 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 253201 | 2003-10-02 | 6,178.68 | 2003-10-01 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 253068 | 2003-09-01 | 6,180.22 | 2003-09-01 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253353 | 2003-10-27 | 6,181.77 | 2003-11-27 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 251193 | 2003-08-02 | 6,181.82 | 2003-09-01 | 0109064 | 2003-09-26 | 9/29/2003 | 443,770.00 | Check |
| 253204 | 2003-10-22 | 6,185.74 | 2003-10-21 | 0109915 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 253217 | 2003-11-01 | 6,186.52 | 2003-11-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 4278 | 2003-06-02 | 6,186.52 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 253530 | 2003-10-19 | 6,193.90 | 2003-10-04 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 250195 | 2003-08-07 | 6,194.35 | 2003-09-07 | 0108428 | 2003-09-12 | 9/16/2003 | 443,770.00 | Check |
| 250908 | 2003-08-04 | 6,196.15 | 2003-08-03 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |

9

A-115

| Check # | Date | Amount | Date | Account | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 252736 | 2003-09-22 | 6,196.15 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 252761 | 2003-09-23 | 6,197.31 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 250129 | 2003-08-01 | 6,197.31 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 253370 | 2003-10-03 | 6,200.61 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 251382 | 2003-08-26 | 6,202.19 | 2003-09-25 | 0109064 | 2003-09-26 | 9/29/2003 | 443,770.00 | Check |
| 252681 | 2003-09-20 | 6,203.58 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 253066 | 2003-09-26 | 6,205.08 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 441,303.76 | Check |
| 252108 | 2003-09-10 | 6,205.08 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 467,333.94 | Check |
| 252785 | 2003-09-24 | 6,206.63 | 2003-09-24 | 0109709 | 2003-10-03 | 10/6/2003 | 538,102.64 | Check |
| 252487 | 2003-09-16 | 6,208.19 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 467,333.94 | Check |
| 252674 | 2003-09-20 | 6,209.74 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 275,516.15 | Check |
| 252727 | 2003-08-23 | 6,211.29 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 251190 | 2003-09-21 | 6,214.40 | 2003-09-20 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 253089 | 2003-10-27 | 6,215.47 | 2003-09-27 | 0109709 | 2003-10-03 | 10/6/2003 | 441,303.76 | Check |
| 253369 | 2003-09-02 | 6,223.72 | 2003-11-01 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 252398 | 2003-09-16 | 6,224.12 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 443,770.00 | Check |
| 251060 | 2003-08-14 | 6,225.28 | 2003-09-13 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 253674 | 2003-10-07 | 6,225.88 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 275,516.15 | Check |
| 252717 | 2003-09-22 | 6,228.83 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 443,770.00 | Check |
| 4291 | 2003-06-22 | 6,231.49 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 441,303.76 | Check |

10

| Check No. | Date | Amount | Date | Account | Date | Amount | Type |
|---|---|---|---|---|---|---|---|
| 253195 | 2003-09-20 | 6,233.51 | 2003-10-03 | 0109709 | 10/6/2003 | 437,317.34 | |
| 253214 | 2003-09-30 | 6,234.60 | 2003-10-10 | 0109915 | 10/14/2003 | 467,333.94 | Check |
| 252490 | 2003-10-01 | 6,235.09 | 2003-09-19 | 0108841 | 9/22/2003 | 443,770.00 | Check |
| 252620 | 2003-09-16 | 6,236.15 | 2003-09-26 | 0109064 | 9/29/2003 | 275,516.15 | Check |
| 252694 | 2003-09-19 | 6,236.15 | 2003-09-26 | 0109064 | 9/29/2003 | 441,303.76 | Check |
| 252940 | 2003-09-22 | 6,237.70 | 2003-10-03 | 0109709 | 10/6/2003 | 441,303.76 | Check |
| 252763 | 2003-09-24 | 6,239.26 | 2003-09-26 | 0109064 | 9/29/2003 | 467,333.94 | Check |
| 252485 | 2003-09-23 | 6,243.92 | 2003-09-19 | 0108841 | 9/22/2003 | 441,303.76 | Check |
| 252489 | 2003-09-16 | 6,245.47 | 2003-09-19 | 0108841 | 9/22/2003 | 275,516.15 | Check |
| 252632 | 2003-09-16 | 6,245.47 | 2003-09-26 | 0109064 | 9/29/2003 | 275,516.15 | Check |
| 251066 | 2003-08-19 | 6,248.18 | 2003-09-19 | 0108841 | 9/22/2003 | 441,303.76 | Check |
| 252680 | 2003-09-18 | 6,248.58 | 2003-09-26 | 0109064 | 9/29/2003 | 275,516.15 | Check |
| 252716 | 2003-09-20 | 6,250.13 | 2003-09-26 | 0109064 | 9/29/2003 | 441,303.76 | Check |
| 250186 | 2003-09-22 | 6,251.15 | 2003-09-12 | 0108428 | 9/16/2003 | 441,303.76 | Check |
| 253521 | 2003-08-01 | 6,252.33 | 2003-10-10 | 0109915 | 10/14/2003 | 538,102.64 | Check |
| 252682 | 2003-10-05 | 6,254.79 | 2003-09-26 | 0109064 | 9/29/2003 | 443,770.00 | Check |
| 253080 | 2003-09-20 | 6,256.35 | 2003-10-03 | 0109709 | 10/6/2003 | 441,303.76 | Check |
| 253144 | 2003-09-27 | 6,261.01 | 2003-10-03 | 0109709 | 10/6/2003 | 467,333.94 | Check |
| 252381 | 2003-09-29 | 6,262.56 | 2003-09-19 | 0108841 | 9/22/2003 | 467,333.94 | Check |
| 252531 | 2003-09-16 | | 2003-09-26 | 0109064 | 9/29/2003 | 275,516.15 | Check |

11

| Check # | Date | Amount | Date | Ref # | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 252538 | 2003-09-17 | 6,262.56 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 253415 | 2003-10-03 | 6,265.67 | 2003-10-19 | 0109915 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 250922 | 2003-08-14 | 6,268.00 | 2003-09-02 | 0108841 | 2003-09-19 | 9/22/2003 | 443,770.00 | Check |
| 16685 | 2003-06-17 | 6,273.45 | 2003-07-13 | 0106432 | 2003-07-31 | 8/4/2003 | 275,516.15 | Check |
| 251948 | 2003-09-06 | 6,274.50 | 2003-09-17 | 0108428 | 2003-09-12 | 9/16/2003 | 437,317.34 | Check |
| 252112 | 2003-09-10 | 6,276.54 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253535 | 2003-10-07 | 6,278.10 | 2003-09-10 | 0109915 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 253058 | 2003-09-26 | 6,280.54 | 2003-10-07 | 0109709 | 2003-10-03 | 10/6/2003 | 443,770.00 | Check |
| 253208 | 2003-10-01 | 6,281.20 | 2003-09-26 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 253218 | 2003-10-02 | 6,282.10 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 252493 | 2003-09-17 | 6,282.10 | 2003-09-01 | 0108841 | 2003-09-19 | 9/22/2003 | 443,770.00 | Check |
| 252029 | 2003-09-08 | 6,282.76 | 2003-09-17 | 0108428 | 2003-09-12 | 9/16/2003 | 275,516.15 | Check |
| 252386 | 2003-09-16 | 6,288.97 | 2003-09-08 | 0108841 | 2003-09-19 | 9/22/2003 | 538,102.64 | Check |
| 252751 | 2003-09-23 | 6,290.53 | 2003-09-16 | 0109064 | 2003-09-26 | 9/29/2003 | 275,516.15 | Check |
| 252678 | 2003-09-20 | 6,292.08 | 2003-09-23 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 16718 | 2003-09-19 | 6,295.19 | 2003-09-20 | 0106432 | 2003-07-31 | 8/4/2003 | 441,303.76 | Check |
| 252230 | 2003-09-11 | 6,299.09 | 2003-07-04 | 0108428 | 2003-09-12 | 9/16/2003 | 437,317.34 | Check |
| 251877 | 2003-10-05 | 6,304.51 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253396 | 2003-10-03 | 6,307.62 | 2003-09-05 | 0109915 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 253508 | 2003-10-03 | 6,311.88 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 253203 | 2003-10-01 | 6,313.44 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 252499 | 2003-09-17 | 6,318.14 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 253126 | 2003-09-29 | 6,320.04 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253018 | 2003-09-26 | 6,321.60 | 2003-09-26 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253205 | 2003-10-01 | 6,323.15 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 252488 | 2003-09-16 | 6,327.55 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 16709 | 2003-06-19 | 6,327.81 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 251372 | 2003-08-22 | 6,330.51 | 2003-09-21 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252388 | 2003-09-15 | 6,331.43 | 2003-09-15 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251522 | 2003-08-29 | 6,332.47 | 2003-09-28 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 251373 | 2003-09-23 | 6,332.92 | 2003-09-22 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 252482 | 2003-09-16 | 6,334.40 | 2003-07-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 16727 | 2003-06-20 | 6,337.13 | 2003-09-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252113 | 2003-09-11 | 6,338.70 | 2003-09-11 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 16672 | 2003-08-16 | 6,341.80 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 251186 | 2003-09-20 | 6,342.80 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252107 | 2003-09-10 | 6,343.32 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253411 | 2003-10-03 | 6,346.46 | 2003-11-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 252496 | 2003-09-17 | 6,347.92 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251349 | 2003-08-17 | 6,352.67 | 2003-09- | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |

13

| Check # | Amount | Date | Ref # | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|
| 253531 | 6,353.73 | 2003-10-22 | 0109915 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 252064 | 6,354.19 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 443,770.00 | Check |
| 252387 | 6,355.78 | 2003-09-09 | 0108841 | 2003-09-19 | 9/22/2003 | 538,102.64 | Check |
| 253092 | 6,357.33 | 2003-10-16 | 0109709 | 2003-10-03 | 10/6/2003 | 275,516.15 | Check |
| 253419 | 6,358.88 | 2003-08-27 | 0109915 | 2003-10-10 | 10/14/2003 | 467,333.94 | Check |
| 251191 | 6,362.02 | 2003-09-03 | 0109064 | 2003-09-26 | 9/29/2003 | 443,770.00 | Check |
| 252059 | 6,362.65 | 2003-08-21 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 250730 | 6,371.31 | 2003-10-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253371 | 6,376.03 | 2003-09-07 | 0109915 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 253206 | 6,377.69 | 2003-08-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 251943 | 6,380.82 | 2003-09-01 | 0108428 | 2003-09-12 | 9/16/2003 | 443,770.00 | Check |
| 251520 | 6,383.46 | 2003-09-10 | 0109709 | 2003-10-03 | 10/6/2003 | 538,102.64 | Check |
| 252026 | 6,383.46 | 2003-09-29 | 0108428 | 2003-09-12 | 9/16/2003 | 467,333.94 | Check |
| 252766 | 6,396.17 | 2003-08-08 | 0109064 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 250921 | 6,396.17 | 2003-09-23 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 253523 | 6,402.79 | 2003-10-13 | 0109915 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 252055 | 6,405.90 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 443,770.00 | Check |
| 251961 | 6,408.60 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252012 | 6,414.81 | 2003-09-06 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 16669 | 6,419.48 | 2003-06-08 | 0106432 | 2003-07-31 | 8/4/2003 | | Check |

14

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 252497 | 2003-09-16 | 6,422.04 | 2003-09-01 | | 2003-09-26 | 9/29/2003 | 437,317.34 | Check |
| 252103 | 2003-09-17 | 6,424.14 | 2003-09-17 | 0109064 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 252602 | 2003-09-09 | 6,442.78 | 2003-09-09 | 0108428 | 2003-09-26 | 9/29/2003 | 538,102.64 | Check |
| 253355 | 2003-10-19 | 6,445.89 | 2003-11-19 | 0109064 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 16735 | 2003-06-02 | 6,446.64 | 2003-07-01 | 0109915 | 2003-07-31 | 8/4/2003 | 443,770.00 | Check |
| 351882 | 2003-09-20 | 6,450.72 | 2003-09-05 | 0106432 | 2003-09-12 | 9/16/2003 | 437,317.34 | Check |
| 253375 | 2003-10-05 | 6,458.32 | 2003-11-05 | 0108428 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 252105 | 2003-09-03 | 6,462.31 | 2003-09-02 | 0109915 | 2003-09-12 | 9/16/2003 | 443,770.00 | Check |
| 253520 | 2003-10-10 | 6,462.98 | 2003-11-03 | 0108428 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 251478 | 2003-08-04 | 6,463.88 | 2003-09-25 | 0109915 | 2003-09-26 | 9/29/2003 | 443,770.00 | Check |
| 253202 | 2003-10-26 | 6,468.20 | 2003-10-31 | 0109064 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 253507 | 2003-10-01 | 6,474.84 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 251252 | 2003-08-04 | 6,492.08 | 2003-09-19 | 0109915 | 2003-09-19 | 9/22/2003 | 443,770.00 | Check |
| 252478 | 2003-09-20 | 6,493.47 | 2003-09-16 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 16721 | 2003-06-16 | 6,494.05 | 2003-07-04 | 0108841 | 2003-07-31 | 8/4/2003 | 275,516.15 | Check |
| 251479 | 2003-08-19 | 6,494.44 | 2003-09-26 | 0106432 | 2003-09-26 | 9/29/2003 | 437,317.34 | Check |
| 252494 | 2003-09-27 | 6,497.93 | 2003-09-17 | 0109064 | 2003-09-19 | 9/22/2003 | 441,303.76 | Check |
| 251949 | 2003-09-17 | 6,500.26 | 2003-09-06 | 0108841 | 2003-09-12 | 9/16/2003 | 275,516.15 | Check |
| 16719 | 2003-06-06 | 6,503.37 | 2003-07-04 | 0108428 | 2003-07-31 | 8/4/2003 | 538,102.64 | Check |
| 252022 | 2003-09-19 | 6,513.56 | 2003-09-04 | 0106432 | 2003-09-12 | 9/16/2003 | 437,317.34 | Check |

15

A-121

| Check No. | Date | Amount | Date | Check No. | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 253015 | 2003-09-08 | 6,522.01 | 2003-09-08 | | | | 538,102.64 | |
| 253393 | 2003-10-25 | 6,528.23 | 2003-11-25 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252032 | 2003-09-03 | 6,531.26 | 2003-10-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 250194 | 2003-08-09 | 6,542.53 | 2003-08-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252104 | 2003-09-01 | 6,555.91 | 2003-09-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 251483 | 2003-08-10 | 6,559.30 | 2003-09-10 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253125 | 2003-09-27 | 6,564.83 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 253529 | 2003-10-29 | 6,576.39 | 2003-10-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 11074 | 2003-06-07 | 6,581.40 | 2003-07-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 11066 | 2003-06-17 | 6,585.97 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 250871 | 2003-08-16 | 6,594.16 | 2003-09-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11106 | 2003-06-09 | 6,597.53 | 2003-07-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253127 | 2003-09-20 | 6,599.63 | 2003-09-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252958 | 2003-09-29 | 6,609.01 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253219 | 2003-10-24 | 6,610.57 | 2003-11-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 779169 | 2003-09-02 | 6,625.28 | 2003-09-01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 251065 | 2003-08-24 | 6,635.43 | 2003-08-24 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252258 | 2003-09-18 | 6,646.59 | 2003-09-17 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 253420 | 2003-10-12 | 6,657.18 | 2003-11-12 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251351 | 2003-08-03 | 6,662.88 | 2003-09-02 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| | | | | 0109064 | 2003-09-26 | 9/29/2003 | | Check |

16

| Check No. | Date | Amount | Check No. | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|
| 253016 | 2003-09-25 | 6,667.40 | | | | 441,303.76 | |
| 251623 | 2003-08-30 | 6,668.05 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253397 | 2003-10-02 | 6,670.37 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253345 | 2003-09-01 | 6,681.69 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 252495 | 2003-09-17 | 6,683.26 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253216 | 2003-10-02 | 6,692.91 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 252077 | 2003-09-09 | 6,703.63 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 16720 | 2003-07-04 | 6,728.64 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 252479 | 2003-09-19 | 6,729.41 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 253121 | 2003-09-16 | 6,731.75 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 251964 | 2003-09-29 | 6,731.75 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 16681 | 2003-09-06 | 6,737.96 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253073 | 2003-07-02 | 6,751.27 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 250924 | 2003-09-27 | 6,756.61 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253072 | 2003-08-14 | 6,764.03 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 253220 | 2003-09-26 | 6,764.37 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 253417 | 2003-10-02 | 6,769.44 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 11076 | 2003-11-01 | 6,771.01 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 11096 | 2003-11-02 | 6,774.49 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 251476 | 2003-06-03 | 6,778.59 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| | | | 0109064 | 2003-09-26 | 9/29/2003 | | Check |

| Check No. | Date | Amount | Date | Account | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 250729 | 2003-08-26 | 6,781.87 | 2003-09-25 | 0108428 | 2003-09-12 | 9/16/2003 | 441,303.76 | Check |
| 253533 | 2003-10-07 | 6,795.25 | 2003-10-06 | 0109915 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 252007 | 2003-09-08 | 6,799.21 | 2003-09-07 | 0108428 | 2003-09-12 | 9/16/2003 | 443,770.00 | Check |
| 253416 | 2003-10-03 | 6,801.66 | 2003-11-08 | 0109915 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 11110 | 2003-06-20 | 6,814.88 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 443,770.00 | Check |
| 253211 | 2003-10-02 | 6,831.87 | 2003-11-05 | 0109915 | 2003-10-10 | 10/14/2003 | 437,317.34 | Check |
| 252224 | 2003-09-11 | 6,835.25 | 2003-09-01 | 0108428 | 2003-09-12 | 9/16/2003 | 443,770.00 | Check |
| 11071 | 2003-06-17 | 6,838.95 | 2003-07-11 | 0106432 | 2003-07-31 | 8/4/2003 | 538,102.64 | Check |
| 253064 | 2003-09-26 | 6,845.53 | 2003-09-02 | 0109709 | 2003-10-03 | 10/6/2003 | 437,317.34 | Check |
| 251192 | 2003-08-22 | 6,854.48 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 467,333.94 | Check |
| 253532 | 2003-10-07 | 6,854.71 | 2003-10-21 | 0109915 | 2003-10-10 | 10/14/2003 | 441,303.76 | Check |
| 11111 | 2003-06-20 | 6,863.46 | 2003-07-07 | 0106432 | 2003-07-31 | 8/4/2003 | 443,770.00 | Check |
| 253691 | 2003-10-07 | 6,874.22 | 2003-10-05 | 0109915 | 2003-10-10 | 10/14/2003 | 437,317.34 | Check |
| 39351 | 2003-06-18 | 6,882.26 | 2003-07-07 | 0106432 | 2003-07-31 | 8/4/2003 | 443,770.00 | Check |
| 11069 | 2003-09-16 | 6,898.81 | 2003-09-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252997 | 2003-06-25 | 6,915.20 | 2003-09-01 | 0109709 | 2003-10-03 | 10/6/2003 | 437,317.34 | Check |
| 11090 | 2003-07-19 | 6,916.63 | 2003-07-25 | 0106432 | 2003-07-31 | 8/4/2003 | 467,333.94 | Check |
| 10329 | 2003-08-24 | 6,926.13 | 2003-08-04 | 0108428 | 2003-09-12 | 9/16/2003 | 437,317.34 | Check |
| 11072 | 2003-06-17 | 6,926.13 | 2003-07-23 | 0106432 | 2003-07-31 | 8/4/2003 | 538,102.64 | Check |
| 11113 | 2003-06-17 | 6,938.42 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |

18

A-124

| Account | Date | Amount | Date | Check No. | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 252492 | 2003-09-21 | 6,939.79 | 2003-09-06 | 0108841 | 2003-09-19 | 9/22/2003 | 437,317.34 | Check |
| 253527 | 2003-10-17 | 6,939.93 | 2003-10-17 | 0109915 | 2003-10-10 | 10/14/2003 | 275,516.15 | Check |
| 11094 | 2003-06-06 | 6,941.81 | 2003-07-06 | 0106432 | 2003-07-31 | 8/4/2003 | 443,770.00 | Check |
| 11107 | 2003-06-19 | 6,942.52 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252015 | 2003-09-20 | 6,942.52 | 2003-09-05 | 0108428 | 2003-09-12 | 9/16/2003 | 437,317.34 | Check |
| 250646 | 2003-08-08 | 6,955.47 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253200 | 2003-09-06 | 6,957.29 | 2003-09-05 | 0109709 | 2003-10-03 | 10/6/2003 | 538,102.64 | Check |
| 11103 | 2003-06-30 | 6,960.13 | 2003-07-30 | 0106432 | 2003-07-31 | 8/4/2003 | 467,333.94 | Check |
| 11075 | 2003-06-20 | 6,961.65 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252080 | 2003-09-17 | 6,972.57 | 2003-09-02 | 0108428 | 2003-09-12 | 9/16/2003 | 437,317.34 | Check |
| 253423 | 2003-10-11 | 6,974.11 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 538,102.64 | Check |
| 252530 | 2003-09-04 | 6,980.99 | 2003-09-17 | 0109064 | 2003-09-26 | 9/29/2003 | 443,770.00 | Check |
| 11114 | 2003-06-17 | 6,981.88 | 2003-07-06 | 0106432 | 2003-07-31 | 8/4/2003 | 441,303.76 | Check |
| 11095 | 2003-06-21 | 6,983.50 | 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 253694 | 2003-10-19 | 6,984.87 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 437,317.34 | Check |
| 11061 | 2003-06-07 | 6,990.39 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 443,770.00 | Check |
| 253194 | 2003-09-16 | 7,003.99 | 2003-09-30 | 0109709 | 2003-10-03 | 10/6/2003 | 437,317.34 | Check |
| 252008 | 2003-09-30 | 7,006.74 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 467,333.94 | Check |
| 253122 | 2003-09-08 | 7,009.84 | 2003-09-29 | 0109709 | 2003-10-03 | 10/6/2003 | 538,102.64 | Check |
| 11085 | 2003-06-29 | 7,011.40 | 2003-07-29 | 0106432 | 2003-07-31 | 8/4/2003 | 467,333.94 | Check |

| Account | Date | Amount | Date | Check No. | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 253528 | 2003-10-18 | 7,027.22 | 2003-10-03 | | | | 437,317.34 | |
| 253681 | 2003-10-06 | 7,031.13 | 2003-10-06 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 252102 | 2003-09-07 | 7,035.83 | 2003-09-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 253534 | 2003-10-09 | 7,037.81 | 2003-10-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 11105 | 2003-06-07 | 7,043.67 | 2003-10-07 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 11067 | 2003-06-20 | 7,044.98 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11083 | 2003-06-16 | 7,050.44 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 253210 | 2003-10-18 | 7,064.10 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11088 | 2003-06-01 | 7,065.60 | 2003-10-31 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 11100 | 2003-06-18 | 7,069.57 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252106 | 2003-09-20 | 7,081.86 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11065 | 2003-06-09 | 7,090.63 | 2003-09-09 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 11101 | 2003-06-16 | 7,094.16 | 2003-07-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11078 | 2003-06-20 | 7,094.16 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 253421 | 2003-10-17 | 7,095.52 | 2003-07-02 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16738 | 2003-06-04 | 7,096.94 | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 250158 | 2003-08-20 | 7,105.09 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252023 | 2003-09-01 | 7,131.22 | 2003-08-31 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 11082 | 2003-09-08 | 7,132.58 | 2003-09-08 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 253473 | 2003-06-18 | 7,135.14 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| | 2003-10-18 | | 2003-11-03 | 0109915 | 2003-10-10 | 10/14/2003 | | Check |

20

| Ref | Date | Amount | Date | Code | Date | Date | Amount | Type |
|---|---|---|---|---|---|---|---|---|
| 11087 | 2003-06-18 | 7,139.25 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 443,770.00 | Check |
| 11081 | 2003-06-18 | 7,146.07 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252101 | 2003-09-09 | 7,166.56 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 11064 | 2003-06-16 | 7,171.42 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11098 | 2003-06-20 | 7,181.59 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 253074 | 2003-09-27 | 7,206.18 | 2003-10-03 | 0109709 | 2003-10-03 | 10/6/2003 | 467,333.94 | Check |
| 252491 | 2003-09-16 | 7,208.70 | 2003-09-19 | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 11102 | 2003-06-20 | 7,210.26 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11079 | 2003-08-17 | 7,215.74 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 251486 | 2003-09-26 | 7,219.84 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 11089 | 2003-06-18 | 7,226.36 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252563 | 2003-09-19 | 7,233.50 | 2003-09-26 | 0109064 | 2003-09-26 | 9/29/2003 | 441,303.76 | Check |
| 11068 | 2003-06-16 | 7,239.78 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11070 | 2003-06-17 | 7,297.71 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 252110 | 2003-09-10 | 7,322.30 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 11080 | 2003-06-17 | 7,326.78 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11112 | 2003-09-03 | 7,331.86 | 2003-09-12 | 0108428 | 2003-09-12 | 9/16/2003 | 538,102.64 | Check |
| 11092 | 2003-06-19 | 7,333.22 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11108 | 2003-06-20 | 7,340.06 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 16673 | 2003-06-20 | 7,341.42 | 2003-07-31 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |

21

| | | | | | |
|---|---|---|---|---|---|
| | 16 2003-06-16 | 7,344.15 | 01 2003-07-01 | | 437,317.34 | |
| 11062 | 2003-06-18 | 7,352.35 | 2003-07-03 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11084 | 2003-06-16 | 7,379.67 | 01 2003-07-04 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11063 | 2003-06-19 | 7,385.14 | 2003-07-06 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11091 | 2003-06-21 | 7,390.60 | 2003-07-05 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11115 | 2003-06-20 | 7,447.98 | 2003-11-01 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 11099 | 2003-10-02 | 7,483.50 | 2003-09-17 | 0106432 | 2003-07-31 | 8/4/2003 | 437,317.34 | Check |
| 253344 | 2003-09-17 | 7,662.63 | 2003-09-03 | 0109915 | 2003-10-10 | 10/14/2003 | 443,770.00 | Check |
| 252486 | | 7,768.00 | | 0108841 | 2003-09-19 | 9/22/2003 | 275,516.15 | Check |
| 200910 | | 300,000.00 | | 0108063 | 2003-09-03 | 9/8/2003 | 300,000.00 | Check |

TOTAL    $ 2,903,343.83

22

A-128

# EXHIBIT K

UNITED STATES BANKRUPTCY COURT
IN THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| ROUGE INDUSTRIES, INC., *et al.* | ) | Case No. 03-13272 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| ——————————————————— | ) | |
| | ) | |
| ROUGE STEEL COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 05-52242 (PBL) |
| | ) | |
| vs. | ) | |
| | ) | |
| OMNISOURCE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

COMES NOW Defendant, OmniSource Corporation, by counsel, Barrett & McNagny

LLP and Pepper Hamilton LLP, and files its Response to Plaintiff's Motion for Leave to File

Amended Complaint, and in support thereof states as follows:

1. Plaintiff's bankruptcy petition was filed October 23, 2003.

2. The Complaint in this Adversary Proceeding was filed on August 4, 2005.

3. Prior to initiating suit, Plaintiff identified potentially preferential transfers to the

Defendant in the approximate amount of $3,000,000. Nevertheless, the Complaint identified

only two (2) checks totaling approximately seventy thousand ($70,000) as being at issue.

4. Pursuant to 11 U.S.C. § 546(a), the statute of limitations with respect to avoidance

actions in this bankruptcy case expired as of October 23, 2005 ("Statute of Limitations").

5. Rule 15 of the Federal Rules of Civil Procedure ("Rule 15") governs the

amendment of pleadings.  As Plaintiffs assert, leave to amend is proper absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

   6.      Plaintiff has asserted there is "no basis to deny the motion to amend," because Defendant was aware of the existence of pre-petition transfers beyond those sued upon, and because the "docket" identified the amount demanded as $3,000,000.  However, Plaintiff has failed to acknowledge that amendment would be futile, because the Statute of Limitations expired prior to Plaintiff's filing of the Motion for Leave to File Amended Complaint, and the Court would be obligated to grant a motion to dismiss the late-filed claims on the basis of their untimely filing.

   7.      Because of the running of the Statute of Limitations, new claims can only be asserted if those claims relate back to the original Complaint.  An amendment of a pleading relates back to the date of the original pleading when

> (1)   relation back is permitted by the law that provides
>        the statute of limitations applicable to the action, or
>
> (2)   the claim or defense asserted in the amended
>        pleading arose out of the conduct, transaction, or
>        occurrence set forth or attempted to be set forth in
>        the original pleading,  or
>
> (3)   the amendment changes the party or the naming of
>        the party against whom a claim is asserted . . .

*See* FED. R. CIV. P.  15(c).  Because Section 546 of the Bankruptcy Code, which establishes the limitations period in this case, does not permit relation back[1], and the amendment does not

---

[1] "Section 546(a) of the Bankruptcy Code, the statute of limitations applicable to preference actions, does not

concern identity of the parties involved, subsection (c)(2) is applicable and the claim to be asserted in the amended Complaint must arise out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]" *Id.*

8.      Each transfer claimed to be preferential and sought to be alleged by amendment is a separate and distinct transaction between the Plaintiff and the Defendant, and, as such, does not arise out of the "conduct, transaction, or occurrence" originally pled. In *Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.),* 307 B.R. 787, 793 (Bankr. D. Del. 2004), this Court recognized that the amendment of a Complaint to add new and distinct preferential transfers would bring into play different supporting facts, different remedies, and different defenses; therefore the Court concluded the new transactions were not within the "conduct, transaction, or occurrence" alleged in the original complaint. "'[W]hen the amended pleading does not rely upon the facts and transactions originally pled or plead them more specifically, but rather is based on new facts and different transactions, the proposed amendment will not relate back to the original pleading.'" *Global Link Liquidating Trust v. Avantel, S.A (In re Global Link Telecom Corp.),* 327 B.R. 711, 716 (Bankr. D. Del. 2005) (quoting *Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.),* 179 B.R. 390 (Bankr. D. Conn. 1995)). *Accord Metzeler v. Bouchard Transp. Co., Inc. (In re Metzeler),* 66 B.R. 977, 984 (Bankr. S.D.N.Y. 1986) ("Court have consistently treated preferential transactions as separate and distinct under Rule 15(c)."); *Gordon v. Slaughter (In re Slaughter Co. and Assoc., Inc.),* 242 B.R. 97 (Bankr. N.D. Ga. 1999). Thus, the requirements of Rule 15(c) are not satisfied with respect to the attempted amendments.

9.      As this Court has stated:

[T]o use the relation-back doctrine to bootstrap new transactions onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate.

expressly or impliedly permit relation back of amendments, and thus FED. R. CIV. P. 15(c)(1) is inapplicable." *In re Newcare Health Corp.,* 274 B.R. 307, 312 (Bankr. D. Mass. 2002).

A-131

*Global Link Liquidating Trust v. Avantel, S.A (In re Global Link Telecom Corp.)*, 327 B.R. 711, 716 (Bankr. D. Del. 2005) (quoting *Peltz*, 307 B.R. at 791 (citations omitted)).

10.     Plaintiff's statement that Defendant had notice of the amount sued upon because the electronic docket reflected a claim of $3,000,000 has no basis in law.  A defendant is entitled to rely upon properly served pleadings and notices and the docket is not a pleading or even part of a pleading.  *See* FED. R. CIV. P.  7(a) (defining pleadings).  Indeed, if the docket were to reflect a number significantly lower than the amount prayed for in the complaint, it is doubtful any plaintiff would concede it could only recover the amount shown on the docket.

11.     Plaintiff's argument that Defendant had notice because of a demand letter sent ten (10) months prior to the initiation of this Adversary Proceeding is similarly unavailing.  The plain language of Rule 15(c) allows for the relation back of an amendment "to the date of the original pleading[.]" (emphasis added.)  "The rationale of Rule 15(c) 'focuses on the notice given by the general fact situation stated in the original pleading.'"  *Global Link Liquidating Trust,* 327 B.R. 716 (quoting *Peltz*, 307 B.R. at 790 (citations omitted)).  Thus, the correct analysis is whether sufficient notice of the transfers sought to be added by amendment was provided by the Plaintiff's initial pleading, in this case, its Complaint.  Clearly, there is nothing within the Complaint that would provide notice of Plaintiff's intent to pursue additional transfers in the approximate amount of $3,000,000, especially where the Complaint is specifically limited to two transactions.

12.     In fact, Plaintiff's notice argument is premised on judicial interpretations of Rule 15(a)[2], without any acknowledgment that the Rule 15(c) doctrine of relation back must be taken into consideration.  As would be expected under these circumstances, no authority is cited for the

---

[2] Neither *Foman v. Davis* nor *In re Burlington Coat Factory*, the two cases cited by Plaintiff, implicated the doctrine of relation back under Rule 15(c).

407462                                          4

proposition that a demand letter or account documentation sent to a potential defendant almost a year before litigation is commenced may serve as a "pleading" for purposes of Rule 15. *See also* FED. R. CIV. P. 7(a). To extend the scope of what comprises notice to such an extent would render the Rule 15(c) phrase, "original pleading," meaningless.

WHEREFORE, Defendant OmniSource Corporation respectfully requests that Plaintiff's Motion for Leave to Amend Complaint be denied and for all other just and proper relief.

Dated: November 14, 2005
Wilmington, DE

PEPPER HAMILTON LLP
David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

BARRETT & MCNAGNY LLP
Anne E. Simerman, #18885-10
Thomas P. Yoder, #1429-02
215 E. Berry Street
Fort Wayne, IN 46802
(260) 423-9551

ATTORNEYS FOR DEFENDANT,
OMNISOURCE CORPORATION

407462                                    5

## CERTIFICATE OF SERVICE

I, James C. Carignan, hereby certify that, on November 14, 2005, I caused to be served the Memorandum Of Law In Response To Plaintiff's Motion For Leave To File An Amended Complaint, upon the following entity via hand delivery.

William H. Sudell, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899

Dated: November 14, 2005
Wilmington, DE

_____
James C. Carignan (No. 4230)

# EXHIBIT L

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| ROUGE INDUSTRIES, INC., *et al.*, | Case No. 03-13272 (MFW) |
| Debtors. | |
| ROUGE STEEL COMPANY, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 05-52242 (PBL) |
| OMNISOURCE CORPORATION-FORT WAYNE BROK, | |
| Defendant. | |

**PLAINTIFF ROUGE STEEL COMPANY'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

MORRIS, NICHOLS, ARSHT & TUNNELL
William H. Sudell, Jr. (#463)
Donna L. Culver (#2983)
Joanna F. Newdeck (#4587)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Rouge Steel Company,
   Debtor and Plaintiff

November 30, 2005

i.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| BACKGROUND | 1 |
| ARGUMENT |  |
|    A.  Defendant Does Not Claim Undue Delay, Bad Faith, Dilatory Motives Or Prejudice. | 4 |
|    B.  Defendant Had Notice That, By The Complaint, Rouge Sought To Avoid The Fort Wayne Brok Transfers. | 4 |
|    C.  The Claims Asserted In The Amended Complaint Arise Out Of The Conduct, Transaction Or Occurrence "Set Forth Or Attempted To Be Set Forth" In The Complaint. | 7 |
|    D.  Equity Dictates That Rouge, Which Attempted To Comply With The "Heightened Pleading Standard", Not Be Severely Prejudiced By That Attempt. | 12 |
| CONCLUSION | 17 |

ii.

## TABLE OF CITATIONS

Page(s)

Cases

Acierno v. New Castle County,
        2000 WL 718346 (D. Del. May 23, 2000)                                    3

Estate of the IT Group, Inc. v. Brandywine Apartments (In re The IT
        Group, Inc.), 313 B.R. 370 (Bankr. D. Del. 2004)                         12

Federal Deposit Ins. Corp. v. Conner,
        20 F.3d 1376 (5th Cir. 1994)                                             3

Fiber-Lite Corp. v. Molded Acoustical Products, Inc.,
        150 B.R. 608 (Bankr. E.D. Pa. 1993)                                      4

Foman v. Davis,
        371 U.S. 178 (1962)                                                      3, 4

Global Link Liquidating Trust v. Avantel, S.A.,
        327 B.R. 711 (Bankr. D. Del. 2005)                                       5, 9, 10, 11

Gordon v. Slaughter (In re Slaughter Co. and Assocs., Inc.),
        242 B.R. 97 (Bankr. N.D. Ga. 1999)                                       9

Green v. Walsh,
        21 F.R.D. 15 (E.D. Wis. 1957)                                           6, 7

Grella v. Zimmerman,
        179 B.R. 757 (Bankr. D. Mass. 1995)                                     5, 11

IDHG Litigation Trust v. Westaff (USA), Inc. (In re Imperial Home Decor
        Group, Inc.), 2005 WL 459649 (Bankr. D. Del. Feb. 24, 2005)             13

In re Del-Met Corp., 322 B.R. 781 (Bankr. M.D. Tenn. 2005)                      3, 7

In re Kam Kuo Sefood Corp.,
        67 B.R. 304 (Bankr. S.D.N.Y. 1986)                                      9

In re Universal Factoring Co., Inc.,
        279 B.R. 297 (Bankr. N.D. Okla. 2002)                                   8, 11

IT Litigation Trust v. D'Aniello,
        2005 WL 3050611 (D. Del. Nov. 15, 2005)                                 12

iii.

TABLE OF CITATIONS (continued)

Page(s)

Moore v. Baker,
    989 F.2d 1129 (11th Cir. 1993)    5

Neilson v. Sheri Southern (In re Webvan Group, Inc.),
    2004 WL 483580 (Bankr. D. Del. March 9, 2004)    12

Pardo v. Gonzaba (In re APF Co.),
    308 B.R. 183 (Bankr. D. Del. 2004)    13

Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.),
    307 B.R. 787 (Bankr. D. Del. 2004)    10, 11

Posman v. Bankers Trust Co. (In re Lomas Financial Corp.),
    1999 WL 33742299 (Bankr. D. Del. July 28, 1999)    12

Randall's Island Family Golf Centers, Inc. v. Acushnet Co. and Fortune
    Brands, Inc., 290 B.R. 55 (Bankr. S.D.N.Y. 2003)    12

RDM Holdings, Inc. v. Alabama Gas Corp.,
    253 B.R. 298 (Bankr. N.D. Ga. 2000)    3, 5

Securities and Exchange Commission v. Seaboard Corp.,
    677 F.2d 1301 (9th Cir. 1982)    5

Senger v. Soo Line R.R. Co.,
    493 F. Supp. 143 (D. Minn. 1980)    3

Soo Line R.R. Co.,
    493 F. Supp. 143 (D. Minn. 1980)    3, 5, 6

Stith v. Chadbourne & Parke, LLP,
    160 F. Supp.2d 1 (D.C. 2001)    6

TWA Inc. v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate,
    305 B.R. 228 (Bankr. D. Del. 2004)    12

Valley Media Inc. v. Borders, Inc. (In re Valley Media, Inc.),
    288 B.R. 189 (Bankr. D. Del., 2003)    12

Woods Exploration & Producing Co. v. Aluminum Co. of America,
    438 F.2d 1286 (5th Cir. 1971)    4

Wussler v. Silva (In re Silva),
    1999 WL 33490217, 6 (Bankr. D. Idaho June 22, 1999)    3

iv.

TABLE OF CITATIONS (continued)

Page(s)

Statutes and Other Authorities

Fed. R. Civ. P. 15                                                        2, 4, 7, 14

Other Authorities

Wright & Miller, 6A Federal Practice & Procedure § 1497 (Rev. 2005)              7

1.

## BACKGROUND

Since at least June 2002, and at OmniSource's request, Rouge had in its transaction data systems two different files for OmniSource detailing two separate sets of transactions. One was titled "OmniSource Corporation-Fort Wayne Brok" and contained data evidencing transfers by Plaintiff during the 90 days prior to the Petition Date (the "Preference Period") of $2,903,343.83. The other, titled "OmniSource Corporation-Fort Wayne," reflected approximately $70,000 in Preference Period transfers. (Victor Aff. ¶12).[1]

On September 21, 2004, Rouge sent a letter to OmniSource Corporation-Fort Wayne Brok stating that payments in the amount of at least $2,903,343.83 were made by Rouge to OmniSource Corporation-Fort Wayne Brok during the Preference Period. (Plaintiff's Motion For Leave To File An Amended Complaint ("Motion") (Motion Ex. 4). In response to OmniSource Corporation-Fort Wayne Brok's counsel's request for documentary support for the claim, on November 19, 2004, Plaintiff's counsel provided documents that specifically identified the seven Preference Period transfers at issue, totaling $2,903,343.83, and the more than 400 invoices paid by those transfers. (Motion Ex. 5) With that letter, Rouge also enclosed copies of the cancelled checks evidencing the seven transfers at issue. (Id.) (Victor Aff. ¶¶5-8)

The above communications did not result in a resolution of Rouge's preference claims. Therefore, on August 4, 2005, more than 11 weeks prior to the expiration of the statute of limitations on October 23, 2005, Rouge filed its Complaint to Avoid Certain Preferential Transfers, To Recover Property and For Related Relief (the "Complaint") against OmniSource Corporation-Fort Wayne Brok, seeking to avoid and recover the transfers made to that Defendant

---

[1]     Reference is to the Affidavit of Steven L. Victor, attached hereto as Exhibit A.

2.

(the "Fort Wayne Brok Transfers).[2]   On November 4, 2005, twelve days after the statute of limitations for filing preference complaints expired, Plaintiff's counsel discovered that the wrong exhibit had been attached to the Complaint.  Specifically, an exhibit listing transfers to the vendor identified by Rouge as "OmniSource Corporation-Fort Wayne" had been attached to the Complaint rather than the correct exhibit for the Defendant "OmniSource Corporation-Fort Wayne Brok."  The Complaint explicitly identifies "OmniSource Corporation-Fort Wayne Brok" as the Defendant – in the caption and in the text – while the Exhibit A clearly identifies and lists transfers of about $70,000 made to a different vendor, "OmniSource Corporation-Fort Wayne." Moreover, the Summons and Notice of Pretrial Conference was served on "OmniSource Corporation-Fort Wayne Brok."  (Adv. D.I. 2).  And, consistent with what Rouge intended and attempted to allege in the Complaint, the docket for this adversary proceeding reflects that the amount of Plaintiff's "demand" is $3,000,000.

On the same day the error was discovered, Plaintiff filed its Motion For Leave to File An Amended Complaint (the "Motion"), seeking only to substitute the correct Exhibit A for the incorrect one.

## ARGUMENT

Rule 15 of the Civil Rules, made applicable to these proceedings by Rule 7015 of the Federal Bankruptcy Rules of Procedure (the "Bankruptcy Rules'"), provides that a motion for leave to amend a complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  If Plaintiff is not permitted to amend the Complaint to correct the error it made, this case

---

[2]    Because of defenses that appeared to exist with respect to the approximately $70,000 of transfers to OmniSource Corporation-Fort Wayne, Rouge decided not to file a complaint to avoid the transfers to that vendor. (Victor Aff. ¶10)

will be decided on the pleading itself rather than on its merits. Such a result would be contrary to the purpose of Rule 15. <u>See</u>, <u>e.g.</u>, <u>In re Del-Met Corp.</u>, 322 B.R. 781, 795 (Bankr. M.D. Tenn. 2005) (citing <u>Miller v. American Heavy Lift Shipping</u>, 231 F.3d 242, 247-250 (6th Cir. 2000) ("the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of the pleading'")); <u>Acierno v. New Castle County</u>, 2000 WL 718346, 9 (D. Del. May 23, 2000)[3] (permitting amendment under 15(c) because it would "further the federal goal of deciding controversies on their merits"); <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 181-82 (1962) (noting that the spirit of the procedural rules is merit-based decisions); <u>RDM Holdings, Inc. v. Alabama Gas Corp.</u> (<u>In re RDM Sports Group, Inc.</u>), 253 B.R. 298, 301 (Bankr. N.D. Ga. 2000); <u>Wussler v. Silva</u> (<u>In re Silva</u>), 1999 WL 33490217, 6 (Bankr. D. Idaho June 22, 1999) ("court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities").

A mistake by the Plaintiff should not prevent the case from being heard on the merits. <u>See</u> <u>Federal Deposit Ins. Corp. v. Conner</u>, 20 F.3d 1376, 1386 (5th Cir. 1994) (relation back is permissible if a plaintiff seeks to correct a technical mistake or omission); <u>Senger v. Soo Line R.R. Co.</u>, 493 F. Supp. 143, 145 (D. Minn. 1980) ("If the pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection that the state statute of limitations was designed to afford him. Being able to take advantage of plaintiff's pleading mistakes is not one of these protections."). Given that Defendant, through the caption and text of the Complaint, the apparent discrepancies in Exhibit A to the Complaint, the summons, the docket and prior correspondence, had notice that Plaintiff

---

[3]    Copies of all unreported decisions are attached hereto.

4.

considered the Fort Wayne Brok Transfers preferential, relation back is appropriate and the Plaintiff should be permitted to amend the Complaint.

### A. Defendant Does Not Claim Undue Delay, Bad Faith, Dilatory Motives Or Prejudice.

Defendant acknowledges in its Response that leave to amend is required absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Defendant does not contend there was undue delay, bad faith or a dilatory motive here; nor does Defendant argue that the amendment would prejudice it in any way.

It is a well accepted principle that where there would be no prejudice to the opposing party, leave to amend the complaint should be freely granted. See, e.g., Fiber-Lite Corp. v. Molded Acoustical Products, Inc. (In re Molded Acoustical Products, Inc.), 150 B.R. 608, 612 (Bankr. E.D. Pa. 1993) ("A motion for leave to amend a complaint. . . should be freely granted at any stage of a case where the decision to allow amendment would prevent injustice and would cause no prejudice to the non-moving party"); Woods Exploration & Producing Co. v. Aluminum Co. of America, 438 F.2d 1286, 1299 (5th Cir. 1971) ("The doctrine of relation back under Rule 15(c) is liberally applied today in the Federal Courts, especially if no disadvantage will accrue to the opposing party."). As mentioned, Defendant does not even suggest that it would be prejudiced by the amendment.

### B. Defendant Had Notice That, By The Complaint, Rouge Sought To Avoid The Fort Wayne Brok Transfers.

Defendant's only argument in opposition to the Motion is that amendment would be "futile" because the claims asserted in the amended complaint (the "Amended Complaint") would not relate back to the filing of the Complaint and, therefore, would be time-barred.

5.

However, the correction to Exhibit A sought to be accomplished by the Amended Complaint would relate back under Rule 15(c)(2) of the Federal Rules of Civil Procedure, and, therefore, amendment is not futile and should be permitted.

"[T]he critical issue in Rule 15(c) is whether the original complaint gave notice to the defendant of the claim now being asserted." Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993); see also Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.), 327 B.R. 711 (Bankr. D. Del. 2005) ("[t]he rationale of Rule 15(c) 'focuses on the notice given by the general fact situation stated in the original pleading.'"); In re RDM Sports Group, Inc., 253 B.R. at 301; Grella v. Zimmerman, 179 B.R. 757 (Bankr. D. Mass. 1995); Securities and Exchange Commission v. Seaboard Corp., 677 F.2d 1301 (9th Cir. 1982); Soo Line R.R. Co., 493 F. Supp. at 145 ("[t]o decide whether an amendment related back, the primary focus of the court is on the notice given to the opposing party of the conduct asserted in the amendment.")

The Complaint put Defendant on notice that Plaintiff intended to avoid the Fort Wayne Brok Transfers. Moreover, the Complaint and other related facts not only put Defendant on notice that the wrong exhibit had been attached to the Complaint, but precisely what transactions Plaintiff attempted to set forth in the Complaint.

Defendant admits that it had actual notice of the Fort Wayne Brok Transfers.[4] In fact, Defendant received a letter from Rouge in September 2004 identifying preferential transfers of approximately $3,000,000 in the aggregate. (Victor Aff. ¶6). In response to Defendant's counsel's request for further support, in November 2004, Rouge sent a follow-up letter with attachments detailing each and every Fort Wayne Brok Transfer now included on Rouge's

---

[4]    In paragraph 3 of the Response, Defendant acknowledges that "[p]rior to initiating suit, Plaintiff identified potentially preferential transfers to the Defendant in the approximate amount of $3,000,000."

6.

amended Exhibit A and providing copies of the cancelled checks evidencing those transfers to

the Defendant. (Victor Aff. ¶8). In each case, the check was made payable to "OmniSource

Corporation-Fort Wayne Bro." Thus, more than a year ago Defendant was made aware of the

very same transactions identified on the amended Exhibit A.

      Defendant does not deny any of the above facts in its Response. Instead,

Defendant asks this Court to disregard the fact that it had actual notice of the Fort Wayne Brok

Transfers on which Plaintiff was attempting to sue and instead find, contrary to fact, that the

Defendant did not have notice since, Defendant argues, the Complaint does not provide the

requisite notice.

      First, notice does not necessarily have to be given by the original pleading. See

Stith v. Chadbourne & Parke, LLP, 160 F. Supp.2d 1, 10 (D.C. 2001); Soo Line R.R. Co., 493 F.

Supp. 143, 145 (D. Minn. 1980) ("notice received from outside the pleadings is sufficient since

the opposing party prepares a case based on all forms of notification"); Green v. Walsh, 21

F.R.D. 15, 20 (E.D. Wis. 1957) (looking at, among other things, interrogatories and earlier

motions to show that defendant was at all times aware that the basic transaction involved the

underlying debt and negotiable paper, and allowing amendment). Where, as is the case here, the

defendant had actual notice of the transactions at issue, equity requires that the amendment be

permitted. As the leading treatise on the Federal Rules of Civil Procedure states:

> Other cases have taken a broader view and have held that it is
> sufficient if the opposing party was made aware of the matters
> to be raised by the amendment from sources other than the pleadings,
> a position that seems sound since it is unwise to place undue
> emphasis on the particular way in which notice is received. An
> approach that better reflects the liberal policy of Rule 15(c) is to
> determine whether the adverse party, viewed as a reasonably
> prudent person, ought to have been able to anticipate or should
> have expected that the character of the originally pleaded claim
> might be altered or that other aspects of the conduct, transaction, or

occurrence set forth in the original pleading might be called into
question.    Wright & Miller, 6A <u>Federal Practice & Procedure</u>
§ 1497 (Rev. 2005).

Furthermore, even if the requisite notice must be found within the four corners of

the Complaint, Defendant had such notice.    As previously explained, the named defendant –

named in the caption, named in the text of the Complaint and the party upon whom the summons

and Complaint were served – was OmniSource Corporation-Fort Wayne Brok.    The exhibit

attached to the Complaint, however, identified OmniSource Corporation-Fort Wayne, a vendor

name different from the vendor named in the Complaint, and the transfers identified on the

Exhibit A were not those transfers that were made to OmniSource Corporation-Fort Wayne

Brok.    These inconsistencies between the Complaint and the Exhibit A should have placed

Defendant on notice, at the very least, that the wrong exhibit had been attached to the Complaint.

C.    **The Claims Asserted In The Amended Complaint Arise Out Of The Conduct,**
**Transaction Or Occurrence "Set Forth Or Attempted To Be Set Forth" In The**
**Complaint.**

Related to the issue of notice is whether the Fort Wayne Brok Transfers "arose

out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original

pleading." Fed. R. Civ. Pro. 15(c)(2).    In determining this issue, a nonmechanical approach to

the relation-back standard should be applied and the specific facts and circumstances of the case

should be carefully considered.    This is especially true when "the statute of limitations in §546(a)

is in play and avoidance actions that produce dividends for creditors may be lost in the nuances."

<u>In re Del-Met Corp.</u>, 322 B.R. at 795; <u>see also</u> <u>Green v. Walsh</u>, 21 F.R.D. at 19-20 (stating that a

technical rule should not be applied when looking at whether a claim relates back, but rather a

court should take an over-all view).

8.

The Amended Complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". First, the Plaintiff, by the Complaint, *attempted* to avoid the Fort Wayne Brok Transfers. Where the plaintiff has attempted to set forth all transfers, as was the case here, leave to amend should be granted. See, e.g., In re Universal Factoring Co., Inc., 279 B.R. 297, 306 (Bankr. N.D. Okla. 2002) (permitting additional transfers to be added in the amended complaint and emphasizing that the Trustee attempted to set forth the additional transfers in the original complaint). In this case, the Complaint, by its caption and the definition of "Defendant" in the text, specifically identified OmniSource Corporation-Fort Wayne Brok and, therefore, gave notice to the Defendant that Plaintiff was attempting to avoid the Fort Wayne Brok Transfers.[5]

Second, the broad language contained in the Complaint supports the conclusion that the Amended Complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Defendant argues that the Amended Complaint should not relate back to the Complaint because the "[c]omplaint is specifically limited to two transactions." Response, p. 4, ¶11. However, the Complaint in fact contains broad language and seeks to avoid all transfers made to the Defendant (i.e., OmniSource Fort Wayne Brok) during the Preference Period, not just those transfers listed on Exhibit A. Thus, paragraph 7 of the Complaint alleges that:

> Plaintiff transferred property to or for the benefit of the Defendant on or within 90 days before the Petition Date, in *at least* the respective amounts and on or about the dates set forth on Exhibit A annexed hereto . . . (emphasis added)

---

[5] As mentioned, OmniSource Corporation-Fort Wayne Brok was also the entity on whom the Summons and Complaint were served.

9.

The Court in <u>Peltz v. CTC Direct, Inc.</u> (<u>In re MBC Greenhouse, Co.</u>), 307 B.R. 787, 793 (Bankr. D. Del. 2004), the case on which Defendant relies to argue that the Fort Wayne Brok Transfers do not relate back, suggests that an amendment will relate back if the original complaint intended to avoid all transfers which occurred during the 90 day Preference Period.

In fact, the majority of cases cited by the Defendant to support its argument that the Fort Wayne Brok Transfers do not arise out of the "conduct, transaction or occurrence" actually hold or strongly suggest that if the complaint had alleged an intent to avoid all transfers to the Defendant during the relevant prepetition time period, relation back would have been permitted. <u>See</u> <u>Global Link Telecom</u>, 327 B.R. at 717 (finding that the language in the complaint was broad enough to permit the plaintiff to add additional transfers under relation back); <u>Gordon v. Slaughter</u> (<u>In re Slaughter Co. and Assocs., Inc.</u>), 242 B.R. 97, 102 (Bankr. N.D. Ga. 1999) ("[i]f the original complaint indicates an intention to pursue all transfers, the addition of transfers will relate back. . . ."); <u>see also</u> <u>In re Kam Kuo Sefood Corp.</u>, 67 B.R. 304, 307 (Bankr. S.D.N.Y. 1986) ("if the original complaint indicates an intention to pursue all transactions, the adding of such transactions will relate back").

It is typically where the plaintiff seeks to add transactions first discovered after the filing of the complaint that courts draw the line and do not permit relation back. Thus, for example, in <u>MBC Greenhouse</u> the plaintiff sought to increase the number of transactions at issue from 9 to 39 and increase the amount at issue from $2,830,141.32 to $7,911,935.66 after the statute of limitations had expired. The court looked at the language of the complaint and found that the amendments did not relate back and were therefore time barred. The <u>MBC Greenhouse</u> complaint read, "[w]ithin ninety (90) days prior to the Petition Date, one or more of the Debtors made transfers to the Defendant in the amount of $2,830,141.32." <u>Id.</u> at 793, f.n. 2. Compare

this with the language of paragraph 7 of the Complaint, in which Plaintiff is seeking to avoid the "Transfers." "Transfers" are defined as transactions by which Plaintiff "transferred property to or for the benefit of the Defendant [OmniSource Corporation-Fort Wayne Brok] on or within 90 days before the Petition Date, in *at least* the respective amounts and on or about the dates set forth on Exhibit A annexed hereto. . . ." Complaint, p. 2, Count I, ¶7 (emphasis added). The language of the Complaint, construed in Plaintiff's favor as it must be, put Defendant on notice that Plaintiff was seeking to avoid all transfers made to Defendant OmniSource Corporation-Fort Wayne Brok within the 90 days prior to the petition date. See Global Link Telecom, 327 B.R. at 717 (in looking at the language of the complaint, "[u]nder Rule 12(b)(6) the Court must construe any ambiguities in favor of the plaintiff").

MBC Greenhouse is further distinguishable from the case here. The Court in MBC Greenhouse focused on the fact that the preference action was filed the day before the statute of limitations expired, noted that the plaintiff failed to explain how it discovered the additional transactions and concluded that plaintiff "may simply have performed an inadequate examination of the Debtors' records leading up to the filing of the preference actions on the eve of the statute of limitations." Id. At 793. Here, by contrast, the Plaintiff filed the Complaint almost three months prior to the statute of limitations, after having shared specific, detailed information about all of the Fort Wayne Brok Transfers with the Defendant. It was only as a result of Plaintiff's having attached the wrong exhibit to the complaint that all of the transfers to Fort Wayne Brok were not specifically identified. Accordingly, this is not like the facts in MBC Greenhouse, where the transfers sought to be included in the amendment were not known to the Plaintiff until after the statute of limitations had run and, thus, could not have been the transfers attempted to be set forth in the original complaint.

Further, unlike the plaintiff in <u>MBC Greenhouse</u>, the Plaintiff here did not wait until the last minute to file a complaint and in so doing fail to identify certain transfers. Rather, the Plaintiff, in good faith, identified both the total amount of the Fort Wayne Brok Transfers and the specific Fort Wayne Brok Transfers to the Defendant more than a year before the statute ran and only after those settlement overtures bore no fruit, filed the Complaint, also well before the statute had run.

In its Response, Defendant also cites to <u>Global Link Telecom</u>. The Defendant selectively quotes from this case in attempting to support its argument that Plaintiff should not be granted leave to amend its Complaint. However, Defendant fails to point out that in <u>In re Global Link Telecom</u> the Court permitted the Plaintiff to add additional fraudulent transfers to its complaint where, after reading the complaint construed in the light most favorable to the non-moving party – the plaintiff, the Court found that the complaint put the defendant on notice that there may be additional transfers. <u>Id.</u> at 717; <u>see also</u> <u>Universal Factoring</u>, 279 B.R. at 304-05 (permitting relation back since language of original complaint could be seen to challenge all payments at issue); <u>Grella</u>, 179 B.R. at 764 (permitting relation back since the original complaint contained enough information to give defendants fair notice that trustee was complaining about transactions at issue).

Similarly, here, the Complaint can be read to include all transfers made to the Defendant (OmniSource Corporation-Fort Wayne Brok) during the Preference Period. Therefore, even if the Defendant did not have notice of the exact Fort Wayne Brok Transfers at issue (which it did), the Complaint includes sufficiently broad language to permit the Amended Complaint to relate back to the filing of the Complaint.

12.

**D. <u>Equity Dictates That Rouge, Which Attempted To Comply With The "Heightened Pleading Standard", Not Be Severely Prejudiced By That Attempt.</u>**

Other Delaware cases dealing with the "heightened pleading standard" for preference actions, are instructive and suggest that Plaintiff's Motion should be granted. Although recent case law suggests that this heightened pleading standard is not required, <u>see IT Litigation Trust v. D'Aniello</u>, 2005 WL 3050611, 9 (D. Del. Nov. 15, 2005) (rejecting the heightened pleading standard); <u>Estate of the IT Group, Inc. v. Brandywine Apartments</u> (<u>In re The IT Group, Inc.</u>), 313 B.R. 370, 372-73 (Bankr. D. Del. 2004) (J. Lindsey), Plaintiff nevertheless attempted to comply with that standard by attaching Exhibit A to the Complaint. The simple fact is that an error was made and the wrong Exhibit A was attached. If the Motion is not granted, Plaintiff's attempt at compliance with the heightened pleading standard will "cut off valid claims prematurely." <u>Neilson v. Sheri Southern</u> (<u>In re Webvan Group, Inc.</u>), 2004 WL 483580, 2 (Bankr. D. Del. March 9, 2004) (disagreeing with the heightened pleading standard because, in part, valid claims could be cut off); <u>Randall's Island Family Golf Centers, Inc. v. Acushnet Co. and Fortune Brands, Inc.</u>, 290 B.R. 55, 65 (Bankr. S.D.N.Y. 2003) (same).

If Plaintiff had not attempted to satisfy the heightened pleading requirement and had instead omitted Exhibit A altogether, the Complaint, at worst, would in all likelihood have been dismissed subject to Plaintiff's being given the opportunity to file an amended complaint. <u>See, e.g.</u>, <u>TWA Inc. v. Marsh USA Inc.</u> (<u>In re TWA Inc. Post Confirmation Estate</u>, 305 B.R. 228 (Bankr. D. Del. 2004) (granting motion to dismiss since complaint did not meet the heightened standard but allowing plaintiff to file an amended complaint that would relate back); <u>Valley Media Inc. v. Borders, Inc.</u> (<u>In re Valley Media, Inc.</u>), 288 B.R. 189, 192-93 (Bankr. D. Del., 2003); <u>Posman v. Bankers Trust Co.</u>, (<u>In re Lomas Financial Corp.</u>), 1999 WL 33742299, 3 (Bankr. D. Del. July 28, 1999); <u>see also IDHG Litigation Trust v. Westaff (USA), Inc.</u> (<u>In re</u>

13.

Imperial Home Decor Group, Inc.), 2005 WL 459649, 1 (Bankr. D. Del. Feb. 24, 2005) (first complaint dismissed for failure to state a claim upon which relief can be granted and plaintiff given 30 days to amend); Pardo v. Gonzaba (In re APF Co.), 308 B.R. 183, 189 (Bankr. D. Del. 2004).

It would be inequitable to allow a plaintiff who does not follow the rules to file an amended complaint, but to deny that same right to Plaintiff, who attempted to comply with the heightened pleading requirement.

## CONCLUSION

Both case law and equity dictate that Plaintiff be granted leave to file the Amended Complaint. Defendant will not be prejudiced if the Motion is granted, and does not even allege that it would be prejudiced. Defendant had notice, the key factor in determining relation back, that Plaintiff intended to avoid the Fort Wayne Brok Transfers. Defendant's notice stemmed from both the face of the Complaint and other undisputed facts. Rule 15(c) requires that relation back be permitted where the claim in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Plaintiff attempted to avoid the Fort Wayne Brok Transfers in the original Complaint and Defendant had notice of such attempt. Further, the language of the Complaint was broad enough to include all transfers made to OmniSource Corporation-Fort Wayne Brok. Finally, Plaintiff, in attempting to comply with a heightened pleading requirement, simply made an error by attaching the wrong Exhibit A. Equity requires that if plaintiffs who do not even attempt to comply with the heightened standard requirement are permitted to amend their complaints, Plaintiff be given the same opportunity.

15.

WHEREFORE, for all the foregoing reasons and for the reasons set forth in the
Motion, Rouge respectfully requests that the Court grant its Motion for Leave To File an
Amended Complaint and enter an order in the form attached to the Motion as Exhibit 6.


                              MORRIS, NICHOLS, ARSHT & TUNNELL

                              _William H. Sudell_ _____
                              William H. Sudell, Jr. (#463)
                              Donna L. Culver (#2983)
                              Joanna F. Newdeck (#4587)
                              1201 N. Market Street
                              P.O. Box 1347
                              Wilmington, DE  19899-1347
                              (302) 658-9200
                                Attorneys for Rouge Steel Company,
                                Debtor and Plaintiff

Dated:  November 30, 2005

494757v5

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ROUGE INDUSTRIES, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 03-13272 (MFW) |
| ROUGE STEEL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OMNISOURCE CORPORATION – FORT WAYNE BROK,<br><br>Defendant. | Adv. Pro. No. 05-52242 (PBL) |

<u>**AFFIDAVIT OF STEVEN L. VICTOR**</u>

STATE OF DELAWARE            :
                                                        : ss.
COUNTY OF NEW CASTLE      :

I, Steven L. Victor, do hereby depose and say that:

1.     I am a member of the professional staff of Development Specialists, Inc. ("DSI").

2.     Since February 27, 2004, I have served as the Chief Restructuring Officer and a director of Rouge Steel Company ("Rouge") and the other debtors in the above-captioned bankruptcy cases.

3.     As Chief Restructuring Officer, I am, among other things, responsible for generally overseeing the analysis and pursuit, where appropriate, of avoidance actions, including preference actions pursuant to §§ 547 and 550 of the Bankruptcy Code.

4.      Prior to September 2004, at my instruction, representatives of FTI Consulting, Inc. reviewed and analyzed data relating to transactions between Rouge and many of its vendors during the 90 day preference period (the "Preference Period") preceding October 23, 2003 (the "Petition Date") and for one year prior to the Preference Period.

5.      In September 2004, I sent letters to various Rouge vendors informing them of my tentative conclusions concerning their preference exposure and making settlement offers.

6.      In that regard, on September 21, 2004, I wrote to one such vendor, OmniSource Corporation-Fort Wayne Brok, and stated that according to Rouge's analysis payments of at least $2,903,343.83 were made by Rouge to OmniSource Corporation-Fort Wayne Brok during the Preference Period. I also stated that Rouge's analysis indicated that the vendor had a "new value" defense of approximately $300,000 and offered to settle the preference claims for $2,079,828.10. A true and correct copy of that letter is attached as Exhibit 4 to Plaintiff's Motion for Leave to File an Amended Complaint (the "Motion") (Adv. D.I. 24).

7.      Thereafter, by letter dated October 13, 2004 I was asked by Anne E. Simerman, Esq., attorney for OmniSource Corporation-Fort Wayne Brok, to provide documentation of the preference claim contained in my September 21, 2004 letter. A true and correct copy of Ms. Simerman's letter is attached hereto as Exhibit A.

8.      On November 19, 2004, I sent OmniSource Corporation-Fort Wayne Brok's counsel a letter and documents that specifically identified the seven Preference Period transfers at issue, totaling $2,903,343.83, and the more than 400 invoices paid by those transfers. With that letter, I also enclosed copies of the cancelled checks evidencing the seven Preference Period transfers and all transfers by Rouge to OmniSource Corporation-Fort Wayne Brok for one

2

year prior to the Preference Period. True and correct copies of that letter and the enclosures to it are attached to the Motion as Exhibit 5.

9.    The above communications did not result in a resolution of Rouge's preference claims against OmniSource Corporation-Fort Wayne Brok. Therefore, on August 4, 2005, more than 11 weeks prior to the expiration of the statute of limitations on October 23, 2005, Rouge filed its Complaint to Avoid Certain Preferential Transfers, to Recover Property and For Related Relief (the "Complaint") against OmniSource Corporation-Fort Wayne Brok.

10.    At the time of the communications between Rouge and OmniSource Corporation-Fort Wayne Brok in September through November 2003 referred to above, I was also aware of a vendor identified by Rouge as OmniSource Corporation-Fort Wayne to whom Rouge had transferred approximately $70,000 in two payments during the Preference Period. Similar communications were had with OmniSource Corporation-Fort Wayne as those described above with OmniSource Corporation-Fort Wayne Brok. In fact, the address for each entity was the same and each was represented by the same attorney. However, because of the defenses that appeared to be available with respect to the approximately $70,000 of transfers to OmniSource Corporation-Fort Wayne, Rouge decided not to file a complaint seeking to avoid the transfers to that vendor.

11.    When Rouge's counsel prepared and filed the Complaint against OmniSource Corporation-Fort Wayne Brok on August 4, 2005, it inadvertently attached as Exhibit A thereto a listing of the Preference Period transfers to OmniSource Corporation-Fort Wayne and not a listing of the transfers to OmniSource Corporation-Fort Wayne Brok, as was intended.

3

12.    Recently, I have learned that for at least five years prior to the Petition Date, Rouge had done business with the entity it identified in its purchasing/accounts payable systems as OmniSource Corporation-Fort Wayne Brok.  In about June 2002, that vendor asked Rouge to set up a second, separate vendor account.  Rouge complied with that request and the second account was titled "OmniSource Corporation-Fort Wayne."  Those two separate accounts existed side-by-side from June 2002 until the Petition Date, although there was much more activity in the former account than in the latter account.

_____
Steven L. Victor

Sworn to and Subscribed before me, a Notary Public for the state and county aforesaid.

_____
Notary Public

CHERIE L. HARE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Exp. 3/27/06

494602v3

4

A-159

# EXHIBIT M

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | |
| ROUGE INDUSTRIES, INC., *et al.*, | : | Case No. 03-13272    (MFW) |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ROUGE STEEL COMPANY, | : | |
| Plaintiff, | : | Adversary Proceeding No. |
| v. | : | A 05-52242    (PBL) |
| OMNISOURCE CORPORATION – FORT WAYNE BROK, | : | Related Documents: 24, 27, 28 |
| Defendant. | : | |

**MEMORANDUM AND ORDER DENYING MOTION OF PLAINTIFF
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

The matter before the Court is the Motion of the plaintiff, Rouge Steel Company ("Plaintiff"), for Leave to File an Amended Complaint (the "Motion"). Defendant, OmniSource Corporation – Fort Wayne Brok ("Defendant") opposes the Motion. For the reasons set forth below, the Motion will be denied.

### I. Background

This adversary proceeding was commenced by Plaintiff on August 4, 2005 seeking to avoid and recover two allegedly preferential transfers pursuant to §§ 547 and 550 of the

1

Bankruptcy Code[1] in the amount of approximately $70,000.00. Defendant filed its Answer to the Complaint on September 6, 2005, wherein Defendant admits that it received "check number 0106495 in the amount of $32,598.58 and check number 0109608 in the amount of $37,642.36 from the Plaintiff during the ninety day period immediately preceding the commencement of the Debtor's bankruptcy case." (Answer, at ¶ 7)

According to Plaintiff's Motion, the parties had been in contact prior to the filing of the Complaint, regarding two different sets of transfers that were allegedly made to Defendant during the preference period. One set of transfers of approximately $70,000.00 was made to "OmniSource Corporation – Fort Wayne." The other set was allegedly made to "OmniSource Corporation – Fort Wayne Brok" in the amount of approximately $3,000,000.00. During the course of discovery between the parties, Plaintiff discovered that the wrong exhibit had been mistakenly attached to the Complaint. Plaintiff states that it intended to seek avoidance and recovery of the $3,000,000.00 set of transfers made to OmniSource Corporation – Fort Wayne Brok and that it did not pursue the $70,000.00 set of transfers due to the perceived existence of certain defenses as to those transfers. (Plaintiff's Reply Brief in Support of Its Motion for Leave to File an Amended Complaint, at 2, fn. 2)

Plaintiff moves under Federal Rule of Civil Procedure 15, made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7015(a), for leave to amend its Complaint to attach the correct exhibit. Defendant objects to the relief sought in the proposed Amended Complaint, claiming that it is barred by the applicable two-year statute of

---

[1] 11 U.S.C. §§ 101 et seq. References herein to statutory provisions by section number only will be to the Bankruptcy Code unless the contrary clearly appears.

2

limitations under § 546(a) and therefore, the amendment would be futile.  Defendant is correct.

## II.  Jurisdiction and Venue

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1),

and it is a core proceeding under 28 U.S.C. § 157(b)(2), (A), (F) and (O).  Venue is proper in this

jurisdiction pursuant to 28 U.S.C. § 1409.

## III.  Discussion

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings.  It states in

part, that "... a party may amend the party's pleading only by leave of court or by written consent

of the adverse party; and leave shall be freely given when justice so requires."  FED. R. CIV. P.

15(a).  The Court in *Foman v. Davis*, 371 U.S. 178 (1962), has instructed that "the grant or denial

of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371

U.S. 178, 182 (1962).  The *Foman* Court also articulated the instances in which leave should not

be given: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of the amendment, etc." *Id.*, at 182.

As stated above, Defendant argues that Plaintiff's amendment to the Complaint is futile

because Plaintiff filed its Motion to Amend after the applicable statute of limitations[2] for

---

[2]  Section 546(a) provides:
(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be
commenced after the earlier of—
    (1) the later of—
        (A) 2 years after the entry of the order for relief; or
        (B) 1 year after the appointment or election of the first trustee under section 702,
        1104, 1163, 1202, or 1302 of this title if such appointment or election occurs
        before the expiration of the period specified in subparagraph (A); or
    (2) the time the case is closed or dismissed.

bringing avoidance actions pursuant to § 547.

> "Futility" of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Thus a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss. *See, Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990).

*Quality Botanical Ingredients, Inc. v. Triarco Indus., Inc. (In re Quality Botanical Ingredients, Inc.),* 249 B.R. 619, 629 (Bankr. D.N.J., 2000).

In this instance, Plaintiff is seeking to amend its Complaint to add a completely different set of alleged transfers totaling approximately $3,000,000.00. Plaintiff's Motion was filed on November 4, 2005, after the statute of limitations had run on October 23, 2005. Therefore, in order for Plaintiff to add the new transfers not contained in the Complaint, those transfers must relate back to the Original Complaint, otherwise the amendment will be futile.

Under Rule 15(c), an amendment will relate back to the original complaint when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transactions, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c). The applicable provision in relation to the facts of this proceeding is

4

subsection (2). Thus, in order for Plaintiff to amend the Complaint to include the $3,000,000.00 set of transfers, those transfers must have arisen out the same conduct, transactions, or occurrence set forth in the Original Complaint.

Several bankruptcy courts have previously addressed the issue of whether allegedly preferential transfers sought to be added by an amended complaint, arise out the same conduct, transactions, or occurrence. Many of those courts have held that each preferential transfer in an avoidance action is a separate and distinct transaction between the debtor and the creditor. *See, Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.),* 307 B.R. 787 (Bankr.D.Del., 2004) (finding no commonality between the new transfers sought to be added and those alleged in the original complaint); *Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.),* 179 B.R. 390, 399 (Bankr.D.Conn., 1995) (concluding that without an "underlying unifying scheme or course of conduct" each preferential transfer should be viewed as a distinct transaction); *Gordon v. Slaughter (In re Slaughter Co. and Associates, Inc.),* 242 B.R. 97, 102 (Bankr.N.D.Ga., 1999) (holding that each transfer is an isolated event); *New Bedford Capacitor, Inc. v. Sexton Can Co. (In re New Bedford Capacitor, Inc.),* 301 B.R. 375 (Bankr.D.Mass., 2003) (same).

In support of its opposition, Defendant relies on *In re MBC Greenhouse, Co.,* whose facts are similar to the facts of the instant proceeding. In *MBC Greenhouse,* the Plan Administrator sought to amend its complaint for the avoidance and recovery of allegedly preferential transfers to add, *inter alia,* additional payments that were mistakenly omitted from the complaint. The motion for the proposed amendment was filed after the applicable two-year statute of limitations. Judge Peter J. Walsh, of this Court, considered carefully, several cases discussing the issue of

5

whether additional preferential transfers sought to be added after the statute of limitations relate

back to the original complaint. Judge Walsh relied upon the reasoning of *Coan, Gordon*, and

*New Bedford*, and concluded that based upon the facts, the proposed amendment did not relate

back to the original complaint. Judge Walsh noted that the transfers sought to be included were

not systematic or part of a scheme of payments, and further, that the complaint stated a specific

amount and did not seek to avoid all the transfers within the preference period. Hence, the facts

in *MBC Greenhouse* were distinguishable from other cases which had allowed amendment of the

complaint and relation back under Rule 15(c). *See, Brandt v. Gerardo (In re Gerardo Leasing,*

*Inc.)*, 173 B.R. 379 (Bankr.N.D.Ill., 1994) (allowing relation back of amendment where

payments were systematic); and *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757

(Bankr.D.Mass., 1995) (allowing relation back of amendment where the original complaint plead

facts and allegations which gave fair notice to defendants that trustee was referring to

transactions during the entire course of parties' business relationship).

     In order to substantiate its position, Plaintiff makes several arguments, none of which

alleviates the statute of limitations defect. First, Plaintiff points out that its Complaint was filed

on August 4, 2005, more than eleven weeks prior to the statute of limitations, and that the

Motion was filed only twelve days after the running of the statute. (Plaintiff's Reply Brief, at 2)

Plaintiff also argues that Defendant was on notice that Plaintiff intended to seek avoidance of the

approximately $3,000,000.00 set of transfers both prior to and after the filing of the Complaint.

Furthermore, Plaintiff notes that Defendant has not alleged that any undue delay, bad faith,

dilatory motive, or prejudice is involved with regard to the amendment. Finally, Plaintiff

contends that the broad language of the Complaint sought to avoid and recover, in fact, all

6

transfers made to Defendant during the preference period, not just those listed on Exhibit A to the Complaint.

Plaintiff cites to relevant authority where an amendment to the complaint was allowed based upon a finding by the court that the language of the complaint was broad enough to capture the additional transfers or there was language which indicated an intent to avoid and recover all transfers. *See, Global Link Liquidating Trust v. Avantel, S.A. (In re Global Link Telecom Corp.),* 327 B.R. 711 (Bankr.D.Del., 2005); *Gordon* 242 B.R. 97.

With the exception of Exhibit A, Plaintiff's Complaint in this proceeding mostly relies upon the statutory language of §§ 547 and 550. The language of the Complaint pointed to by Plaintiff is contained in paragraph 7 of Count I. It states: "Plaintiff transferred property to or for the benefit of the Defendant on or within 90 days before the Petition Date, in at least the respective amounts and on or about the dates set forth on Exhibit A annexed hereto, which is incorporated herein by reference and made a part hereof (the "Transfers")." (Complaint, at ¶ 7) Plaintiff contends that the phrase "at least" connotes Plaintiff's intention to avoid and recover all of the transfers made to Defendant during the preference period. However, it can hardly be said that such language would or should indicate to Defendant that Plaintiff's prayer was to avoid all transfers made during the preference period. This Court therefore, finds and holds, that the Complaint was not intended to recover all potentially preferential transfers within the preference period.

*IV. Conclusion*

It is evident, that the facts and circumstances of the instant proceeding are such that amendment is not proper, because as the court in *Gordon* stated, "to use the relation-back

7

doctrine to bootstrap new transactions onto viable actions is an abuse of due process which cannot be allowed, even to maximize recovery to the estate. *Gordon*, 242 B.R. at 103.

**THEREFORE, IT IS HEREBY ORDERED** that the Motion of Plaintiff, Rouge Steel Company, for Leave to File an Amended Complaint is **DENIED** in its entirety.

Dated: January 19, 2006                 BY THE COURT:
       Wilmington, DE

PAUL B. LINDSEY
UNITED STATES BANKRUPTCY JUDGE

8

A-167