IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ROUGE STEEL INDUSTRIES, INC., et al., | : | Case No. 03-13272 |
| | : | |
| ROUGE STEEL COMPANY, | : | |
| | : | |
| Appellant (Plaintiff Below), | : | |
| | : | Civ. Act. No. 1:06-cv-250 (***) |
| v. | : | |
| | : | |
| OMNISOURCE CORPORATION – FORT WAYNE BROK, | : | |
| | : | |
| Appellee (Defendant Below). | : | |

## ANSWERING BRIEF OF OMNISOURCE CORPORATION

Date:  April 13, 2007

David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE  19899-1709
Tel:  (302) 777-6500
Fax:  (302) 421-8390
E-mail:  carignanj@pepperlaw.com

Thomas P. Yoder
Anne E. Simerman
BARRETT & McNAGNY LLP
215 East Berry Street
Fort Wayne, Indiana 46802
Tel: (260) 423-9551
Fax (260) 423-8920

*Attorneys for OmniSource Corporation*

## <u>TABLE OF CONTENTS</u>

Page

I.    NATURE AND STAGE OF THE PROCEEDING ............................................................1

II.   SUMMARY OF THE ARGUMENT .........................................................................2

III.  STATEMENT OF THE FACTS ............................................................................3

IV.  ARGUMENT.................................................................................................5

    A.    Standard of Review ..............................................................................5

    B.    The Bankruptcy Court Did Not Abuse Its Discretion by Determining that the Amendment Did Not Relate Back to Rouge's Complaint, and that Any Amendment Was Futile....................................6

         1.    The Bankruptcy Court Properly Applied Rule 15(c)(2) to the Facts.................................................................................6

         2.    The Bankruptcy Court Correctly Determined that the Complaint Did Not Provide Notice of the Claim. ......................................7

              a.    Extrinsic Matters Are Insufficient To Provide Notice....................7

              b.    The Complaint Alone Was Insufficient to Provide Notice of the Omitted Transfers ......................................9

         3.    The Bankruptcy Court Appropriately Relied on Factually Similar Case Law..................................................................11

         4.    This Case Is Not Governed by Laws Addressing Clerical Mistakes........13

    C.    Equity Does Not Demand a Contrary Result in this Case ....................................14

V.   CONCLUSION AND PRECISE RELIEF SOUGHT .......................................................16

#8489875 v4

## <u>TABLE OF AUTHORITIES</u>

*Cases*                                                                                       **Page**

*Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.)*,
    179 B.R. 390 (Bankr. D. Conn. 1995) ................................................................. 13

*In re Global Link Telecom Corporation*, 327 B.R. 711 (Bankr. D. Del. 2005) ........................... 10

*Gordon v. Slaughter (In re Slaughter Co. & Associates, Inc.)*,
    242 B.R. 97 (Bankr. N.D. Ga. 1999) ................................................................. 13

*KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman)*,
    226 B.R. 627 (8th Cir. BAP 1998) ............................................................. 8, 9, 15

*Little v. United States*, 317 F. Supp. 8 (E.D. Pa. 1970) ................................................. 14

*In re Marino*, 143 B.R. 728 (9th Cir. BAP 1992), *aff'd*, 37 F.3d 1354 (9th Cir. 1994) ................. 8

*New Bedford Capacitor, Inc. v. Sexton Can Company, Inc. (In re New Bedford*
    *Capacitor, Inc.)*, 301 B.R. 375 (Bankr. D. Mass. 2003) ........................................... 13

*O'Loughlin v. National Railroad Passenger Corp.*, 928 F.2d 24 (1st Cir. 1991) ................. 6, 7, 8

*Peltz v. CTC Direct, Inc. (In re MBC Greenhouse Co.)*,
    307 B.R. 787 (Bankr. D. Del. 2004) ............................................................. 11, 12

*Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) ................................. 5

*Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990) ..................................................... 5

*Senger v. Soo Line Railroad Co.*, 493 F. Supp. 143 (D. Minn. 1980) .................................... 8, 9

*Silberman v. Bogle*, 683 F.2d 62 (3d Cir. 1982) ........................................................... 5

*Singletary v. Pennsylvania Department of Corrections*, 266 F.3d 186 (3d Cir. 2001) .............. 5, 6

*TWA Inc. v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate)*,
    305 B.R. 228 (Bankr. D. Del. 2004) ............................................................... 14

*Tessier v. United States*, 269 F.2d 305 (1st Cir.1959) ................................................... 14

*United States v. United States Gypsum Co.*, 333 U.S. 364,
    68 S. Ct. 525, 92 L. Ed. 746 (1949) ................................................................. 5

*Urrutia v. Harrisburg County Police Department*, 91 F.3d 451 (3d Cir. 1996) ........................... 5

## <u>TABLE OF AUTHORITIES (cont.)</u>

*Cases*                                                                       **Page**

*Valley Media v. Borders (In re Valley Media)*, 288 B.R. 189 (Bankr. D. Del. 2003)...................15


*Statutes*                                                                    **Page**

11 U.S.C. § 546(a) ........................................................................................................4


*Rules and Other Authorities*                                                 **Page**

6A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1497 (Rev. 2005)............11

Federal Rule of Civil Procedure 15 ................................................ 2, 3, 5, 6, 7, 8, 9, 12, 13, 14, 15

## I.    NATURE AND STAGE OF THE PROCEEDING

OmniSource Corporation ("OmniSource") submits this Answering Brief in this

Appeal, taken by Rouge Steel Company ("Rouge"), from the Memorandum And Order Denying

Motion Of Plaintiff For Leave To File An Amended Complaint (A.D.I. 35)[1] (the "Memorandum

Opinion"), entered by the United States Bankruptcy Court for the District of Delaware, Lindsey,

B.J. (the "Bankruptcy Court"), in that certain adversary proceeding captioned *Rouge Steel Co. v.*

*OmniSource Corp. – Fort Wayne Brok*, Adv. Proc. No. 05-52242 (the "Adversary Proceeding").

Rouge commenced the Adversary Proceeding on August 4, 2005 by filing its

Complaint to Avoid Preferential Transfers and to Recover Property Pursuant To 11 U.S.C. §§

547 and 550 (A.D.I. 1) (the "Complaint").  On November 4, 2005, Rouge filed its Motion for

Leave to File an Amended Complaint (A.D.I. 24) (the "Motion").  On November 14, 2005,

OmniSource filed its Memorandum of Law in Response to the Motion (A.D.I. 27).  On

November 30, 2005, Rouge filed its Reply Brief in Support of its Motion (A.D.I. 28).  On

January 19, 2006, the Bankruptcy Court entered a Memorandum Opinion denying the relief

requested in Rouge's Motion (A.D.I. 35).

On January 27, 2006, Rouge filed a Motion For Leave to File an Appeal Under

28 U.S.C. § 158(a) (A.D.I. 37), seeking leave to appeal the Bankruptcy Court's January 19, 2006

Memorandum Opinion.  Also on January 27, 2006, Rouge filed its Notice of Appeal of the

Memorandum Opinion (A.D.I. 38).  On April 19, 2006, the United States District Court for the

District of Delaware, Jordan, J., entered the Order Granting Rouge's Motion For Leave To

Appeal (A.D.I. 52).

---

[1]    Docket entries in the Adversary Proceeding pending in Bankruptcy Court will be referred to herein as
"A.D.I. ____".  Docket entries in this Appeal will be referred to herein as "D.I. ____".

This Appeal was referred to mediation, which mediation took place on December 18, 2006, and did not result in a resolution of the case. On December 20, 2006, the mediator filed a Notice of Completion of Mediation (D.I. 11). Rouge and OmniSource filed a Stipulated Briefing Schedule (D.I. 13) on January 14, 2007, which the parties agreed to amend (and extend the respective deadlines thereunder) on February 16, 2007, and March 1, 2007.

## II.    SUMMARY OF THE ARGUMENT

1.    The issue before this Court is whether the Bankruptcy Court abused its discretion in denying Rouge's Motion. To prevail, Rouge must show that the Bankruptcy Court reached a decision that no other reasonable court would make under the circumstances. It is a heavy burden that Rouge cannot carry.

2.    Rouge's Complaint in this matter sought to avoid specific transactions for specific amounts. The amendment Rouge claims the Bankruptcy Court was bound to permit expanded not only the dollar amount sought (by millions of dollars), but also the number of transactions at issue. When determining whether to grant an amendment to a pleading after the statute of limitations has run, the law focuses on the notice *provided by the original pleading*. It is well settled that where the original pleading does not provide fair notice of the claims that are the subject of the proposed amendment, the amendment should be denied. In light of those precedents, it cannot be said that the Bankruptcy Court abused its discretion.

3.    The Bankruptcy Court did not abuse its discretion in relying on factually similar cases that held relation back under Rule 15(c) is not appropriate where the operative facts set forth in the original complaint do not give notice of the claims sought to be added by amendment.

4.      Nor did the Bankruptcy Court abuse its discretion in failing to find that Rouge "attempted to set forth" the various transactions that were the subject of the proposed amendment.  The Bankruptcy Court specifically found that based on the language of the Complaint, it was not intended to recover all potentially preferential transfers.  It is not the case that *details* of the allegations in the pleading were inaccurately set forth.  Here, the actual transactions upon which Rouge says it intended to sue were wholly omitted.  Having placed nothing in the Complaint to allude to the transactions in question, there was nothing in the original Complaint an amendment could expand upon and the Bankruptcy Court did not abuse its discretion in refusing the amendment.

5.      Equitable principles do not permit the Bankruptcy Court to disregard controlling precedent and allow the correction of alleged "clerical errors" setting forth new claims.

## III.    STATEMENT OF THE FACTS

Rouge, together with its affiliated, post-confirmation debtors (collectively, the "Debtors") each filed a petition for relief under Chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), on October 23, 2003.  (A.D.I. 1, ¶ 4).  Rouge filed the Complaint, thereby commencing the Adversary Proceeding, on August 4, 2005.  (A.D.I. 1).  The Complaint sought to avoid and recover from OmniSource, pursuant to Bankruptcy Code sections 547 and 550, two allegedly preferential transfers totaling $70,240.94 (the "Original Transfers").  (A.D.I. 1, Exhibit "A").

In the Complaint, Rouge requests that the Court enter a judgment "[a]voiding each of the Transfers set forth on Exhibit A . . . [and] [a]warding the Plaintiff a judgment in an amount against the defendant equal to the aggregate value of the Transfers to defendant . . .".

#8489875 v4

(A.D.I. 1, p. 3).  Exhibit "A" to the Complaint detailed the specific transfers sought to be avoided and recovered.

The Petition Date in the Debtors' cases was October 23, 2003.  The applicable statute of limitations governing the causes of action asserted in the Complaint expired on October 23, 2005.  11 U.S.C. § 546(a).  Subsequent to the passing of the statutory deadline for amending the Complaint, Rouge filed the Motion, seeking leave to file a belated amended complaint (the "Amended Complaint") (A.D.I. 24).

The proposed Amended Complaint asserts dozens of new transfers in addition to the Original Transfers and would seek to recover from OmniSource an additional approximate $2,900,000.00 beyond what was asserted in the original Complaint.  (A.D.I. 24, Exhibit "A").

On January 19, 2006, the Bankruptcy Court entered the Memorandum Opinion denying Rouge's Motion.  (A.D.I. 35).  The Memorandum Opinion analyzes each of the arguments made in the legal memoranda Rouge filed in support of its Motion.  First, the Memorandum Opinion noted Rouge's position that approximately $2.9 million in transfers had been omitted from the original Complaint due to clerical error.  (A.D.I. 35, p. 2) ("During the course of discovery between the parties, Plaintiff discovered that the wrong exhibit had been mistakenly attached to the Complaint.").  Further, the Memorandum Opinion considered Rouge's argument that OmniSource was on notice that Rouge sought to recover approximately $3,000,000 from OmniSource.  (A.D.I. 35, p. 2) ("[T]he parties had been in contact prior to the filing of the Complaint, regarding two different sets of transfers that were allegedly made to Defendant during the preference period.").

In the Memorandum Opinion, the Bankruptcy Court determined that the applicable legal standard that Rouge was required to meet in order for the Amended Complaint

-4-

to "relate back" to a date prior to the expiration of the statute of limitations is set forth in Rule 15(c) of the Federal Rules of Civil Procedure (the "Federal Rules"), and stated "[u]nder Rule 15(c), an amendment will relate back to the original complaint when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transactions, or occurrence set forth or attempted to be set forth in the original pleading . . ."). (A.D.I. 35, p. 4). Finally, the Bankruptcy Court determined that relation back of the Amended Complaint was not proper because it would permit Rouge to "use the relation back doctrine to bootstrap new transactions onto viable actions" and denied Rouge's Motion. (A.D.I. 35, p. 5).

## IV. ARGUMENT

### A. Standard of Review

The standard of review of a lower court's decision denying leave to amend a complaint is abuse of discretion. *See, e.g.*, *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 193 (3d Cir. 2001) (citing *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 (3d Cir. 1996)). A court abuses its discretion when no reasonable person would reach the same conclusion. *See, e.g.*, *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990) (citing *Silberman v. Bogle*, 683 F.2d 62 (3d Cir. 1982)). It is not enough that a reviewing court might have reached a different result. *See, e.g.*, *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984).

To the extent the Bankruptcy Court made any factual findings regarding whether Rouge has satisfied the conditions for amendment set out in Rule 15, this Court may not reverse unless it determines the Bankruptcy Court's findings are clearly erroneous. That is, the Court must be left with the "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1949);

-5-

*see also Singletary*, 266 F.3d at 193 (citation omitted) (standard of review of factual conclusions that a district court made while considering the Rule 15 motion is clear error).

**B.     The Bankruptcy Court Did Not Abuse Its Discretion by Determining that the Amendment Did Not Relate Back to Rouge's Complaint, and that Any Amendment Was Futile.**

**1.     The Bankruptcy Court Properly Applied Rule 15(c)(2) to the Facts.**

Rouge contends the Bankruptcy Court abused its discretion because it failed to consider whether Rouge "<u>attempted to set forth</u> the excluded $3 million in transfers, as required by Rule 15(c)(2)." Appellant's Brief at 12 (emphasis in original).  Rouge specifically argued this point below.  *See* App. at A-147 ("First, the Plaintiff, by the Complaint, *attempted* to avoid the Fort Wayne Brok Transfers").  Contrary to Rouge's contention, the Memorandum Opinion addressed the argument that additional transfers, beyond those identified, were attempted to be incorporated into the Complaint.  App. at A-166 (Mem. Op. at 7).  In fact, the Bankruptcy Court found and held that, based on the language of the Complaint, the Complaint was not intended to recover all potentially preferential transfers.  The fact that the Memorandum Opinion does not use the phrase "attempted to" does not mean that the Bankruptcy Court failed to consider the argument, and, indeed, the Memorandum Opinion makes clear the Bankruptcy Court did consider Rouge's position and found it lacking in merit.

In support of its position, Rouge quotes *O'Loughlin v. National Railroad Passenger Corp.*, 928 F.2d 24, 27 n.6 (1st Cir. 1991), in which the Court noted, "[w]e think that the 'attempt' language of rule 15(c) was intended to allow corrections where the details of allegations in the pleadings are inaccurately set forth."  However, Rouge fails to recognize the difference between allegations "inaccurately set forth" and allegations wholly omitted.  If this were a case where the amounts of the transfers alleged were subject to transposition errors, so that "$1,459.26" read "$1,549.26," *O'Loughlin* might provide Rouge some relief.  In this case,

there was no mistake in the details of the allegations, but rather a failure to identify the subject

transactions in any respect. If anything, *O'Loughlin* supports the Bankruptcy Court's ruling. In

defining what constitutes an "attempt" for purposes of Rule 15(c), *O'Loughlin* recognized that

"[i]f the original complaint, as here, specifies an entirely different factual situation from the

amendment, it cannot be said even 'to attempt' to set forth the latter." *Id.* at 27.

Furthermore, a thorough reading of *O'Loughlin* reveals that the plaintiff, in

justification for his attempted amendment, provided extrinsic documents indicating an intent to

include additional allegations in his complaint. The First Circuit Court of Appeals made clear

that Rule 15(c) was not intended to "allow the question of relation back to turn solely on proof

of subjective intent in drafting pleadings." Yet by providing copies of old demand letters and

emphasizing that it really *meant* to sue for the additional transfers, Rouge is urging this Court to

do just that—find the Bankruptcy Court abused its discretion because it did not base its decision

on Rouge's subjective intent in drafting. It is clear from the Memorandum Opinion that the

Bankruptcy Court found no objective evidence of an attempt to set forth the omitted transfers in

the original Complaint. App. at A-166 (Mem. Op. at 7). Without such evidence, it was not an

abuse of discretion to determine the additional transfers did not relate back.

2.    **The Bankruptcy Court Correctly Determined that the Complaint Did Not Provide Notice of the Claim.**

a.    **Extrinsic Matters Are Insufficient To Provide Notice.**

Rouge next argues that OmniSource had actual prior notice of its intent to sue for

the additional transfers, and that such notice is sufficient to allow for the application of the

relation-back rule. Appellant's Brief at 16. The Bankruptcy Court considered this argument, but

denied relation back on the basis of notice extrinsic to the Complaint. App. at A-165 (Mem. Op.

at 6). This decision is well-supported by existing case law, such as *O'Loughlin*, where the court

-7-

required that notice be provided in the complaint itself. *O'Loughlin*, 928 F.2d at 27. *See also KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman)*, 226 B.R. 627, 631-32 (8th Cir. BAP 1998) (Bankruptcy Court did not abuse its discretion in refusing to find relation back where notice of claims was allegedly found in motion for referral, motion for extension of deadline and court cover sheet); *In re Marino*, 143 B.R. 728, 731 (9th Cir. BAP 1992), *aff'd,* 37 F.3d 1354 (9th Cir. 1994) ("Opposition to Sale" was not a pleading to which a tardily filed complaint could relate back).

   *Senger v. Soo Line Railroad Co.*, 493 F. Supp. 143 (D. Minn. 1980), also cited by Rouge, emphasized the concept of notice, but is distinguishable from the facts at hand. In *Senger*, the plaintiff attempted to amend his complaint on the morning of trial to reflect that an injury occurred on February 26, 1976, rather than on April 26, 1976[2]. *Id.* at 144. The Minnesota District Court began its analysis by recognizing the distinction between "amendments that set forth new operative facts," which are "uniformly denied," and amendments that seek "to correct specific factual details or make more specific those facts already alleged[,]" as was the situation under consideration. *Id.* at 145. Although the court did use language suggesting that records held by the defendant other than the pleadings constituted a form of notice, a more reasonable reading of the opinion is that the court viewed the change of date merely as a clarification of the details surrounding a previously alleged injury. In fact, the court specifically pointed to the fact that the amended pleading did not allege an added injury, and that the initial pleading gave "fair notice" of an injury early in 1976. *Id.* at 146. In the case at bar, nothing in the Complaint provided fair notice of the events that were sought to be added by amendment. *Senger* can and should be read to accord with other decisions that are consistent in refusing to allow relation

---

[2] The plaintiff also attempted to amend the facts establishing the cause of the injury. Because leave to amend the complaint respecting the cause of the injury had been granted by a magistrate more than a year earlier, the court allowed that amendment to take place despite the passage of time. *Senger*, 493 F. Supp. at 145-46.

#8489875 v4

back under Rule 15(c) where the amendment does not merely clarify the earlier pleading. Even if it were binding on this Court, *Senger* should not be read so broadly as to allow correspondence received months in advance of litigation to stand on the same footing as a pleading served in accordance with the Federal Rules.

      Rouge's arguments respecting its "attempt" to assert additional claims are simply mistaken. The only significance of an attempt under applicable law arises under the language of Rule 15(c), which provides for relation back when a party has "attempted" to set forth a claim or defense "<u>in the original pleading</u>." (emphasis added). Here, Rouge points to the following actions as though to suggest they constitute an "attempt" within the meaning of the Rule: (a) a demand letter sent months before suit was filed; (b) a distinction between the named defendant and the entity identified on the exhibit to the Complaint[3]; and (c) an amount shown on the docket. As stated explicitly in Rouge's Brief, it is asking the Court to look beyond the Complaint to the "surrounding circumstances"—a measure uncalled for by the plain language of Rule 15, and one that would require a defendant to draw a subjective conclusion as to its adversary's intent. *See KBHS Broadcasting Co.,* 226 B.R. at 631 ("Defendants should not have to guess which claims plaintiffs will ultimately attempt to prove."). Unless Rouge can show that no reasonable person could have concluded that the original pleadings did not incorporate an attempt to set forth the additional claims, the Bankruptcy Court's determination was not an abuse of discretion and should be upheld.

      **b.**    **The Complaint Alone Was Insufficient to Provide Notice of the Omitted Transfers.**

      Rouge next asserts that the Bankruptcy Court abused its discretion in denying its amendment to the Complaint because OmniSource was "made aware" that it intended to avoid

---

[3] Rouge has admitted the difference was the result of its error in attaching the wrong exhibit (Appellant's Brief at 17), and should hardly be deemed an intentional attempt at notice to OmniSource.

all transfers during the preference period, and that the Complaint itself was sufficient to put
OmniSource on notice that it intended to avoid all transfers that occurred during the applicable
preference period. Rouge relies in part on *In re Global Link Telecom Corporation*, 327 B.R. 711
(Bankr. D. Del. 2005). *Global* involved an initial pleading that was ambiguous because it used
the term "transfers" without making clear whether those were preferential transfers, fraudulent
transfers or both. *Id.* at 714. The plaintiff thereafter amended the complaint, including a list of
allegedly fraudulent transfers. *Id.* The Bankruptcy Court was called upon to construe the
following allegation respecting fraudulent transfers: "Prior to the Petition Date, the Debtors
made transfers to the Transferee (collectively, with the transfers listed above . . . .)". *Id.* at 717.

      Construing the ambiguity in favor of the plaintiff[4], the Bankruptcy Court found
the additional transfers alleged in the amended complaint merely "clarified" the original
pleading, which though unclear, could be read to refer to multiple sets of transfers. *Id.*
Consequently, *Global* is factually dissimilar from the present case. The Bankruptcy Court found
no ambiguity in Rouge's Complaint, and Rouge can point to no language in the Complaint
capable of being read as referring to other sets of transfers. Here, the Complaint referred only to
transfers specifically identified on the exhibit thereto, and the additional transfers found in the
Amended Complaint cannot be said to clarify, amplify or otherwise relate to the earlier pleading.

      Rouge's claim that OmniSource was aware of its intentions is unavailing.
Nothing in the Complaint references the set of transfers at issue. In the Bankruptcy Court,
Rouge asserted that it elected against filing suit to recover another set of transfers (the $70,000
of transfers actually sued upon), App. at A-141, negating any argument that a demand
necessarily results in litigation. Moreover, the fact that "OmniSource Corporation-Fort Wayne

--------------------------------------------------

[4] Procedurally, the Court was considering a Motion to Dismiss by the defendant.

-10-

Brok" was the named defendant, and the exhibit identified "OmniSource Corporation-Fort
Wayne" is meaningless, since OmniSource is but a single corporate defendant, and no defendant
should be subject to a duty to understand and verify the accuracy of a plaintiff's internal
recordkeeping[5].

      Even the treatise relied upon by Rouge cannot support its position.  *See*
Appellant's Brief at 14-15.  Professors Wright and Miller counsel that relation back should exist
when a reasonably prudent person could anticipate a subsequent modification of "the *originally
pleaded claim*" or "the conduct, transaction or occurrence *set forth in the original pleading . . .*".
6A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1497 (Rev. 2005)
(emphasis added).  Rouge consistently fails to acknowledge that the claims it attempted to add
by amendment are entirely distinct from "the originally pleaded claim" and "the conduct,
transaction or occurrence set forth in the original pleading . . .".  *Id.*  Because the added claims
are distinct, there is no legal justification for allowing relation back under Rule 15(c), and the
Bankruptcy Court did not abuse its discretion in denying the Motion.

    **3.**      **The Bankruptcy Court Appropriately Relied on Factually Similar Case Law.**

      Rouge challenges the Bankruptcy Court's comparison of the current case to *Peltz
v. CTC Direct, Inc. (In re MBC Greenhouse Co.)*, 307 B.R. 787 (Bankr. D. Del. 2004), arguing
that *MBC Greenhouse* is somehow distinguishable.  *See* Appellant's Brief at 17.  Contrary to
Rouge's claim, the two cases are factually identical in the respect that, in both cases, the
amendment sought to increase the number of allegedly preferential transfers.  *See MBC*

---

    [5] If the facts had been reversed and Rouge had identified "OmniSource Corporation-Fort Wayne" in the
caption, but had attached an exhibit identifying $3 million of transfers under the designation "OmniSource
Corporation-Fort Wayne Brok," would Rouge have accepted OmniSource's argument that the complaint only
subjected it to liability for $70,000, because Rouge had really only intended to sue for that amount?

*Greenhouse*, 307 B.R. at 788. In that case, Judge Walsh's well-reasoned opinion considered whether the amendment could relate back to the original complaint, because, as is also the case here, the plaintiff had attempted its amendment after the applicable statute of limitations had run. *Id.* at 790. The Court focused solely on the issue of whether the transactions plaintiff attempted to add by amendment satisfied Rule 15(c)'s requirement that they arose out of the "conduct, transaction, or occurrence" set out in the <u>original complaint</u>. *Id.*

   Rouge attempts to distinguish *MBC Greenhouse* on the basis that the plaintiff in that case failed to demonstrate the defendant had notice of the newly alleged transfers. Appellant's Brief at 18. Rouge contends that *MBC Greenhouse* stands for the proposition that relation back is appropriate where a defendant has notice of the claims to be added. *Id.* However, Judge Walsh's quote as cited by Rouge respecting the *MBC Greenhouse* defendant's lack of notice actually referred to the notice provided <u>by the original complaint</u>. *Id.* Indeed, that was the type of notice at issue throughout Judge Walsh's analysis. *See MBC Greenhouse*, 307 B.R. at 792-93. As was the case in *MBC Greenhouse*, the original Complaint provided OmniSource with no notice of the claims sought to be added. Because of the significant factual similarities between the two scenarios, the Bankruptcy Court was correct in applying the law of *MBC Greenhouse* to this case.

   The very crux of the case at hand is the Bankruptcy Court's determination that each allegedly preferential transfer is separate and distinct, so that transfers added by amendment, by law, do not relate back to the "conduct, transaction, or occurrence" alleged in the initial pleading. It was this determination that provided the foundation for the Bankruptcy Court's legal analysis and decision. Rouge does not contend otherwise, nor does Rouge explain how the transfers at issue relate back to any allegation in its initial Complaint. Instead, Rouge

summarily dismisses this issue as "of no moment." Appellant's Brief at 19. Rouge then

attempts to distinguish this case from those relied upon by Judge Lindsey—*New Bedford

Capacitor, Inc. v. Sexton Can Company, Inc. (In re New Bedford Capacitor, Inc.)*, 301 B.R. 375

(Bankr. D. Mass. 2003); *Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.)*,

179 B.R. 390 (Bankr. D. Conn., 1995); and *Gordon v. Slaughter (In re Slaughter Co. &

Associates, Inc.)*, 242 B.R. 97 (Bankr. N.D. Ga. 1999) —on the basis that, in those cases, the

plaintiffs did not discover the additional transfers until discovery ensued. Appellant's Brief at

18-19. Why the time at which the plaintiff becomes aware of the additional transfers should be

of significance is not explained in Rouge's brief. As Rouge repeatedly notes, relation back is

really a matter of putting the defendant on notice. Therefore, the time at which the <u>plaintiff</u>

becomes aware of the additional transfers is immaterial. Rather, the Rule is founded on the

concept of notice to the defendant. *New Bedford*, *Coan* and *Gordon* all turned on the fact that

the defendant was not put on notice of the added transfers by <u>the original complaint</u>,[6] and this

case is no different. Therefore, the Bankruptcy Court did not abuse its discretion by relying on

these cases.

### 4.    This Case is not Governed by Laws Addressing Clerical Mistakes.

Rouge's next contention is that the Bankruptcy Court should have taken into

consideration case law involving clerical errors. Appellant's Brief at 19. In support of that

contention, it cites to a case applying a "Louisiana statute that allows for corrections based on

clerical errors." *Id.* at 20. Of course, a Louisiana state statute has no application here. Rouge

also offers for consideration a case brought under the Federal Tort Claim Act, in which the

clerical error was not even an error in the complaint, but rather an error in completing the pre-

---

[6] *See New Bedford*, 301 B.R. at 380 ("Court's focus is upon fair notice based on the four corners of the original Complaint."); *Coan*, 179 B.R. at 400; *Gordon*, 242 B.R. at 102.

suit Notice of Claim. *See id.* (citing *Little v. United States*, 317 F. Supp. 8 (E.D. Pa. 1970)).

Recognizing these cases have no bearing whatsoever on a case decided under Rule 15(c), Rouge

nevertheless asserts these cases are instructive in demonstrating the "unique nature" of clerical

errors. OmniSource would assert, quite to the contrary, that clerical errors are anything but

unique, and that Rouge is merely attempting to gloss over its costly error. Nothing in Rouge's

argument addresses the applicable law that "[w]hile courts have generally allowed amendments

that *correct technical errors* to relate back where such corrections do not set up a new claim for

relief, this court has refused to allow an amendment to assert a claim which was not even

suggested in the original complaint." *O'Loughlin*, 928 F.2d at 26 (emphasis added) (citing

*Tessier v. United States*, 269 F.2d 305, 308 (1st Cir.1959)). Accordingly, the Bankruptcy Court

did not abuse its discretion by failing to find that a clerical error justified allowing an

amendment not otherwise permissible under Rule 15(c).

## C.  Equity Does Not Demand a Contrary Result in this Case.

Finally, Rouge claims it should have received the benefit of the Court's equitable

powers because its mistake was a direct result of attempting to comply with a heightened

pleading standard applicable to preference actions in this jurisdiction. *See* Appellant's Brief at

22. Rouge suggests it would have been better off attaching no exhibit, as opposed to attaching

the wrong exhibit, because the court would have allowed an amendment under that

circumstance. *Id.* at 23. Rouge's cases, however, do not support that conclusion.

In *TWA Inc. v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate)*, 305 B.R. 228

(Bankr. D. Del 2004), the court determined that the plaintiff had failed to meet the heightened

pleading standard requiring it to identify the transfers it sought to avoid with particularity, since

the complaint sought to recover the aggregate amount (approximately two million dollars) of all

the transfers. *Id.* at 233. Despite the fact that the statute of limitations had run and would have barred new claims from being raised, the court permitted the amendment because it merely clarified which transfers made up the amount already claimed in the original pleading. *Id* at 231. In this case, there was no assertion of claims in the original pleading that could possibly be clarified by amendment. Instead, there was an assertion of a set of claims that clearly did comply with the heightened pleading standard. The other cases cited by Rouge, including *Valley Media v. Borders (In re Valley Media)*, 288 B.R. 189 (Bankr. D. Del. 2003), are not instructive because they are not cases construing Rule 15(c).

Rouge argues the equities are in its favor because it attempted to comply with the heightened pleading requirement, and that such attempt caused it to fail to sue for the correct amount. This argument is nonsensical. Parties litigating in the Bankruptcy Court are expected to comply with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, applicable local rules established by both the District Court and the Bankruptcy Court, and with applicable case law. Compliance with one rule is not an excuse for failing to comply with another. Equity does not compel the Court to overlook Rouge's failure to sue for the correct transactions merely because it was simultaneously complying with another applicable rule. Because the Bankruptcy Court's decision was not plainly unreasonable under the circumstances, it did not abuse its discretion in denying Rouge's Motion.

The fact that Rouge's attempt fell short because of alleged human error is regrettable from Rouge's perspective, but nevertheless does not justify ignoring the rules of procedure and established precedent. The objective of trying a claim on its merits is always tempered by the need for the orderly adjudication of claims; this the judicial system accomplishes by means of procedural rules, such as Federal Rule 15(c). *See KBHS*

-15-

*Broadcasting Co., Inc.*, 226 B.R. at 630 (Rule 15(c) "does not contemplate depriving defendants of the protections of a statute of limitations."). The Bankruptcy Court did not abuse its discretion in finding that the amendment did not relate back, and its decision should be affirmed in all respects.

## V.    CONCLUSION AND PRECISE RELIEF SOUGHT

For the above and foregoing reasons, the Appellee, OmniSource Corporation, respectfully prays that this Court affirm the decision of the Bankruptcy Court denying Rouge's Motion, and for all other just and proper relief in the premises.

Dated:  April 13, 2007
Wilmington, DE

PEPPER HAMILTON LLP
David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE   19899-1709
(302) 777-6500

BARRETT & McNAGNY LLP
Thomas P. Yoder, Esq.
Anne E. Simerman, Esq.
215 East Berry Street
Fort Wayne, Indiana 46802
(260) 423-9551

*Attorneys for OmniSource Corporation*

-16-

## CERTIFICATE OF SERVICE

I, James C. Carignan, hereby certify that on April 13, 2007, I caused to be served the Answering Brief Of Omnisource Corporation, upon the following entity via hand delivery.

LANDIS RATH & COBB LLP
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
919 Market Street, Suite 600
Wilmington, DE 19801
(302) 467-4400

Dated: April 13, 2007
Wilmington, DE

_____
James C. Carignan (No. 4230)