## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ROUGE STEEL INDUSTRIES, INC., et al., | : | Case No. 03-13272 (MFW) |
| | : | |
| | : | |
| ROUGE STEEL COMPANY, | : | |
| | : | |
| Appellant (Plaintiff-Below), | : | |
| | : | Civ. Act. No. 1:06-cv-250(***) |
| v. | : | |
| | : | |
| OMNISOURCE CORPORATION – FORT WAYNE BROK, | : | |
| | : | |
| Appellee (Defendant-Below). | : | |

## REPLY BRIEF IN SUPPORT OF ROUGE STEEL COMPANY'S APPEAL

**LANDIS RATH & COBB LLP**
Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

Counsel to the Appellant
Rouge Steel Company

Dated: May 10, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 2

I.  **OmniSource's Answering Brief Misstates the Facts and Bases for the Opinion Underlying this Appeal** ........................................................................ 3

     A.  OmniSource Misstated the Facts in its Answering Brief ..................... 3

     B.  OmniSource Does Not Accurately Represent the Bankruptcy Court's Opinion ............................................................................................ 3

II. **OmniSource Did Not Fully State the Proper Standard of Review** ................ 4

III. **The Bankruptcy Court Abused its Discretion in Determining that the Amendment Did Not Relate Back to the Complaint** ................................................. 5

     A.  The Bankruptcy Court Improperly Applied Rule 15(c)(2) ................ 5

     B.  The Answering Brief Misses the Significance and the Extent of the Notice Provided by Rouge .......................................................................... 7

         1.  The Complaint and Surrounding Circumstances Were Sufficient Notice to Appellants of the Claims Alleged in the Amended Complaint ................................................................................ 7

         2.  The Complaint Provides Actual Notice of the Transfers to be Avoided ...................................................................................... 9

     C.  Like the Bankruptcy Court, OmniSource Incorrectly Relies on Inapposite Case Law ........................................................................................ 11

     D.  OmniSource's Dismissal of Clerical Mistake Case Law Is Unwarranted ...... 12

IV. **The Equities of the Case Demand that the Amendment Be Permitted** .................... 12

CONCLUSION ........................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Azarbal v. Medical Center of Delaware, Inc.*,
724 F. Supp. 279 (D. Del. 1989) ................................................................................ 7

*Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.)*,
179 B.R. 390 (Bankr. D. Conn., 1995) ....................................................................... 11

*Global Link Liquidating Trust v. Avantel, S.A. (Global Link Telecom Corp.)*,
327 B.R. 71 (Bankr. D. Del. 2005) ............................................................................ 9

*Gordon v. Slaughter (In re Slaughter Co. & Associates, Inc.)*,
242 B.R. 97 (Bankr. N.D. Ga. 1999) .......................................................................... 11

*Huber Oil of Louisiana, Inc. v. State of Louisiana (In re Huber Oil of Louisiana)*,
311 B.R. 440 (Bankr. W.D. LA) ................................................................................ 12

*IDHG Litigation Trust v. Westaff (USA), Inc. (In re Imperial Home Decor Group, Inc.)*,
2005 Bankr. LEXIS 264 (Bankr. D. Del. Feb. 24, 2005) ............................................ 13

*In re Marino*,
143 B.R. 728 (9th Cir. BAP 1992), *aff'd*, 37 F.3d 1354 (9th Cir. 1994) ........................ 9

*Int'l Union v. Mack Trucks, Inc.*,
820 F.2d 91 (3d Cir. 1987) ........................................................................................ 4

*KBHS Broadcasting Co. Inc. v. Sanders (In re Bozeman)*,
226 B.R. 627 (8th Cir. BAP 1998) ............................................................................ 8, 9

*Little v. United States*,
317 F. Supp. 8 (E.D. Pa. 1970) .................................................................................. 12

*New Bedford Capacitor, Inc. v. Sexton Can Company, Inc. (In re New Bedford Capacitor, Inc.)*,
301 B.R. 375 (Bankr. D. Mass. 2003) ....................................................................... 11

*O'Loughlin v. National Railroad Passenger Corp.*,
928 F.2d 24 (1st Cir. 1991) ....................................................................................... 6, 8

*Pardo v. Gonzaba (In re APF Co.)*,
308 B.R. 183 (Bankr. D. Del. 2004) .......................................................................... 13

*Peltz v. CTC Direct, Inc. (In re MBC Greenhouse Co.)*,
307 B.R. 787 (Bankr. D. Del. 2004) .......................................................................... 11

*Posman v. Bankers Trust Co., (In re Lomas Financial Corp.)*,
1999 WL 33742299 (Bankr. D. Del. July 28, 1999)....................................................... 13

*Rode v. Dellarciprete*,
892 F.2d 1177 (3d Cir. 1990)........................................................................................... 4

*Silberman v. Bogle*,
683 F.2d 62 (3d Cir. 1982)............................................................................................... 4

*TWA Inc. v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate)*,
305 B.R. 228 (Bankr. D. Del. 2004) .............................................................................. 13

*United States v. Gypsum Co.*,
333 U.S. 364 (1949).......................................................................................................... 5

*Universal Minerals, Inc. v. C.A. Hughes & Co.*,
669 F.2d 98 (3d Cir. 1981).............................................................................................. 5

*Valley Media v. Borders (In re Valley Media)*,
288 B.R. 189 (Bankr. D. Del. 2003) ............................................................................. 13

**Treatises**

Wright & Miller, 6A FEDERAL PRACTICE & PROCEDURE § 1497 (Rev. 2005)............................... 9

## INTRODUCTION

A clerical error occurred in the filing of Rouge Steel Company's Complaint.[1] The wrong exhibit was attached to the Complaint. OmniSource cannot deny that it knew precisely the transactions at issue with the defendant named in the Complaint. Nor can OmniSource reasonably deny that it knew the error occurred and nowhere denies that it had such knowledge. Rouge sought to correct its error by promptly amending the Complaint to substitute the correct exhibit. Both visiting Judge Lindsey[2] in his Opinion denying Rouge its right to amend and OmniSource in its Answering Brief have misunderstood and misconstrued the nature of the error causing the misapplication of inapposite case law. It is this fundamental misunderstanding that lead to both the mistakes of fact and misapplication of law that make the Opinion an abuse of discretion.

OmniSource's entire Answering Brief hinges on the contention that Rouge's proposed amended complaint "asserts dozens of new transfers in addition to the [o]riginal [t]ransfers." Ans. Br. at 4. OmniSource's arguments throughout its Answering Brief depend on this misapprehension and without it are unsupportable.

It is precisely the unique factual situation presented in this matter that makes the arguments in both the Opinion and the Answering Brief inapplicable. None of the cases cited in the Opinion or the Answering Brief involved a factual scenario similar to that presented in this matter.

The fact that Rouge attached to the Complaint an Exhibit unrelated to the Complaint is the sine qua non of Rouge's primary argument. Thus, it was an abuse of discretion for the

---

[1] All capitalized terms will have the same definitions as provided in the Opening Brief in Support of Rouge Steel Company's Appeal.

[2] Judge Lindsey is no longer assigned to the United States Bankruptcy Court for the District of Delaware as a visiting judge.

Bankruptcy Court not to consider this uncontroverted fact and then fail to apply the relevant standard. The threshold issue remains whether Rouge <u>attempted</u> to set forth $3 million in transfers, all of which had been previously disclosed to Brok in great detail, but because of a clerical mistake did not do so.

## ARGUMENT

In its Opening Brief on appeal, Rouge defined the three areas in which abuses of discretion were evident in the Bankruptcy Court's order denying Rouge its right to file an amended complaint. These three areas are:

- the Bankruptcy Court should have analyzed Rouge's clerical mistake in light of Rouge's <u>attempt</u> to state a claim for preferential transfers totaling approximately $3 million as sufficient notice for the amendment to relate back

- the Bankruptcy Court should have allowed the amendment because the "at least" language in the Complaint, construed under the applicable liberal pleading requirements, put Brok on notice that an attempt to recover other transfers was likely

- the Bankruptcy Court should have considered the equities of the case: that Rouge's error resulted in a complaint that failed to meet the heightened pleading standards for preference complaints and like those complaints that failed to meet the heightened pleading standards, Rouge should have been given leave to amend so that the case could be tried on its merits.

In reaching its conclusion, the Bankruptcy Court ignored key facts, did not apply relevant law, and misapplied inapposite case law. OmniSource's response follows the Bankruptcy Court's misguided decision and, specifically, analyzes the situation under Rule 15(c)(2) as if Rouge attempted to <u>add</u> claims.

I.    **OmniSource's Answering Brief Misstates the Facts and Bases for the Opinion Underlying this Appeal**

A.    **OmniSource Misstated the Facts in its Answering Brief**

OmniSource does not correctly set forth the facts in its Answering Brief. The proposed Amended Complaint did not "assert[] dozens of new transfers in addition to the [o]riginal [t]ransfers." Ans. Br. at 4. Similarly, Rouge does not "seek to recover from OmniSource an additional approximate $2,900,000.00 beyond what was asserted in the original Complaint." *Id.* Rather, Rouge, as it has made abundantly clear, moved to replace the exhibit attached to the Complaint because it was entirely the wrong one, as must have been obvious to OmniSource. The original exhibit was unrelated to Rouge's claims against Brok. The Answering Brief is replete with instances where OmniSource tries to portray the situation as Rouge attempting to supplement the Complaint after the limitations period. This is not the case.

It is also telling that OmniSource never acknowledges the fact that Rouge committed a clerical mistake. In the Answering Brief, OmniSource refers to the mistake more than once as "alleged." *See* Ans. Br. at 3, 15. OmniSource refuses to recognize Rouge's central point and therefore cannot correctly analyze or refute Rouge's position. To be sure, Rouge made a clerical mistake, and this mistake is the crux of the motion to amend and this appeal.

B.    **OmniSource Does Not Accurately Represent the Bankruptcy Court's Opinion**

In addition to misstating the facts, OmniSource incorrectly characterizes the Bankruptcy Court's Opinion. OmniSource states that the "Memorandum Opinion analyzes each of the arguments made in the legal memoranda Rouge filed in support of its Motion." Ans. Br. at 4. The statement is wrong. OmniSource incorrectly relies upon the lower court's recitation of the background to the motion. *See id.* The inclusion by the Bankruptcy Court of facts in its Opinion

3

does not de facto mean that those facts were properly analyzed or appropriately applied by the Bankruptcy Court. After summarizing each of the parties' positions, the Bankruptcy Court proceeded to disregard the facts as they actually were presented and categorize them as if they were similar to cases in which parties were seeking to add newly discovered claims to an existing preference complaint under Rule 15(c)(2). Op. at 4-6, A-163-165.[3] However, motions filed under Rule 15(c)(2) do not routinely hinge on clerical errors. The typical issues concern the late discovery of transfers related to the same defendant. Both the Bankruptcy Court and OmniSource seek to force the square peg in the round hole.

## II.    **OmniSource Did Not Fully State the Proper Standard of Review**

Abuse of discretion can be found by the appellate court under a variety of circumstances. "An abuse of discretion exists," for example, "where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987) (citation omitted). While OmniSource attempted to create a more limited review citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990) and *Silberman v. Bogle*, 683 F.2d 62, 65 (3d Cir. 1982), and stating that "a court abuses its discretion when no reasonable person would reach the same conclusion," Ans. Br. at 5, the actual passage by the *Rode* court is not as restrictive: "we can find an abuse of discretion if no reasonable man would adopt the district court's view." *Rode*, 892 F.2d at 1182. Moreover, the court in *Silberman* added that abuse of discretion is warranted if the lower court applied improper standards or procedures. *See Silberman*, 683 F.2d at 65.

The standard of review for factual conclusions is "clearly erroneous"; however, reviewing courts "must exercise a plenary review of the trial court's choice of interpretation of

---

[3] The Memorandum and Order Denying Motion of Plaintiff for Leave to File an Amended Complaint issued on January 19, 2006 by the Bankruptcy Court is cited as "Op." The Opening Brief in Support of Rouge Steel Company's Appeal is cited as "Op. Br."

legal precepts and its application of those precepts to the historical facts." *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 103 (3d Cir. 1981) (citing *United States v. Gypsum Co.*, 333 U.S. 364 (1949) (cited by OmniSource, but holding that the lower court in fact abused its discretion)).

Here, the Bankruptcy Court recognized, "[d]uring the course of discovery between the parties, Plaintiff discovered that the wrong exhibit had been mistakenly attached to the Complaint." Op. at 2. Rouge accepts this finding. The Bankruptcy Court's failure to apply the appropriate law to that fact is at issue and those applications of law are addressed under the abuse of discretion standard and not the clearly erroneous standard.

### III.  The Bankruptcy Court Abused its Discretion in Determining that the Amendment Did Not Relate Back to the Complaint

#### A.    The Bankruptcy Court Improperly Applied Rule 15(c)(2)

In the Opinion, Judge Lindsey held that Rouge's motion "to amend its Complaint to add a completely different set of alleged transfers totaling approximately $3,000,000.00... after the statute of limitations" is futile because "in order for Plaintiff to add the new transfers not contained in the Complaint... those transfers must have arisen out of the same conduct, transactions, or occurrence set forth in the Original Complaint." Op. at 4, A-163. (emphasis added). Judge Lindsey abused his discretion in failing to consider whether Rouge attempted to set forth the excluded $3 million in transfers, as required by Rule 15(c)(2).

OmniSource recognized in its Answering Brief that Rouge's main point is and has been that the Bankruptcy Court erred by not using the applicable standard under which Rouge moved in the Motion to Amend, that is, the Bankruptcy Court did not consider whether Rouge "attempted to set forth" its claims against Brok and failed only due to its mistake. OmniSource's only counter-argument is: "The fact that the memorandum Opinion does not use the phrase

'attempted to' does not mean that the Bankruptcy Court failed to consider the argument, and, indeed, the memorandum Opinion makes clear that the Bankruptcy Court did consider Rouge's position and found it lacking in merit." Ans. Br. at 6. To the contrary, there is no analysis in the Opinion of Rouge's position on "attempt." The Answering Brief fails to cite to any language that indicates the Opinion and the Bankruptcy Court did give that argument the attention it merits. Indeed, the fact that the Opinion does not use the full language of Rule 15(c)(2) in its "Discussion" section makes clear that the "attempted to" element was not considered in the analysis.

Rouge cited numerous cases in support of its argument that the purpose of Rule 15(c) is to rectify cases such as this were a clerical mistake resulting in a technical deficiency could prevent an otherwise valid claim from being heard on its merits. Op. Br. at 12-13. OmniSource, in responding to this argument, focuses solely on Rouge's citation of *O'Loughlin v. National Railroad Passenger Corp.*, 928 F.2d 24, 27 n.6 (1st Cir. 1991). Contrary to OmniSource's view, Rouge does not rely on *O'Loughlin* as a factually similar precedent. Rouge relies on *O'Loughlin* as a case in which the court properly considered whether a plaintiff <u>attempted</u> to set forth the claim asserted in the amended complaint. The plaintiff in *O'Loughlin* failed to meet this standard because his amended complaint asserted injuries arising from a different accident than the one alleged in the complaint. *See id.* at 27. Moreover, in *O'Loughlin* the mistake was only "alleged," and could not be proven without extrinsic evidence that indicated the plaintiff's subjective intent. Indeed, the court was reluctant to adopt the plaintiff's theory, pointing out that plaintiff's account "does not fully explain" the mistake. *Id.* at 26.

In the case <u>sub judice</u>, Rouge attempted to assert claims against Brok, but attached an exhibit completely unrelated to the allegations of the Complaint. The objective intent of the

Complaint was to assert claims against Brok. Through its mistake Rouge failed to completely allege those transfers, because it attached a description of transfers made to another payee. Unlike, *O'Loughlin*, Rouge's objective intent was to assert claims against Brok for transfers made to Brok in the ninety days prior to the Petition Date; however, its clerical error meant that it only <u>attempted to</u> and did not succeed in asserting those claims.

**B.    The Answering Brief Misses the Significance and the Extent of the Notice Provided by Rouge**

**1.    The Complaint and Surrounding Circumstances Were Sufficient Notice to Appellants of the Claims Alleged in the Amended Complaint**

As set forth in the Opening Brief, courts consider not just the pleadings, but the surrounding circumstances and facts known to all parties when determining the sufficiency of notice. Op. Br. at 14-15. While different courts take different positions on the issue, this Court has also expressed a willingness to consider matters outside the pleadings in determining the sufficiency of notice pursuant to Rule 15(c). "[T]his court sees no difficulty with looking outside the original complaint to find additional evidence of an opposing party's notice of a claim." *Azarbal v. Medical Center of Delaware, Inc.*, 724 F. Supp. 279, 283 n.9 (D. Del. 1989) (citing 6 C. Wright & A. Miller *Federal Practice and Procedure* § 1497, at 499 (1971) ("it is unwise to place too much emphasis on the particular way in which notice is received.")). OmniSource has cited no case law from this Court or this circuit that contradicts that statement.

OmniSource has responded to Rouge's arguments regarding notice by again relying improperly on *O'Loughlin*, a First Circuit case. *O'Loughlin* explicitly states: "Of course, the complaint may be supplemented by basic extrinsic facts known to the parties. A [train] passenger plaintiff might establish, for example that the defendant had received adequate notice

7

of a particular accident merely from allegations of a train wreck in the complaint. But this is not such a situation." 928 F.2d at 27.

This was, however, the situation in the Complaint. Rouge attempted to sue Brok for particular transfers, of which OmniSource had had explicit notice for almost one year. Brok was the defendant named in the Complaint. The Complaint specifically alleged "Plaintiff [Rouge] transferred property to or for the benefit of the Defendant [Brok] on or within the ninety days before the Petition Date" and sought to recover that property. Complaint ¶7 at A-87. Through facts known to, and documents admittedly received by, OmniSource, Rouge supplements the notice of the body of the Complaint to show: (i) objective proof that a mistake was made in attaching transfers not related to the named defendant, and (ii) that the transfers attempted to be set forth were known to OmniSource. Thus, OmniSource "had received adequate notice of [] particular [transfers] merely from allegations of [transfers] in the complaint." 928 F.2d at 27. Thus, the hypothetical stated by, but not applicable in, *O'Loughlin* applies here. Nonetheless, the Bankruptcy Court did not need to look beyond the confines of the Complaint to understand that the exhibit attached related to a different entity, one not named in the caption and one not mentioned in the body of the Complaint. Such a mistake may and should be corrected under Rule 15(c).

OmniSource also string-cites to two other distinguishable cases for the incorrect proposition that extrinsic evidence cannot be used to establish notice for relation-back purposes. In *KBHS Broadcasting Co. Inc. v. Sanders (In re Bozeman)*, 226 B.R. 627, 631 (8th Cir. BAP 1998), the appellate panel noted that "case law does not establish a bright line test defining when sufficient notice exists to allow relation back." The panel then applied the specific facts of the case in issuing the limited holding that the amendments "greatly expand the scope" and for the

"first time" new issues were raised. *Id.* In *KBHS*, unlike in the case sub judice, mistake was not an issue and there was no indication that the defendant had notice. In *KBHS*, new causes of action and new theories of recovery were alleged against the same unassuming defendant after the limitations period. It is on these facts that relation-back was denied, not facts similar to those at issue here. Likewise, the holding in *In re Marino,* 143 B.R. 728 (9th Cir. BAP 1992), *aff'd,* 37 F.3d 1354 (9th Cir. 1994) has no application to the situation here. There, the court held that the amendment cannot relate back to a non-pleading. Rouge does not argue that the amendment should relate back to a non-pleading, but rather to the Complaint itself.

## 2. The Complaint Provides Actual Notice of the Transfers to be Avoided

Further, the Complaint itself was sufficient to put OmniSource on notice of the omitted transfers. Contrary to OmniSource's assertion that "Rouge can point to no language in the Complaint capable of being read as referring to other sets of transfers," Ans. Br. at 10, Rouge explicitly argues, supported by case law, that the "at least" language in the Complaint refers to any transfers made to Brok. Op. Br. at 16-17. Brok was on notice that all transfers made to it within 90 days of the Petition Date were capable of being avoided. OmniSource along with the Bankruptcy Court concluded that "the Complaint was not intended to recover all potentially preferential transfers," Op. at 7, A-166, without comparing the facts of Rouge's cited case, *Global Link Liquidating Trust v. Avantel, S.A. (Global Link Telecom Corp.)*, 327 B.R. 71 (Bankr. D. Del. 2005). The Complaint sought to recover the transfers made to Brok in the ninety days prior to the Petition Date, yet failed to list any transfers made to Brok. This mistake was notice that the "originally pleaded claim might be altered." Wright & Miller, 6A FEDERAL PRACTICE & PROCEDURE § 1497 (Rev. 2005). It was an abuse of discretion for Judge Lindsey to hold that it

was not Rouge's intention to avoid all transfers made to Brok within the Preference Period. *See* Op. at 7, A-166.

OmniSource attempts to argue that the distinction between Brok and Fort Wayne "is meaningless since OmniSource is but a single corporate defendant, and no defendant should be subject to a duty to understand and verify the accuracy of a plaintiff's internal recordkeeping." Ans. Br. 11. Although that may be true in some circumstances, it is not as to those presented here. OmniSource specifically requested that Rouge maintain separate files and accounts for Brok and Fort Wayne. A-159. OmniSource received payments for at least a year prior to the Petition Date addressed to two different payees. A-159. OmniSource received two different demand letters, one for each account maintained by Rouge at OmniSource's request. A-1-2, A-8-9. In the supporting documentation following those demand letters, OmniSource received notice of which vendor number and which transfers were attributable to each payee, along with copies of the checks naming the two different payees. A-16-85.    Thus, for all intents and purposes, at OmniSource's request, Brok and Fort Wayne were treated as different entities.[4]

---

[4] OmniSource has posited that if Rouge had named Fort Wayne, but attached Brok's transfers, Rouge would not accept the argument that the Complaint only intended to recover the $70,000 in transfers made to Fort Wayne. Ans. Br. at 11, n.5.  However, OmniSource's hypothetical leaves out several important factors that can lead to an understanding of the nature of the error made and the notice provided by the Complaint.  If the demand in the adversary was for $70,000 as opposed to the $3 million demand sought here, then that would indicate the improper transfers had been attached.  If Rouge sought to amend the hypothetical complaint because it had attached the wrong exhibit that would also indicate that the error was in the allegations and not the name.  However, if Rouge had demanded $3 million and named Fort Wayne while attaching Brok's transfers that would indicate that Rouge's error was in the name.  Under 15(c)(3) if Rouge had named the wrong party, but attached the right transfers then Rouge would most certainly have been allowed to amend to name the right party.  Under (c)(3), a party may amend provided the claims relate back and the party to be named was on notice of the claims against it.  The hypothetical complaint would provide notice of the claims and as Brok and Fort Wayne shared an attorney and corporate officers, Brok would have been on notice of the claims improperly asserted against Fort Wayne.  Since amendment would be allowed in that scenario, how can the same facts, but the opposite mistake, naming the right party but the wrong transfers, lead to a different legal conclusion?

**C.     Like the Bankruptcy Court, OmniSource Incorrectly Relies on Inapposite Case Law**

OmniSource states that "Rouge attempts to distinguish *MBC Greenhouse* on the basis that the plaintiff in that case failed to demonstrate the defendant had notice of the newly alleged transfers." Ans. Br. at 12.  OmniSource fails to recognize that notice in and of itself is not the basis for the distinction.  The primary reason *Peltz v. CTC Direct, Inc. (In re MBC Greenhouse Co.)*, 307 B.R. 787 (Bankr. D. Del. 2004), as well as *New Bedford Capacitor, Inc. v. Sexton Can Company, Inc. (In re New Bedford Capacitor, Inc.)*, 301 B.R. 375 (Bankr. D. Mass. 2003), *Coan v. O & G Industries, Inc. (In re Austin Driveway Services, Inc.)*, 179 B.R. 390 (Bankr. D. Conn., 1995), and *Gordon v. Slaughter (In re Slaughter Co. & Associates, Inc.)*, 242 B.R. 97 (Bankr. N.D. Ga. 1999), do not apply here is because they do not concern clerical mistakes and they do not concern the "attempt to" language of Rule 15(c)(2).  Those cases almost exclusively involved the attempted addition of claims to viable preference actions.  In this case, Rouge has asserted claims against a payee and then, by attaching the wrong exhibit, did not provide specific information about any transfers made to that payee.  As set forth in the Opening Brief, each case is factually distinguishable.  Op. Br. at 17-19.

OmniSource highlights its error and the Bankruptcy Court's error by summarizing: "[t]he very crux of the case at hand is the Bankruptcy Court's determination that each allegedly preferential transfer is separate and distinct, so that transfers added by amendment, by law, do not relate to the 'conduct, transaction, or occurrence' alleged in the initial pleading.  It was this determination that provided the foundation for the Bankruptcy Court's legal analysis and decision." Ans. Br. at 12.  The fundamental flaw in this argument is the Bankruptcy Court's and OmniSource's failure to deal with the correct underlying issue.  The underlying issue is <u>not</u> whether Rouge could <u>add</u> transfers.  Rouge's amendment seeks to correct its clerical error by

providing the correct information supporting the claim alleged. Therefore, the cases relied on by the Bankruptcy Court are inapposite and the Bankruptcy Court's reliance thereon was an abuse of discretion.

### D.     OmniSource's Dismissal of Clerical Mistake Case Law Is Unwarranted

OmniSource has alleged that this case "is not governed by laws addressing clerical mistakes." Ans. Br. at 13. Rouge has not asserted that the case law cited on the issue of clerical error addressed Rule 15(c)(2). Op. Br. at 21. However, the uncontroverted fact is that Rouge committed a clerical mistake, therefore cases analyzing clerical mistakes provide relevant principles to apply to a clerical error made in a different context. Rouge is not attempting to "gloss over its costly error." Ans. Br. at 14. Rather, Rouge asserts that the error is the reason why relation back should have been permitted. As such, *Huber Oil of Louisiana, Inc. v. State of Louisiana (In re Huber Oil of Louisiana)*, 311 B.R. 440 (Bankr. W.D. LA 2004) and *Little v. United States*, 317 F. Supp. 8 (E.D. Pa. 1970) provide relevant analysis.

The entire record, including the pleadings and the correspondence between the parties, evidences Rouge's intention to sue Brok for approximately $3 million in transfers. But for the clerical error, there is no rational explanation for the attachment to the Brok Complaint of $70,000 in transfers to Fort Wayne. Moreover, as in *Little,* the defendant was on notice of the true demand, has never denied that it was aware of the mistake, and should not be "the unintended beneficiary of a patent clerical error." *Little*, 317 F. Supp. at 9.

## IV.     The Equities of the Case Demand that the Amendment Be Permitted

The error made in this case is analogous to a case in which the plaintiff has failed to meet the heightened pleading standard required for preference claims. Rouge attempted to set forth a claim to avoid the transfers made to Brok in the ninety days prior to the Petition Date. However,

in filing its Complaint, through the attachment of the wrong exhibit, Rouge did not allege the details of any transfer that was actually made to Brok.

OmniSource's attempt to distinguish *TWA* is faulty because while the amount of the transfers was not alleged in the Complaint, the Complaint sought to recover the transfers made in the ninety days prior to the Petition Date to Brok. Both the defendant in *TWA* and Brok had notice of the claims that would be asserted against them because they had received a demand letter setting forth those claims prior to the filing of the complaint. *See, TWA Inc. v. Marsh USA Inc. (In re TWA Inc. Post Confirmation Estate)*, 305 B.R. 228, 234 (Bankr. D. Del. 2004). In *TWA* the defendant challenged the ability of such an amendment to relate back because the statute of limitations period had expired, and the *TWA* court responded that "I find no merit to Defendants' argument. Defendants have already been put on notice of the essential issues involved and they are surely fully informed regarding their business dealings with TWA." *Id.* at 233.

Further, while OmniSource dismisses completely *Valley Media v. Borders (In re: Valley Media)*, 288 B.R. 189, 192-93 (Bankr. D. Del. 2003); *Posman v. Bankers Trust Co., (In re Lomas Financial Corp.)*, 1999 WL 33742299, at *3 (Bankr. D. Del. July 28, 1999); *IDHG Litigation Trust v. Westaff (USA), Inc. (In re Imperial Home Decor Group, Inc.)*, 2005 Bankr. LEXIS 264, at *2 (Bankr. D. Del. Feb. 24, 2005); *Pardo v. Gonzaba (In re APF Co.)*, 308 B.R. 183, 189 (Bankr. D. Del. 2004) because those cases were decided under Rule 15(a), that distinction is specious. The facts presented in those cases are analogous to the facts presented here. In those cases the plaintiff attempted to assert a claim against a named defendant, but failed to provide sufficient details of those claims. In fact, in *Pardo*, the complaint solely contained the statutory language of §547 of the Bankruptcy Code.

In all of the cases cited above, the plaintiff was given leave to amend its complaint. Based on those decisions and the nature of Rouge's error it was an abuse of discretion to not grant Rouge leave to amend.

## CONCLUSION

OmniSource has attempted to support the Bankruptcy Court's misapplication of the law to the facts in this case, but has shown no rational reason why that decision should be upheld. The Bankruptcy Court abused its discretion in denying Rouge leave to amend its Complaint and that decision should be reversed.

Date:  May 10, 2007

**LANDIS RATH & COBB LLP**

Daniel B. Rath (No. 3022)
Rebecca L. Butcher (No. 3816)
James S. Green Jr. (No. 4406)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone:  (302) 467-4400
Facsimile:  (302) 467-4450

Counsel to the Appellant
Rouge Steel Company

## CERTIFICATE OF SERVICE

I, Rebecca L. Butcher, hereby certify that on this 10th day of May, 2007, I caused a true and correct copy of the *Reply Brief in Support of Rouge Steel Company's Appeal* to be served on the following parties in the manner as indicated:

*Via Hand Delivery*
David M. Fournier, Esquire
James C. Carignan, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 5100
1313 Market Street
Wilmington, DE 19801

*Via Federal Express*
Thomas P. Yoder, Esquire
Anne E. Simerman, Esquire
Barrett & McNagny LLP
215 East Berry Street
P.O. Box 2263
Fort Wayne, IN  46801-2263

Rebecca L. Butcher (No. 3816)