IN THE UNITED STATES COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) ) ROUGE INDUSTRIES, INC., et al., ) ) ) Debtor. ) ) ) ROUGE STEEL COMPANY, ) ) Appellants, ) ) v. ) ) OMNISOURCE CORPORATION-FORT- ) WAYNE BROK, ) ) Appellee. ) | Adv. Pro. No. 05-52242 (PBL) Civil Action No. 06-250 (GMS) |

## ORDER

1. On August 4, 2005, Rouge Steel Industries, Inc. et al., ("Rouge") initiated an adversary proceeding against Omnisource Corporation - Fort-Wayne Brok ("Brok"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), seeking to avoid and recover two alleged preferential transfers, in the amount of approximately $70,000.00, pursuant to sections 547 and 550 of the Bankruptcy Code. During the course of discovery, Rouge discovered that it incorrectly attached the $70,000.00 set of transfers made to OmniSource Corporation - Fort-Wayne ("Fort-Wayne") instead of the intended $3,000,000.00 set of transfers made to Brok. On November 4, 2005, Rouge filed a motion to amend its complaint to attach the Brok transfers instead of the Fort-Wayne transfers. On

       January 19, 2006, the Bankruptcy Court denied Rouge's motion. Rouge filed this timely appeal from the Bankruptcy Court's Order on February 21, 2006.

2.    The facts of this action are set forth in the Bankruptcy Court's Memorandum and Order denying Rouge's motion for leave to file and amended complaint. (*See* D.I. 17-5, at A160-A167.)

3.    The court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a) (2004). In reviewing a case on appeal, the Bankruptcy Court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991), *cert. denied*, 503 U.S. 937, (1992). Conversely, a Bankruptcy Court's conclusions of law are subject to plenary review. *See id.* Mixed questions of law and fact are subject to a "mixed standard of review." *See id.* at 641-42. Under this "mixed standard of review," the appellate court accepts findings of "historical or narrative facts unless clearly erroneous, but exercise[s] plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to historical facts." *Id.*

4.    After reviewing the Bankruptcy Court's decision, the court finds that the Bankruptcy Court, in accordance with Federal Rule of Civil Procedure 15 (a), properly denied Rouge's motion for leave to amend its complaint to add a different set of alleged transfers. Fed. R. Civ. P. 15 (a). In *Foman v. Davis*, the Supreme Court held that "the grant or denial of an opportunity to amend is within the discretion of the District Court." 371 U.S. 178, 182 (1962). The *Foman* court also articulated that leave should not be given in instances such as: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

by virtue of allowance of the amendment, [or] futility of the amendment . . . ." *Id*. Futility of an amendment is demonstrated when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. *See In re Quality Botanical Ingredients, Inc.,* 249 B.R. 619, 629 (Bankr. D.N.J. 2000). Thus a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss. *Id.* As the Bankruptcy Court record indicates, it would be futile to permit Rouge to amend its complaint, because the relief sought in the proposed amended complaint is barred by the applicable two year statute of limitations under 11 U.S.C. § 546 (a), and because the proposed transfers do not relate back to the original complaint. (See D.I. 17-5, at A166-A167); Fed. R. Civ. P. 15 (c) (a claim relates back to the original complaint when it "arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading").

Therefore, IT IS HEREBY ORDERED that the January 19, 2006 Order of the Bankruptcy Court is AFFIRMED.

Dated: July 31, 2008                     /s/ Gregory M. Sleet
                                        UNITED STATES DISTRICT JUDGE